KENNETH N. RUSSAK #107283
DAVID L. STANTON #208079
AVISHA A. PATEL #217649
avisha.patel@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

FILED
NOV 1 3 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CERY B. PERLE,<br><br>        Debtor. | No. LA 01-26497 BB<br><br>Adv. 06-01971 BB<br><br>CHAPTER 7<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE ANY CLAIM, IMPROPER PROCESS, AND IMPROPER SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ALFONSO FIERO, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor FIERO BROTHERS, INC., Assignor, pursuant to the Assignment dated March 1, 2006,<br><br>        Plaintiff,<br><br>vs.<br><br>CERY B. PERLE,<br><br>        Defendant. | [REQUEST FOR JUDICIAL NOTICE AND [PROPOSED] ORDER ON MOTION FILED CONCURRENTLY]<br><br>Date:   Dec. 19, 2006<br>Time:   2:00pm<br>Dept:   1682<br>Judge:  Hon. Sheri Bluebond<br><br>Fed. R. Civ. P. §§ 12(b)(4), 12(b)(5), and 12(b)(6) |

**TO THE HONORABLE JUDGE BLUEBOND, PLAINTIFF, AND ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 19, 2006, at 2:00 pm, in Department 1682 of the above entitled Court, located at 255 East Temple Street, Los Angeles, California, Defendant Cery B. Perle ("Defendant" or "Mr. Perle") will, and hereby does, move this Court, pursuant to Federal Rules of Civil Procedure ("FRCP") 12 (b)(4), 12(b)(5), and 12(b)(6), and Federal Rule of Bankruptcy Procedure ("FRBP") 7004, for an order dismissing Plaintiff's Complaint To Reopen Bankruptcy of Debtor Cery Perle To Determine Dischargeability of Complaint Based on Fraud, Defalcation by Fiduciary, and Where Creditor Was Omitted from Schedules ("Complaint") for failure to state any nondischargeable claim, insufficient process, and insufficient service of process; or in the alternative, to quash service of process brought by Plaintiff Alfonso Fiero.

The grounds for this motion are that Plaintiff fails to state any claim, and indeed cannot state any claim based on the underlying facts and allegations, that is nondischargeable under either sections 523(a)(2) or 523(a)(4) of the United States Bankruptcy Code, that such claims have already been discharged by virtue of Plaintiff's failure to seek nondischargeability within the prescribed time, and that the process served on Defendant fails to comply with the requirements of FRBP 7004(e) -- that a summons be served within ten days of its issuance.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Request for Judicial Notice filed herewith, the pleadings and records on file herein, and on such further evidence and arguments as may be presented at or before the hearing. Defendant presents this motion without waiving proper service in this action.

//
//
//
//
//
//
//

1 Dated: November 13, 2006.

2  PILLSBURY WINTHROP SHAW PITTMAN LLP
   KENNETH N. RUSSAK
3  DAVID L. STANTON
   AVISHA A. PATEL
4  725 South Figueroa Street, Suite 2800
   Los Angeles, CA 90017-5406
5
   By _____
6           Avisha A. Patel
        Attorneys for Defendant
7           CERY B. PERLE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff Alfonso Fiero purports in the Complaint to be the assignee of a nondischargeable judgment obtained by Fiero Brothers, Inc. ("Fiero Bros.") against Defendant and discharged debtor Cery B. Perle to enforce an arbitration award. [Complaint[1], p. 1.] As set forth below, however, Plaintiff's service of the Complaint was defective, the judgment was discharged in Plaintiff's Chapter 7 bankruptcy, and there is no legal basis for Plaintiff's claims of nondischargeability under Section 523(a) of the Bankruptcy Code.

### A. Service of Plaintiff's Complaint.

The Summons and Notice of Status Conference ("Summons") was issued by this Court on October 12, 2006. [Complaint, attached Summons.] The proof of service attached to Plaintiff's Complaint indicates that it was mailed by Plaintiff's attorney to Defendant's counsel on October 25, 2006. [Complaint, attached Proof of Service.] As set forth below, this was outside the 10-day period allowed for service of the Complaint under the Federal Rules of Bankruptcy Procedure.

