1  KENNETH N. RUSSAK # 107283
   DAVID L. STANTON # 208079
2  AVISHA PATEL # 217649
   avisha.patel@pillsburylaw.com
3  PILLSBURY WINTHROP SHAW PITTMAN LLP
   725 South Figueroa Street, Suite 2800
4  Los Angeles, CA  90017-5406
   Telephone: (213) 488-7100
5  Facsimile: (213) 629-1033

```
            FILED

         NOV 1 3 2006

       CLERK, U.S. BANKRUPTCY COURT
      CENTRAL DISTRICT OF CALIFORNIA
      BY              Deputy Clerk
```

6

7

8                UNITED STATES BANKRUPTCY COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  _____
    In re:                            )     No. LA 01-26497-BB
12                                     )
    CERY B. PERLE,                     )       ADV06-01971BB
13                                     )
              Debtor.                  )    REQUEST FOR JUDICIAL NOTICE
14                                     )    IN SUPPORT OF MOTION TO
                                       )    DISMISS FOR FAILURE TO STATE A
15                                     )    CLAIM AND IMPROPER SERVICE
                                       )    OF PROCESS
16                                     )
                                       )
17                                     )
                                       )
18  _____)
    ALFONSO FIERO, an individual, as   )    [Filed concurrently with Notice of
19  Assignee of the Judgment issued April 6, )  Motion and Motion to Dismiss for
    1999 in favor of Judgment Creditor FIERO )  Failure To State a Claim, Improper
20  BROTHERS, INC., Assignor, pursuant to the )  Process and [Proposed] Order thereon]
    Assignment dated March 1, 2006,   )
21                                     )    Date:    Dec. 19, 2006
                    Plaintiff,         )    Time:    2:00 pm
22                                     )    Dept:    1682
        vs.                            )    Judge:   Hon. Sheri Bluebond
23                                     )
    CERY B. PERLE,                     )
24                                     )
                    Defendant.         )
25  _____)

26

27

28

1    TO THE HONORABLE JUDGE BLUEBOND, PLAINTIFF, AND ALL PARTIES

2    IN INTEREST AND THEIR ATTORNEYS OF RECORD:

3        Defendant Cery B. Perle ("Defendant") hereby requests, pursuant to Federal Rule of

4    Evidence 201, made applicable here by Federal Rule of Bankruptcy Procedure 9017, that

5    the Bankruptcy Court take judicial notice of the following documents, which are matters of

6    public record filed in the Chapter 7 Bankruptcy of Cery B. Perle, commenced in the Central

7    District of California, Case No. 01-26497.

8        • Exhibit "A"    Verification of Creditor Matrix

9        • Exhibit "B"    Matrix [mailing list]

10       • Exhibit "C"    Docket for Bankruptcy Petition #: 2.01 –bk-26497-BB

11       • Exhibit "D"    National Association of Securities Dealers, Inc.,

12           *NASD Regulation Bars John Fiero, Espels Fiero Brothers, Inc., and*

13           *Imposes $1 Million Fine for Illegal Short Sales, Market Manipulation*

14           *and Extortion* (January 8, 2001) available at

15           http://www.nasd.com/PressRoom/NewsReleases/2001NewsReleases/NA

16           SDW_010055 (viewed November 13, 2006).

17       • Exhibit "E"    National Association of Securities Dealers, Inc.,

18           *NASD's NAC Upheld Previous Decision; Fradulent Manipulation and*

19           *Illegal Short Sales Result in Expulsion of Fiero Bros., Bar of John Fiero*

20           *and Fine of $1 Million* (October 30, 2002) available at

21           http://www.nasd.com/PressRoom/NewsReleases/2002NewsReleases/NA

22           SDW_002884 (viewed November 13, 2006).

23   I.    <u>Exhibits A-C.</u>

24       Defendant seeks judicial notice of Exhibits A-C on the ground that a District Court

25   may take judicial notice of pleadings, judgments, and prior court orders in earlier related

26   proceedings in the litigation. <u>Asdar Group v. Pillsbury, Madison, & Sutro</u>, 99 F.3d 289,

27   290 n. 1 (9th Cir. 1996). The attached Exhibits A-C are true and correct copies of

28   documents on file with this Court in Defendant's bankruptcy proceeding.