### B. Plaintiff's Claims.

In his Complaint, Plaintiff seeks to collect upon an April 1, 1999 judgment that Fiero Bros. received on the basis of an arbitration award issued by the National Association of Securities Dealers, Inc. ("NASD"). [Complaint at Ex. B, p.20.] The Complaint seeks relief from the discharge in Mr. Perle's Chapter 7 no-asset bankruptcy on the basis of three causes of action. [RJN[2], Ex. C, p. 1.] Specifically, the Complaint alleges: (1) the underlying debt is nondischargeable under § 523(a)(2) because Defendant's actions constitute fraud under that provision; (2) the underlying debt is nondischargeable under §

---

[1] All references to "Complaint" herein refer to Plaintiff's Complaint To Reopen Bankruptcy of Cery Perle To Determine Dischargeability of Complaint Based on Fraud, Defalcation by Fiduciary, and Where Creditor Was Omitted from Schedules filed in this Court on October 10, 2006.

[2] All references to "RJN" are to the Request for Judicial Notice filed concurrently herewith.

523(a)(4) because Defendant owed Fiero Bros. a fiduciary duty; and (3) the underlying debt is nondischargeable under § 523(a)(3)(B) because Fiero Bros.' claim was not scheduled by Defendant in his bankruptcy proceedings.

### C. The Underlying Arbitration.

On March 18, 1998, attorney Martin P. Russo of MPR Law Practice, P.C., filed a Second Amended Statement of Claim ("Statement of Claim") on behalf of Fiero Bros. in an arbitration before the National Association of Securities Dealers, Inc. ("NASD"). [Complaint at Ex. A, p. 1.] At that time, Fiero Bros. was a registered broker-dealer and member of the National Association of Securities Dealers, Inc. [Id.]

The Statement of Claim named five defendants: (1) Defendant; (2) Waldron & Co. ("Waldron"), of which Defendant was a principal; (3) Ed Harris, also a principal of Waldron; (4) Wedbush, Morgan Securities, Inc. ("Wedbush Securities"), which served as a clearinghouse for Waldron; and (5) Ed Wedbush, principal of Wedbush Securities ("Wedbush"). (Defendant, Waldron, Harris, Wedbush Securities, and Wedbush are collectively referred to herein as the "Arbitration Defendants"). [Id. at Ex. A, pp. 1-2.] Fiero Bros. alleged in its Statement of Claim that the Arbitration Defendants violated NASD rules by manipulating the market for stock in Shopping.com ("IBUY"), which purportedly caused Fiero Bros. damages in relation to their naked short position in IBUY stock.[3]

Specifically, the Statement of Claim, which is incorporated by reference into Plaintiff's Complaint in this matter, alleges:

- The Arbitration Defendants violated Rule 11810(c)(1)(C) of the NASD Uniform Practice Code, which states, "[Where a buy-in is executed] members must be prepared to defend the price at which the 'buy-in' is

---

[3] Subsequently, on January 8, 2001, an NASD Regulation Hearing Panel barred John Fiero from operating as a broker-dealer, expelled his firm, Fiero Brothers, Inc. from the NASD and ordered a fine of $1 million for engaging in a fraudulent short selling, extortion and manipulation scheme. See Exhibits D-E of Defendant's Request for Judicial Notice, filed concurrently herewith.

1 executed relative to the current market at the time of the 'Buy-in.'" [Id. at p.
2 9.] Based thereon, Fiero Bros. sought damages of $510,000. [Id.]

3 • The Arbitration Defendants violated 17 CFR 240.10b-5 ("Section 10b-5") by
4 virtue of acting "together in a common scheme to manipulate the price of
5 IBUY shares and defraud Fiero Brothers." [Id. at p. 10.] Based thereon,
6 Fiero Bros. sought damages in excess of $3,250,000. [Id.]

7 • The Arbitration Defendants owed fiduciary duties to the Fiero Bros.: (1) to
8 purchase IBUY shares at the best available price; and (2) not to charge
9 greater than a 5% mark-up on IBUY shares sold to Fiero Bros. [Id. at p. 15]
10 Based thereon, Fiero Bros. sought damages in excess of $510,000. [Id.]

11 Wedbush was dismissed from the proceeding and an arbitration award was
12 determined on September 17, 1998. [Id. at Ex. B, p. 4.] The award noted, in pertinent part,
13 "Respondents Waldron & Co., Inc., Cery Perle and Ed Harris are jointly and severally
14 liable to and shall pay Claimant the sum of $350,000.00 in compensatory damages;" and
15 "Respondent Wedbush Morgan Securities is liable to and shall pay Claimant the sum of
16 $50,000.00 in compensatory damages." [Id.]

17 The award explicitly denied any punitive damages, and the amount of the award was
18 less than the $510,000 sought for violations of the buy-in rules under NASD Rule
19 11810(c)(1)(C). [Id.]