1    II.    <u>Exhibits D-E</u>.

2       Defendant requests judicial notice of Exhibits D and E on the following grounds:

3    On a motion to dismiss, a court may take judicial notice of matters of public record in

4    accordance with Federal Rule of Evidence 201 without converting the motion to dismiss to

5    a motion for summary judgment. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-689 (9th

6    Cir. 2001) (a court may take judicial notice of matters of public record pursuant to Fed. R.

7    Evid. 201), <u>citing</u> <u>Mack v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279, 1282 (9th Cir.

8    1986) (finding that a court may take judicial notice of facts outside the pleadings that are

9    matters of public record such as records and reports of administrative bodies). Courts may

10   take judicial notice of documents outside of the complaint that are capable of accurate and

11   ready determination by resort to sources whose accuracy cannot reasonably be questioned.

12   Fed. R. Evid. 201(b); <u>Wietschner v. Monterey Pasta Co.</u>, 294 F. Supp. 2d 1102, 1109 (N.D.

13   Cal. 2003). Thus, courts can take judicial notice of such matters when considering a motion

14   to dismiss. <u>Id.</u>; <u>MGIC Indem. Corp. v. Weisman</u>, 803 F. 2d 500, 504 (9th Cir. 1986)

15   (reasoning that on a motion to dismiss the court may take judicial notice of matters of

16   public record outside the pleadings).

17       Exhibits D and E are each publicly available documents reflecting findings of the

18   National Association of Securities Dealers, Inc. that are capable of accurate and ready

19   determination. Therefore, it is appropriate for this Court to take judicial notice of them in

20   deciding a motion to dismiss. <u>Wible v. Aetna Life Insurance Co.</u>, 375 F. Supp. 2d 956, 965

21   (C.D. Cal. 2005) ("A court may take judicial notice of 'records and reports of

22   administrative bodies'").

23   //

24   //

25   //

26   //

27   //

28   //

1

2    Dated:  November 13, 2006.

3                                                PILLSBURY WINTHROP SHAW PITTMAN  LLP
                                                 KENNETH N. RUSSAK
4                                                DAVID L. STANTON
                                                 AVISHA A. PATEL
5                                                725 South Figueroa Street, Suite 2800
                                                 Los Angeles, CA  90017-5406
6
                                                 By _____
7                                                            Avisha A. Patel
                                                 Attorneys for Defendant
8                                                CERY B. PERLE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Verification of Creditor Mailing List - (Rev. 4/01)                    2001 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Rule 1007-2(d)

Name __Cery B. Perle__

Address __111 North Mansfield Avenue, Los Angeles, CA 90036__

Telephone _____

☐    Attorney for Debtor(s)
☒    Debtor in Pro Per

---

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names, used by Debtor(s) within last 6 years: | Case No. |
|---|---|
|     Cery B. Perle | Chapter  7 |
| Social Security No. __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__    Debtor | |
| Social Security No. _____ Joint Debtor | |
| Debtor(s) EIN No. _____ | |

---

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of ___8___ sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date: __May 7, 2001_____

_____
Debtor

_____
Attorney (if applicable)

_____
Joint Debtor

EXHIBIT __A__
PAGE __5__

Cery Bradley Perle
PMB 322
9190 West Olympic Boulevard
Beverly Hills, CA 90212

United States Trustee
221 North Figueroa Street
Suite 800
Los Angeles, CA 90012

EXHIBIT __B__
PAGE ___6___

IRS Special Procedures Function
Collection Division Room 4062
Federal Building (Stop) 5022
300 North Los Angeles Street
Los Angeles, CA 90012


Mercedes-Benz Credit Corp
01-100-37378-02-19001
PO Box 685
Roanoke, TX 76262-0685


BMW Financial Services
4000098940
PO Box 78103
Phoenix, AZ 85062-8103


First Consumers
PO Box 3910
Portland, OR 97208-3910


Orange County Recorder
990501967
630 North Broadway
Suite 101
Santa Ana, CA 92701