20  B.    Defendant's Chapter 7 Bankruptcy.

21 On May 25, 2001 (the "Petition Date"), Mr. Perle filed a voluntary petition for
22 bankruptcy under Chapter 7 of the Bankruptcy Code. [RJN, Ex. C, p. 1.] The proceeding
23 was a no asset case. [Id. at 1.] Defendant represented himself *pro se* in the proceedings.
24 [Id. at p. 1.]

25 Also on the Petition Date, Defendant filed with the Court a verified creditor matrix.
26 [RJN at Ex. A, p. 1; Ex. C, p. 2.] The verified creditor matrix does not specifically list
27 Fiero Bros., but does indicate notice was sent to "MPR Law Practice" in "New York, NY."
28

1 [RJN at Ex. B, p. 7.] MPR Law Practice was the attorney-of-record for the Fiero Bros. in

2 the underlying arbitration. [RJN at Ex. A, p. 1-2.]

3 Thereafter, on May 29, 2001, the Court noticed a 341(a) Meeting of Creditors for

4 June 29, 2001. [Id. at Ex. C, p. 2.] As of March 11, 2002, the Court ordered all pre-petition

5 debts, including the judgment on which the Writ is premised, discharged pursuant to 11

6 U.S.C. 727. [Id. at Ex. C, p. 5.]

7 II. ARGUMENT.

8     A. <u>The First Cause of Action Must Be Dismissed because Plaintiff Has

9         Not Stated, Nor Can He State, A Claim Within the Scope of §

10         523(a)(2).</u>

11 A determination of nondischargeability under § 523(a)(2) is a question of federal

12 law. <u>Beneficial California, Inc. v. Brown (In re Brown)</u>, 217 B.R. 857, 860 (Bankr. S.D.

13 Cal. 1998). In order for a claim to fall within the scope of § 523(a)(2), it must meet all the

14 elements for common law fraud: (1) the debtor made a representation; (2) the debtor knew

15 the representation was false when made; (3) the debtor made the representation with the

16 intention and purpose of deceiving the creditor; (4) the creditor relied on such

17 representation; and (5) the creditor sustained the alleged loss and damage as a proximate

18 result of the misrepresentation having been made. Id. The false representation must be

19 regarding an existing and ascertainable fact. <u>Loomas v. Evans (In re Evans)</u>, 181 B.R. 508,

20 512 (Bankr. S.D.Cal. 1995).

21 In the instant matter, Defendant made no representations to Fiero Bros. Indeed, in

22 both the current Complaint and the Statement of Claim submitted in the arbitration

23 proceeding, there are no allegations whatsoever of any representations by Defendant, nor

24 has Plaintiff pled reliance (since there were no representations on which Fiero Bros. could

25 have relied). Instead, Plaintiff's only allegation regarding Defendant's "fraud" is that

26 Defendant "fraudulently manipulated the market price" of IBUY stock. [Complaint at Ex.

27 A, p.14.] However, *market manipulation is not sufficient to satisfy the requisite elements to*

28 *establish common law fraud.* <u>Fezzani v. Bear, Sterns & Co., Inc.</u>, 384 F. Supp. 2d 618, 643,

1  647-48 (S.D.N.Y. 2004) (discussing that while New York state law may recognize market
2  manipulation as a representation for purposes of satisfying the elements of fraud, that
3  common law fraud did not; and thus market manipulation could not be considered fraud
4  under common law). Therefore, even taking every allegation in the Complaint as true, the
5  alleged market manipulation and technical violations of the NASD buy-in rule fail to
6  establish a claim that is nondischargeable under § 523(a)(2). Accordingly, Plaintiff's first
7  cause of action fails to state a claim and must be dismissed pursuant to FRCP 12(b)(6).
8       Moreover, even if Plaintiff could state a cause of action under § 523(a)(2), Plaintiff
9  has not specifically pled fraud as required by FRCP 9 (made applicable by FRBP 7009), so
10 his first cause of action must be dismissed for failure to plead with sufficient particularity.
11      B.    <u>The Second Cause of Action Must Be Dismissed because Plaintiff</u>
12           <u>Has Not Stated, Nor Can He State, A Claim Within the Scope of §</u>
13           <u>523(a)(4).</u>
14      The meaning of "fiduciary capacity" for purposes of § 523(a)(4) is a question of
15 federal law, which consistently has limited the term to "express or technical relationships."
16 In re Evans, 161 B.R. at 477. The debt alleged to be nondischargeable must arise from a
17 breach of trust obligations imposed by law and separate and distinct from any contract. See
18 id. Moreover, "the requisite trust relationship must exist prior to and without reference to
19 the act of wrongdoing. [Citation omitted.] This requirement eliminates constructive,
20 resulting or implied trusts." Id.
21      Plaintiff cannot establish the existence of a fiduciary relationship, let alone any
22 relationship whatsoever, between Defendant and Fiero Bros. According to Plaintiff's
23 allegations in the Complaint and Fiero Bros.' allegations in the Statement of Claim, both
24 Defendant and Fiero Bros. were broker-dealers operating at arm's length as buyers and
25 sellers in the market for IBUY securities. [Complaint, p.2-3.] They did not owe each other
26 either express or technical fiduciary duties, and there are no factual allegations from which
27 this Court could construe a fiduciary relationship. Therefore, even assuming the allegations
28 in Plaintiff's Complaint are true, Plaintiff does not – and cannot – establish the existence of