LaRue Duronslet
4541 Alla Road Unit C
Marina Del Rey, CA 90292


US Department of Labor
71 Stevenson Street
San Francisco, CA 94105-2937

EXHIBIT __B__
PAGE __7__

Securities Exchange Commission
3-9991
450 Fifth Street NW
Washington, DC 20549


NASD/NASD Regulation
1735 K Street NW
Washington, DC 20006-1500


State of California
Franchise Tax Board
PO Box 942840
Sacramento, CA 94240-0040


Dish Network
8255909056112375
PO Box 7203
Pasadena, CA 91109-7303


TCAST Communications
R00000426
24300 Town Center Drive
Suite 320
Valencia, CA 91355-1333


National Enterprise Systems
00536769-NO
29125 Solon Road
Solon, OH 44139


Luce Forward Hamilton & Scripps
26475
600 West Broadway Suite 2600
San Diego, CA 92101



EXHIBIT B
PAGE 8

David Lafaille
1541 Ocean Avenue
Suite 300
Santa Monica, CA 90401


Danone Waters NA
415-253-335
PO Box 7126
Pasadena, CA 91109-7126


Gateway Learning Corp
PO Box 77488
San Francisco, CA 94107


AT&T Wireless
032668949 S
PO Box 151471
Los Angeles, CA 90051-5771


AT&T Broadband
22233-630526-03-9
PO Box 78904
Phoenix, AZ 85062-8904


Neil Einbund PhD
5201
18663 Ventura Boulevard
Suite 201
Tarzana, CA 91356


Sid Balkman
PO Box 2119
Culver City, CA 90231-2119




EXHIBIT __B__
PAGE __9__

Clark Garen
08680076-08273920
PO Box 4326
Riverside, CA 92514

Washington Mutual Bank
8484 Wilshire Boulevard
Beverly Hills, CA 90211

Pacific Bell
Payment Center
Van Nuys, CA 91388-0001

LA Dept of Water & Power
1125606500111
PO Box 10210
Van Nuys, CA 91410-0210

Cross Country Bank
PO Box 310711
Boca Raton, FL 33431-0711

The Gas Company
14500177796
PO Box C
Monterey Park, CA 91756

Providian Bank
PO Box 9539
Manchester, NH 03108-9539

Orchard Bank
PO Box 19360
Portland, OR 9728



EXHIBIT **B**
PAGE **10**

Beatie and Osborn
599 Lexington Avenue
New York, NY  10022


Fred Armenian
C/o NASD
1735 K Street NW
Washington, DC 20006-1500


John Aubry
C/o Dunn & Roark
3901 West Pioneer Parkway
Arlington, TX 76013


Edward Harris
C/o Gardere & Wynne, LLP
1601 Elm Street
Suite 3000
Dallas, TX 75201


Alternative Investments L.P.
C/o Greenberg & Traurig
1925 Century Park East
Suite 2200
Los Angeles, CA 90067


Michael Martucci
C/o Lanahan & Reilley LLP
3558 Round Barn Boulevard
Suite 300
Santa Rosa, CA 95403



EXHIBIT B
PAGE 11

Weiss & Yourman
10940 Wilshire Boulevard
24th Floor
Los Angeles, CA 90024


Gateway Learning Corp.
PO Box 77488
San Francisco, CA 94107


Corsair Capital Partners
MPR Law Practice
60 East 42nd Street, Suite 843
New York, NY 10165


Wedbush Morgan Securities
1000 Wilshire Boulevard
9th Floor
Los Angeles, CA 90030


Cynthia Green
Timothy Green
C/o Oswald & Yap
16148 Sand Canyon Avenue
Irvine, CA 92618


Mansoor Ghaneeian
C/o Borchard & Nichol
25909 Pala
Suite 380
Mission Viejo, CA 92691



EXHIBIT *B*
PAGE *12*

Capital One
PO Box 60000
Seattle, WA 98190-6000


EcSalesdata.com
117 West 9th Street
Los Angeles, CA 90015


Patricia Kampman
11975 Laurelwood Drive
Apartment 15
Studio City, CA 91604


Gino Natalicchio
Denis P. Riley
433 North Camden
Suite 888
Beverly Hills, CA 90210