a fiduciary relationship under federal law. Based thereon, Plaintiff's second cause of action must be dismissed for failure to state a claim under FRCP 12(b)(6).

### C. The Third Cause of Action Must Be Dismissed because There Is No Independent Cause of Action Under § 523(a)(3)(B).

Plaintiff has alleged a cause of action based on § 523(a)(3)(B), but it is long established that § 523(a)(3)(B) does not establish an independent cause of action:

> [Section] 523(a)(3)(B) does not create a separate exception from discharge merely for the debtor's failure to schedule a creditor. The creditor must independently have a cause of action which would be nondischargeable under section 523(a)(2), (4), or (6), and must prove that cause of action.

Spilka v. Bosse (In re Bosse), 122 B.R. 410, 413 (Bankr. C.D. Cal. 1990). Therefore, the third cause of action in Plaintiff's complaint must be dismissed under FRCP 12(b)(6).

### D. The Debt Already Has Been Discharged.

Plaintiff's Complaint is also baseless because the underlying debt already has been discharged. Claims seeking nondischargeability of a debt fall under § 523(c) and must be filed within 60 days of the date first set for the § 341(a) creditors' meeting, *unless* the claimant did not have notice. 11 U.S.C. § 523(c), F.R.B.P. 4007(c). If the claimant did not have notice, he is entitled to bring a complaint seeking nondischargeability under § 523(a)(3)(B) after the 60-day timeframe has lapsed. 11 U.S.C. § 523(a)(3)(B). See also Wilborn v. Gallagher (In re Wilborn), 205 B.R. 202, 208 (9th Cir. BAP 1996). However, where a creditor has notice and fails to act, the debt is discharged automatically after the 60-day period lapses. Lompa v. Price (In re Price), 871 F.2d 97, 98 (9th Cir. 1989).

In the instant matter, Fiero Bros.' attorney, Martin P. Russo of MPR Law Practice, P.C., was given notice of the commencement of Defendant's Chapter 7 no-asset bankruptcy[4]. [RJN, Ex. B, p. 7.] In this context, it has been held that notice to a claimant's

---

[4] Notice is nevertheless irrelevant. It has been held in the 9th Circuit that in a no-asset Chapter 7 case, all pre-discharge debts are discharged whether or not creditors are notified. In re Motley, 263 B.R. 237, 242 (Bankr. C.D. Cal. 2001); In re Beezley, 994 F.2d 1433, 1434 (9th Cir. 1993) (in no-asset case, debt owing to creditor omitted from debtor's schedules is discharged).

1 attorney constitutes notice to the claimant, regardless of whether or not the creditor's debt

2 was scheduled. Lompa v. Price, 871 F.2d at 97-98 (notice to attorney who represented

3 creditor in underlying action sufficient to give notice for purposes of § 523). Therefore,

4 when Fiero Bros. did not file a claim seeking nondischargeability of the debt upon the

5 expiration of 60 days from the date first set for the § 341(a) creditors' meeting – so by

6 August 27, 2001 – the debt on which this Complaint is premised was automatically

7 discharged. Since there are no existing claims which can be deemed nondischargeable, the

8 Complaint has no basis and must be dismissed in its entirety.

9       E. The Complaint Was Not Validly Served.

10 Plaintiff failed to effect proper service upon Defendant in accordance with the

11 Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. Pursuant

12 to FRBP 7004(e), if service is by any authorized form of mail, the summons and complaint

13 must be deposited in the mail within ten (10) days after the summons is issued. If a

14 summons is not timely delivered or mailed, the summons is void and ineffective. Id.