HealthStyles, Inc.
201 Santa Monica Boulevard
Suite 400
Santa Monica, CA 90401


Pitney Bowes Credit Corp.
27 Waterview Drive
Shelton, CT 06484

EXHIBIT **B**
PAGE **13**

727OBJ, REOPENED

# U.S. Bankruptcy Court
## Central District Of California (Los Angeles)
### Bankruptcy Petition #: 2:01-bk-26497-BB

*Assigned to:* Sheri Bluebond
Chapter 7
Voluntary
No asset

*Date Filed:* 05/25/2001
*Date Reopened:* 09/13/2006
*Date Discharged:* 03/11/2002

*Debtor*
**Cery Bradley Perle**
9190 W Olympic Bl #322
Beverly Hills, CA 90212
SSN: xxx-xx-7006

represented by **Cery Bradley Perle**
PRO SE

*Trustee*
**Linda J Chu**
515 South Flower Street, Suite 440
Los Angeles, CA 90071
(213) 688-1300

| Filing Date | # | Docket Text |
|---|---|---|
| 05/25/2001 | 1 | Voluntary petition under chapter 7 [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 2 | Statement of related cases [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 3 | Notice of available chapters [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 4 | Summary of schedules [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 5 | Schedule A filed [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 6 | Schedule B filed [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 7 | Schedule C filed [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 8 | Schedule D filed [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 9 | Schedule E filed [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 10 | Schedule F filed [GRI] (Entered: 05/29/2001) |

EXHIBIT *C*
PAGE *19*

| 05/25/2001 | <u>11</u> | Schedule G filed [GRI] (Entered: 05/29/2001) |
|---|---|---|
| 05/25/2001 | <u>12</u> | Schedule H filed [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | <u>13</u> | Schedule I filed [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | <u>14</u> | Schedule J filed [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | <u>15</u> | Declaration concerning debtor's schedules [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | <u>16</u> | Statement of financial affairs [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | <u>17</u> | Statement of intention [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 18 | Statement of assistance of non-attorney [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | <u>19</u> | Verification of creditor matrix [GRI] (Entered: 05/29/2001) |
| 05/25/2001 | 20 | Matrix [mailing list] [GRI] (Entered: 05/29/2001) |
| 05/29/2001 | 21 | Notice of 341a meeting [requested from BNC] hearing on 06/29/2001 at 2:30 p.m. at 221 N. Figueroa St., Ste. 101, Los Angeles, CA 90012 [Rescheduled] [OVI] (Entered: 05/29/2001) |
| 06/01/2001 | 22 | Certificate of mailing RE: Item# 21 [BNC] (Entered: 06/05/2001) |
| 06/06/2001 | 23 | Request for special notice filed by Oswald & Yap for Cynthia Green with proof of service. [DOM] (Entered: 06/07/2001) |
| 07/03/2001 | <u>24</u> | Amendment to schedule[s] with proof of service RE: Item# 4 [CCM] (Entered: 07/05/2001) |
| 07/03/2001 | <u>25</u> | Schedule F filed RE: Item# 10 [CCM] Original NIBS Entry Number: 24A (Entered: 07/05/2001) |
| 07/13/2001 | 26 | Trustee worksheet; meeting continued postponed to 08/03/2001 at 4:30 p.m. at 221 N. Figueroa St., Ste. 101, Los Angeles, CA 90012 RE: Item# 21[Rescheduled] [CCB] Original NIBS Entry Number: 25 (Entered: 07/17/2001) |
| 07/13/2001 | 27 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] [CCB] Original NIBS Entry Number: 26 (Entered: 07/17/2001) |