15 Insufficiency of process and insufficiency of service of process permit a defendant

16 to seek dismissal of an action when the plaintiff departs from the proper procedure for

17 serving the summons and complaint. Fed. R. Civ. P. 12(b)(4), 12(b)(5). Specifically,

18 insufficiency of process challenges a defect in the content or form of the summons. Fed. R.

19 Civ. P. 12(b)(4); see C. Wright & A. Miller, Federal Practice and Procedure § 1353 at 333-

20 334 (2004). In contrast, insufficiency of service of process challenges the mode and

21 delivery of the summons and complaint or lack thereof. See id.; Fed. R. Civ. P. 12(b)(5).

22 Defendant challenges both the sufficiency of process as well as the sufficiency of

23 service of process, so it is appropriate for Defendant to request dismissal or, in the

24 alternative, that service be quashed. See U.S. v. Sharon Steel Corp., 681 F. Supp. 1492,

25 1498 n.14 (C.D. Utah 1987); see also Sweeney v. Greenwood Index-Journal Co., 37 F.

26 Supp. 484, 485. (D.C.S.C. 1941).

27 Plaintiff's summons was expired when it was mailed to Defendant. The summons

28 was issued to Plaintiff on October 12, 2006; however, the Proof of Service for the

1  Complaint indicates the Complaint and Summons were deposited in the mail on October

2  25, 2006 – three days after the Summons had expired. This defect can be classified as both

3  a defect in process and a defect in service of process. The Summons itself was not served

4  within the ten-day time limit imposed by FRBP 7004(e) and thus had expired by the time

5  utilization was attempted. Alternatively, the failure to serve the Summons within ten days

6  of its issuance can be characterized as insufficiency of service of process.

7  Plaintiff is not in compliance with proper procedure for service of process; as a

8  result, Plaintiff's Complaint should be dismissed as a matter of law under both FRCP

9  12(b)(4) and 12(b)(5) (made applicable by FRBP 7012). Therefore, should this Court not

10 dismiss the Complaint for failure to state a claim on the numerous grounds stated above,

11 Defendant requests that service of the Complaint be quashed for insufficient process and

12 insufficient service of process.

13    III.    CONCLUSION.

14 Based on the foregoing, Defendant respectfully requests the Complaint be dismissed

15 in its entirety or, in the alternative, that service be quashed.

16

17 Dated: November 13, 2006.

18                                      PILLSBURY WINTHROP SHAW PITTMAN LLP
                                        KENNETH N. RUSSAK
19                                      DAVID L. STANTON
                                        AVISHA A. PATEL
20                                      725 South Figueroa Street, Suite 2800
                                        Los Angeles, CA 90017-5406
21
                                        By _____
22                                            Avisha A. Patel
                                        Attorneys for Defendant
23                                          CERY B. PERLE

24

25

26

27

28

Docket No. LA 01-26497-BB

ADV06-01971BB

PROOF OF SERVICE BY MAIL

I, Myra Blomgren, the undersigned, hereby declare as follows:

1. I am over the age of 18 years and am not a party to the within cause. I am employed by Pillsbury Winthrop Shaw Pittman LLP in the City of Los Angeles, California.

2. My business address is 725 South Figueroa Street, Suite 2800, Los Angeles, CA 90017-5406.

3. I am familiar with Pillsbury Winthrop Shaw Pittman LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

4. On November 13, 2006, at 725 South Figueroa Street, Suite 2800, Los Angeles, California, I served a true copy of the attached document(s) titled exactly: <u>NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE ANY CLAIM, IMPROPER PROCESS, AND IMPROPER SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>

by placing it/them in an addressed, sealed envelope clearly labeled to identify the person being served at the address shown below and placed in interoffice mail for collection and deposit in the United States Postal Service on that date following ordinary business practices:

Trustee
Linda J. Chu
515 South Flower Street, Suite 440
Los Angeles, CA 90071

600219228v1     PROOF OF SERVICE BY MAIL

Case No. LA 01-26497-BB
Adv. No. 06-10971

1  Leslie Schwaebe Akins
   Dennis R. Villavicencio
2  Akins & Villavicencio, LLP
   P.O. Box 131253
3  Carlsbad, CA 92013

4

5      I declare under penalty of perjury under the laws of the State of California that the

6  foregoing is true and correct. Executed this 13th day of November, 2006, at Los Angeles,

7  California.

8

9

10                                              *Myra Blomgren* (signature)
                                                _____
11                                                      Myra Blomgren

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  600219228v1                    PROOF OF SERVICE BY MAIL

                                                                    Case No. LA 01-26497-BB
                                                                    Adv. No. 06-10971