EXHIBIT **C**
PAGE **15**

| 07/18/2001 | 28 | Notice of motion & motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY re: 2000 Mercedes-Benz E430, VIN WDBJF70J4YB120936, MOVANT: MERCEDES-BENZ CREDIT CORPORATION, By: Rebecca A. Caley, [714] 529-1400, with proof of service hearing on 08/14/2001 at 10:00 a.m. at 255 E. Temple St., Courtroom 1475, Los Angeles, CA 90012[Dis posed] [LS2] Original NIBS Entry Number: 27 (Entered: 07/19/2001) |
|---|---|---|
| 07/18/2001 | 29 | Notice of motion & motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY re: 1998 BMW 740iL, VIN WBAGJ8326WDM23168, MOVANT: BMW FINANCIAL SERVICES NA, LLC, By: Rebecca A. Caley, [714] 529-1400, with proof of service hearing on 08/14/2001 at 10:00 a.m. at 255 E. Temple St., Courtroom 1475, Los Angeles, CA 90012 [Disposed] [LS2 ] Original NIBS Entry Number: 28 (Entered: 07/19/2001) |
| 08/08/2001 | 30 | Request for special notice Filed by Jeff E. Scott attorney for Corsair Capital Partners, L.P. and Alternative Investments, L.P.; with proof of service [CCB] Original NIBS Entry Number: 29 (Entered: 08/09/2001) |
| 08/14/2001 | 31 | ORDER granting [in whole or in part] relief from the automatic stay PERSONAL PROPERTY ; With notice of entry RE: Item# 28 [MG] Original NIBS Entry Number: 30 (Entered: 08/14/2001) |
| 08/14/2001 | 32 | ORDER granting [in whole or in part] relief from the automatic stay PERSONAL PROPERTY ; With notice of entry RE: Item# 29 [MG] Original NIBS Entry Number: 31 (Entered: 08/14/2001) |
| 08/14/2001 | 33 | Trustee worksheet; meeting continued postponed to 09/07/2001 at 2:30 p.m. at 221 N. Figueroa St., Ste. 101, Los Angeles, CA 90012 RE: Item# 26 [CCB] Original NIBS Entry Number: 32 (Entered: 08/15/2001) |
| 08/14/2001 | 34 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] with proof of service [Rescheduled] [CCB] Original NIBS Entry Number: 33 (Entered: 08/15/2001) |
| 08/17/2001 | 35 | Hearing held on 08/14/01 re: relief from stay; RULING: GRANTED RE: Item# 28 [LSR] Original NIBS Entry Number: 34 (Entered: 08/17/2001) |
| 08/17/2001 | 36 | Hearing held on 08/14/01 re: relief from stay; RULING: GRANTED RE: Item# 29 [LSR] Original NIBS Entry Number: 35 (Entered: 08/17/2001) |

EXHIBIT __C__
PAGE __16__

| 09/13/2001 | 37 | Trustee worksheet; meeting continued postponed to 10/29/2001 at 2:30 p.m. at 221 N. Figueroa St., Ste. 101, Los Angeles, CA 90012 RE: Item# 34[Rescheduled] [DOM] Original NIBS Entry Number: 36 (Entered: 09/19/2001) |
| --- | --- | --- |
| 09/13/2001 | 38 | Notice of continued meeting of creditors and appearance of debtor filed by chapter 7 trustee Linda Chu. [DOM] Original NIBS Entry Number: 37 (Entered: 09/19/2001) |
| 09/26/2001 | 39 | Request for special notice and inclusion on master mailing list; filed by David B. Bloom attorney for Fisk & Pierce; with proof of service [CCB] Original NIBS Entry Number: 38 (Entered: 09/27/2001) |
| 11/07/2001 | 40 | Trustee worksheet; meeting continued postponed to 02/05/2002 at 2:30 p.m. at 221 N. Figueroa St., Ste. 101, Los Angeles, CA 90012 RE: Item# 37 [RG] Original NIBS Entry Number: 39 (Entered: 11/08/2001) |
| 11/07/2001 | 41 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] [Rescheduled] [RG] Original NIBS Entry Number: 40 (Entered: 11/08/2001) |
| 01/16/2002 | 42 | Court's request to trustee for documents Original NIBS Entry Number: 41 Status report 341[a] meeting continued to 2/5/02 at 2:30 p.m. for debtor's compliance with trustee's request for further documents. [JD] Original NIBS Entry Number: 41 (Entered: 01/16/2002) |
| 02/11/2002 | 43 | Trustee worksheet; meeting continued postponed to 04/01/2002 at 2:30 p.m. at 221 N. Figueroa St., Ste. 101, Los Angeles, CA 90012 RE: Item# 41 [DNR] Original NIBS Entry Number: 42 (Entered: 02/12/2002) |
| 02/11/2002 | 44 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] [DNR] Original NIBS Entry Number: 43 (Entered: 02/12/2002) |
| 02/28/2002 | 45 | Trustee worksheet; meeting concluded [RG] Original NIBS Entry Number: 44 (Entered: 03/04/2002) |
| 02/28/2002 | 46 | Final report of trustee in no asset case [RG] Original NIBS Entry Number: 45 (Entered: 03/04/2002) |
| 03/11/2002 | 47 | DISCHARGE OF DEBTOR [requested from BNC] [OD] Original NIBS Entry Number: 46 (Entered: 03/11/2002) |
| 03/14/2002 | 48 | Certificate of mailing RE: Item# 47 [BNC] Original NIBS Entry |

EXHIBIT __C__
PAGE ____12____

| | | |
|---|---|---|
| | | Number: 47 (Entered: 03/15/2002) |
| 03/28/2002 | 49 | ORDER closing case DISCHARGED [GLW] Original NIBS Entry Number: 48 (Entered: 03/28/2002) |
| 09/07/2006 | 50 | Motion to Reopen Chapter 7 Case and NOTICE of Motion to reopen Bankruptcy Case to file complaint to determine dischargeability of a debt; Receipt Number none, Fee Amount $220; Filed by Creditor Alfonso Fiero; with proof of service. (Wesley, Wendy Ann) (Entered: 09/11/2006) |
| 09/12/2006 | 51 | Order Granting Motion To Reopen Case (Related Doc # 50) for a period of 90 days from the entry hereof and may be automatically reclosed at the expiration of this 90 day period without further order of the court; Signed on 9/12/2006. (Wesley, Wendy Ann) (Entered: 09/13/2006) |
| 10/10/2006 | 52 | Adversary case 2:06-ap-01971. Complaint by Alfonso Fiero , Fiero Brothers Inc against Cery B Perle . Receipt Number O, Fee Amount $250 Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) ,(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)) ,(41 (Objection / revocation of discharge - 727(c),(d),(e))) ,(91 (Declaratory judgment)) ,(21 (Validity, priority or extent of lien or other interest in property))(Mcguire, Debra) (Entered: 10/10/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/13/2006 09:33:05 | | |
| **PACER Login:** | pw0444 | **Client Code:** | 069133-0000001-14243 |
| **Description:** | Docket Report | **Search Criteria:** | 2:01-bk-26497-BB Fil or Ent: filed From: 8/15/2000 To: 11/13/2006 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

EXHIBIT C
PAGE 18



**Press Release**

NASD Regulation, Inc.
1735 K Street, NW
Washington, DC 20006-1500

**For Release:** January 8, 2001
**Media Contact:** Nancy A. Condon
(202) 728-8379

## NASD Regulation Bars John Fiero, Expels Fiero Brothers, Inc., and Imposes $1 Million Fine For Illegal Short Sales, Market Manipulation and Extortion

**Washington, D.C.**—NASD Regulation, Inc., today announced that an NASD Regulation Hearing Panel barred John Fiero, expelled his firm, Fiero Brothers, Inc. and ordered a fine of $1 million for engaging in a fraudulent short selling, extortion and manipulation scheme.

On Feb. 6, 1998, NASD Regulation filed a complaint against Fiero and other co-conspirators alleging that they colluded to drive down the price of 10 Nasdaq securities underwritten by now-defunct Hanover Sterling & Co. during January 1995, and February 1995, through illegal short selling of those securities. This "bear raid" scheme involved Fiero and others obtaining nearly 1 million shares, units and warrants from Hanover Sterling at below market prices through the use of threats and coercion to cover their illegally-created short positions. Ultimately, the short selling scheme led to the failure of Hanover Sterling on Feb. 24, 1995, which was quickly followed by the collapse of its clearing firm, Adler, Coleman Clearing Corp., and the appointment of a Security Investors Protection Corporation trustee for Adler Coleman.

In the decision, the Hearing Panel found that Fiero participated in an extortion scheme by purchasing $12.1 million of securities from Hanover, at prices $866,500 below the then-prevailing market price. Fiero used these securities to cover his firm's short positions, and resold the rest, primarily to other short sellers involved in the scheme. Hanover agreed to sell the discounted securities to Fiero in attempt to end the shorting of the stocks.

The Hearing Panel also found that Fiero violated short selling rules from Jan. 20 through Feb 23, 1995 by failing to make the required affirmative determinations prior to engaging in short sales of the Hanover Sterling stocks. NASD rules restrict "naked" short sales, that is selling a stock short without ensuring that the stock can be borrowed or otherwise provided for by settlement date, also known as an affirmative determination. The Hearing Panel concluded that Fiero was not entitled to the market maker exemption from the affirmative determination rule during the time his firm was registered as a market maker because it was not engaged in bona fide market-making transactions. Fiero manipulated the market for the Hanover securities through his purchases and resale of the extorted stock and his illegal, naked short selling.

Unless the matter is appealed to NASD Regulation's National Adjudicatory Council (NAC), or called for review by the NAC, the Hearing Panel's decision becomes final after 45 days. The sanctions imposed by the Hearing Panel are not effective during this period. If the decision is appealed or called for review, the sanctions may be increased, decreased, modified, or reversed.

The litigation of this case was conducted by the Enforcement Department with assistance from NASD Regulation's Market Regulation Department. This matter was investigated by the Market Regulation Department with assistance from the Enforcement Department and NASD Regulation's New York, Denver, Atlanta and Chicago Offices.

Investors can obtain more information and the disciplinary record of any NASD-registered broker or brokerage firm by calling (800) 289-9999, or by sending an e-mail through NASD Regulation's Web site.

NASD Regulation oversees all U.S. stockbrokers and brokerage firms. NASD Regulation, The American

EXHIBIT D
PAGE 19

Stock Exchange®, NASD Dispute Resolution, Inc. and The Nasdaq Stock Market, Inc., are all subsidiaries of the National Association of Securities Dealers, Inc., the largest securities-industry self-regulatory organization in the United States.

©2006 NASD. All rights reserved. | Legal Notices and Privacy Policy.



EXHIBIT   D
PAGE   20

# News Release



**FOR RELEASE:**                    Wednesday, October 30, 2002
**CONTACTS:**                      Nancy A. Condon 202-728-8379
                                   Michael Shokouhi 202-728-8304

## NASD's NAC Upheld Previous Decision; Fraudulent Manipulation and Illegal Short Sales Result in Expulsion of Fiero Bros., Bar of John Fiero and Fine of $1 Million

**Washington, D.C.** — NASD announced today that its National Adjudicatory Council (NAC) affirmed an NASD Hearing Panel's decision that John Fiero and Fiero Brothers, Inc. of New York, NY, violated NASD and federal securities antifraud laws when they colluded to manipulate the market for several small cap securities through a massive short-selling campaign. The NAC also found that Mr. Fiero and Fiero Brothers violated NASD affirmative determination requirements by executing numerous short sales without having determined that they could borrow the securities or otherwise provide for delivery. The NAC fined John Fiero and Fiero Brothers $1 million, barred Mr. Fiero in all capacities, and expelled Fiero Brothers from membership.

The NAC determined that John Fiero and Fiero Brothers participated in a "bear raid," a coordinated, manipulative action in which short selling is used to drive down the price of a security by creating a false imbalance of sell-side interest. Fiero and Fiero Brothers engaged in a manipulation and deception that "violated public trust and jeopardized market integrity," according to the decision.

Specifically, John Fiero and the firm intentionally drove down the prices of several small cap securities by amassing sizeable short positions in those securities with the aim of demonstrating a large demand to sell the securities. The underwriter of the manipulated securities, who held large proprietary positions in the securities, was coerced to sell Fiero Brothers blocks of the manipulated securities at deeply discounted prices. Mr. Fiero used the discounted securities to cover the firm's short positions at a sizeable profit and sold the remaining securities to other short sellers to cover their short positions, thereby generating significant profits for them and additional profits for Fiero Brothers.

The NAC also found that Fiero Brothers, after covering its short positions, commenced a second wave of illegal short selling in the same securities that eventually drove Hanover Sterling & Co., Inc., the underwriter of the securities, out of business and led to the bankruptcy of its clearing firm, Adler Coleman Clearing Corp.

A key aspect of Mr. Fiero and Fiero Brothers' manipulative conduct was its violation of NASD's affirmative determination rule. The affirmative determination rule requires a securities firm to determine, prior to selling a stock short, that it can borrow securities or provide for delivery by settlement date before effecting a short sale of the securities. The rule prevents short selling by those who do not have, and have no intention of delivering, the stock that they are selling. The NAC found that, over the course of two months and in connection with Fiero Brothers' short sales of the manipulated securities, Mr. Fiero and the firm violated NASD's affirmative determination rule in a number of instances.

The NAC concluded that, as a result of John Fiero and Fiero Brothers' manipulative conduct, they intentionally injected into the marketplace inaccurate information regarding the level of interest in the manipulated securities because it was the concerted efforts of Mr. Fiero and Fiero Brothers and not the free forces of supply and demand that created the appearance in the marketplace of a massive selling effort.

The NAC is a 14-person committee composed of seven industry and seven non-industry members that decides appeals from disciplinary, membership, and exemption decisions; rules on statutory

EXHIBIT __E__
PAGE __21__

NASD Press Room News Release

NASD Case 2:06-rap-01974-BB-lac Doc 60-30/30/02 Filed 11/13/06 Entered 11/14/06 15:02:18 Desc 2 of 2
Main Document    Page 22 of 24

disqualification applications; and advises on other policy matters. Before John Fiero and Fiero Brothers appealed this case to the NAC, an NASD Hearing Panel heard the matter. A Hearing Panel consists of an NASD Hearing Officer along with two members of the securities industry.

NASD is the leading private-sector provider of financial regulatory services, dedicated to bringing integrity to the markets and confidence to investors through effective and efficient regulation and complementary compliance and technology-based services. NASD touches virtually every aspect of the securities business - from registering and educating all industry participants, to examining securities firms, enforcing both NASD rules and the federal securities laws, and administering the largest dispute resolution forum for investors and members firms. For more information, please visit our Web site.

©2006 NASD. All rights reserved. | Legal Notices and Privacy Policy.



EXHIBIT E
PAGE 21

Docket No. LA 01-26497-BB

ADV06-01971BB

PROOF OF SERVICE BY MAIL

I, Myra Blomgren, the undersigned, hereby declare as follows:

1.      I am over the age of 18 years and am not a party to the within cause.  I am employed by Pillsbury Winthrop Shaw Pittman LLP in the City of Los Angeles, California.

2.      My business address is 725 South Figueroa Street, Suite 2800, Los Angeles, CA  90017-5406.

3.      I am familiar with Pillsbury Winthrop Shaw Pittman LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

4.      On November 13, 2006, at 725 South Figueroa Street, Suite 2800, Los Angeles, California, I served a true copy of the attached document(s) titled exactly: REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND IMPROPER SERVICE OF PROCESS by placing it/them in an addressed, sealed envelope clearly labeled to identify the person being served at the address shown below and placed in interoffice mail for collection and deposit in the United States Postal Service on that date following ordinary business practices:

Trustee
Linda J. Chu
515 South Flower Street, Suite 440
Los Angeles, CA 90071

1   Leslie Schwaebe Akins
    Dennis R. Villavicencio
2   Akins & Villavicencio, LLP
    P.O. Box 131253
3   Carlsbad, CA 92013

4

5        I declare under penalty of perjury under the laws of the State of California that the

6   foregoing is true and correct.  Executed this 13th day of November, 2006, at Los Angeles,

7   California.

8

9

10                                                          _____

11                                                                    Myra Blomgren

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   600219119v1_                    PROOF OF SERVICE BY MAIL
                                                                    Case No. LA 01-26497-BB
                                                                    Adv. No. 06-10971