1  **PILLSBURY WINTHROP SHAW PITTMAN LLP**
   KENNETH N. RUSSAK #107283
2  DAVID L. STANTON #208079
   AVISHA A. PATEL #217649
3  avisha.patel@pillsburylaw.com
   725 South Figueroa Street, Suite 2800
4  Los Angeles, CA 90017-5406
   Telephone: (213) 488-7100
5  Facsimile: (213) 629-1033

FILED
DEC 12 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

CERY B. PERLE,

　　　　Debtor.

No. LA 01-26497 BB

Adv. 06-01971 BB

CHAPTER 7

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE ANY CLAIM, IMPROPER PROCESS, AND IMPROPER SERVICE OF PROCESS**

ALFONSO FIERO, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor FIERO BROTHERS, INC., Assignor, pursuant to the Assignment dated March 1, 2006,

　　　　Plaintiff,

　vs.

CERY B. PERLE,

　　　　Defendant.

[SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY]

Date:  Dec. 19, 2006
Time:  2:00pm
Dept:  1475
Judge: Hon. Sheri Bluebond

Fed. R. Civ. P. §§ 12(b)(4), 12(b)(5), and 12(b)(6)

1   Nothing in Plaintiff's Opposition negates any point in Defendant's Motion to Dismiss. Plaintiff concedes that he has not stated a claim for non-dischargeability under 11 U.S.C. 523(a)(3)(B) and indeed cannot; that he has not stated a claim under 11 U.S.C. 523(a)(4); and that the Complaint was not served in accordance with the Federal Rules of Bankruptcy Procedure, thereby nullifying it. Moreover, Plaintiff cannot state a claim for federal common law fraud, as required by the Bankruptcy Code, because federal common law does not recognize market manipulation as a representation; Plaintiff cannot state any law which would support the notion that Defendant owed a fiduciary duty to Plaintiff's predecessors-in-interest, Fiero Bros.[1]; and Plaintiff cannot dispute that, even though notice is not required in a no-asset liquidation, Fiero Bros.'s attorney in the underlying dispute had actual notice of Defendant's bankruptcy in time for Plaintiff to move to have the claim timely deemed non-dischargeable. Granting Plaintiff leave to amend any portion of the Complaint would be futile, as Plaintiff cannot state any claim for non-dischargeability under any circumstances.

I.   <u>Market Manipulation Cannot Constitute Federal Common Law Fraud, and Plaintiff Cannot Plead Reliance.</u>

Plaintiff's three-and-a-half-page long argument that market manipulation can in fact constitute a representation for purposes of fraud under § 523(a)(2) is made by Plaintiff without heed to the fact that § 523(a)(2) requires fraud as determined by *federal common law standards*. Beneficial California, Inc. v. Brown (In re Brown), 217 B.R. 857, 860 (Bankr. S.D. Cal. 1998). The cases to which Plaintiff cites stand for the proposition that market manipulation can constitute fraud under *New York state law*, not federal common

---

[1] All defined terms have the meaning ascribed to them in Defendant's Motion to Dismiss.

1  law. This is so even in the case of Plaintiff's Southern District of New York cases, which

2  are merely federal articulations of New York state common law, and none of which are in

3  the context of determining non-dischargeability. Similarly, Plaintiff's recitations of the

4  definition of fraud under the California Civil Code are irrelevant. Plaintiff does not – and

5  cannot – cite to even one case which finds that market manipulation under Section 10b-5

6

7  can constitute a representation for purposes of *federal common law fraud* as required by §

8  523(a)(2).

9        Moreover, even if market manipulation were deemed to constitute a

10  "representation" for purposes of § 523(a)(2) (which it plainly does not under federal

11  common law), the courts have determined that representations regarding value cannot form

12  the basis for a non-dischargeability claim under § 523(a)(2). "A representation of value

13

14  generally is merely a statement of opinion and, as such, it 'does not support a fraud claim

15  either under common law or under the Bankruptcy Code.'" Loomas v. Evans (In re Evans),

16  181 B.R. 508, 512 (Bankr. S.D.Cal. 1995). Plaintiff cannot quarrel with the fact that all of

17  Defendant's actions that Plaintiff has called to attention in the Complaint relate solely to the

18  valuation of IBUY stock. [Complaint, Ex. A, p. 14.] However, in order to support a §

19  523(a)(2) action, Plaintiff must establish that the false representation was made to

20

21  Plaintiff's predecessor-in-interest as to an existing and ascertainable fact, *not a mere*

22  *opinion of value.* Id.

23        Even if an opinion of value were actionable — which it is not — Plaintiff's

24  Complaint clearly negates another essential element of a §523(a)(2) claim: the element of

25  reasonable reliance. [Motion, 6:13-18.] Paragraph 6 of the Complaint alleges that

26  Plaintiff's predecessor-in-interest "had a short position in Shopping.com [IBUY] stock."

27  [Complaint, p. 3.] Plaintiff thus admits that his predecessor-in-interest Fiero Bros. expected

28

1  the price of IBUY stock to fall. "In short sales, an investor borrows stock, typically from

2  his broker, and sells that stock in the hopes that he can later return the stock the investor

3  had borrowed from the broker with stock purchased at a lower price. If the price of the

4  security declines, the investor profits by the difference between the price at which he sold

5  the stock and the price at which he later purchases the stock (minus any sales commissions

6  

7  and margin fees that his broker assesses)." U.S. v. Wood, 364 F.3d 704, 718 (6th Cir.

8  2004). Thus, to the extent that Defendant's conduct constituted a representation of value,

9  that representation was not relied upon by Plaintiff's predecessor-in-interest. To the

10  contrary. Plaintiff admits that Fiero Bros. expected the price of the stock to fall and alleges

11  that it was injured because its price-drop expectation was frustrated by the price-supporting

12  purchases and other alleged market manipulations of the Defendant. To put it differently,

13  

14  Plaintiff's predecessor-in-interest was not tricked by a false impression of a highly valued

15  stock. Instead, it believed the stock was overvalued and would fall. If Fiero Bros. had not

16  bet against the market — albeit an allegedly manipulated market — it would not have

17  suffered any loss. An inability to plead reliance is fatal to a claim for non-dischargeability

18  under §523(a)(2). See Beneficial California, Inc. v. Brown at id. The loss Fiero Bros.

19  suffered apparently was actionable under federal securities laws and regulations, but that

20  does not make the claim thereon non-dischargeable under §523(a)(2).

21  

22  Plaintiff has not refuted the law that market manipulation cannot be the basis for a

23  fraud allegation under §523(a)(2), and Plaintiff cannot plead reliance on the market's

24  valuation of IBUY stock. The Complaint therefore must be dismissed pursuant to FRCP

25  12(b)(6).

26  

27  

28

II. <u>Defendant Owed No Fiduciary Duty to Fiero Bros.</u>.

Plaintiff concedes not having pled in the Complaint that Defendant is a fiduciary of Fiero Bros. Indeed, Plaintiff cannot plead that Defendant owed any duties whatsoever to Fiero Bros. that can be sufficient for purposes of § 523(a)(4). Plaintiff argues that Defendant, by virtue of being *a* principal – not the only principal – of the underwriter of IBUY stock, owed fiduciary duties to Fiero Bros. However, case law in the 9th Circuit directly contradicts Plaintiff's argument. In <u>Shawmut Bank, N.A. v. Kreiss Associates, et al.</u>, the court recognized that the underwriter of a security (in that case, a bond) is not presumed to owe a fiduciary duty to the purchaser of that security. 33 F.3d 1477, 1489 (9th Cir. 1994). The court explained that while stock*brokers* may owe fiduciary duties to their clients, underwriters in an arms length transaction do not. See id. Moreover, in this case the underwriting preceded the short-selling and buy-in in question, and therefore is irrelevant to the allegations in the underlying dispute.

Additionally, Plaintiff ignorantly discusses fiduciary duties in a colloquial sense. "The broad, general definition of fiduciary -- a relationship involving confidence, trust and good faith -- is inapplicable in the dischargeability context. [Citation omitted.] The trust giving rise to the fiduciary relationship must be imposed prior to any wrongdoing; the debtors must have been a 'trustee' before the wrong and without reference to it. [Citations omitted.] These requirements eliminate constructive, resulting or implied trusts." <u>Ragsdale v. Haller</u>, 780 F.2d 794, 796 (9th Cir. 1986). Plaintiff does not allege, and indeed cannot allege, any relationship that the law construes as an *express* trust relationship. The law is clear that the scope of what constitutes a fiduciary relationship is narrow for purposes of determining whether a claim is non-dischargeable under § 523(a)(4). See, e.g., <u>Cantrell v. Cal-Micro, Inc., et al. (In re Cantrell)</u>, 269 B.R. 413 (9th Cir. BAP 2001) (holding that not

1  even the fiduciary duties owed by a corporate officer meet the strict standard for "fiduciary"

2  required by § 523(a)(4)).

3  Plaintiff cannot allege any fact that can establish that Defendant – as a fellow trader

4  of IBUY stock or even as a principal of the underwriter of IBUY stock – owed Fiero Bros.

5  any duty arising from an express fiduciary relationship that would permit the claim to

6

7  be non-dischargeable under § 523(a)(4). Allowing Plaintiff leave to amend the Complaint,

8  therefore, would be futile.

9  III.   Although Notice to Creditors Is Irrelevant in a No-Asset Chapter 7

10 Liquidation, Fiero Bros. Nevertheless Had Notice.

11 Plaintiff's arguments regarding notice ignore the law in the 9th Circuit: in a no-asset

12 Chapter 7 case, all pre-discharge debts are discharged whether or not creditors are notified

13

14 or their debts are scheduled. In re Motley, 263 B.R. 237, 242 (Bankr. C.D. Cal. 2001); In re

15 Beezley, 994 F.2d 1433, 1434 (9th Cir. 1993) (in a no-asset case, a debt owing to a creditor

16 omitted from the debtor's schedules is discharged). Therefore, a determination of discharge

17 already has been made with respect to the claim at issue in the Complaint.

18 Moreover, even though notice to Fiero Bros. or its attorney of record need not have

19 been given, in fact it was. Defendant sent notice of his bankruptcy to Martin P. Russo at his

20 law firm, MPR Law Practice, P.C. [RJN, Ex. B, p. 7.; Supplemental Request for Judicial

21

22 Notice[2] ("SRJN"), Ex. F, p. 2-3; SRJN, Ex. G, p. 1.] Mr. Russo happened to represent

23 another of Defendant's creditors, Corsair Capital Partners, in Defendant's bankruptcy as

24 well as Plaintiff's predecessor-in-interest in the underlying arbitration. [RJN, Ex. B, p. 7;

25 Complaint, Ex. B, p. 17.] The Ninth Circuit has held (1) notice to a creditor's attorney of

26

27 ---
[2] The Supplemental Request for Judicial Notice is filed concurrently with this Reply.
28

1  the existence of a bankruptcy constitutes notice to a creditor, and (2) the fact that a creditor

2  is not listed on a debtor's schedules does not relieve the creditor of his obligation to take

3  timely action to protect his claim. See Lompa v. Price (In re Price), 871 F.2d 97, 98-99 (9th

4  Cir. 1989); see also In re Twersky, 190 B.R. 903, 909 (Bankr. C.D. Cal. 1996). The fact

5

6  that Plaintiff's predecessor-in-interest had knowledge of Defendant's bankruptcy and did

7  not timely move to have the claim deemed non-dischargeable, likely because Defendant

8  had no assets against which to collect, should not be rewarded. Plaintiff cannot profit from

9  Fiero Bros.'s blatant disregard of the law.

10  Even assuming that neither Fiero Bros. nor its attorney had notice of Defendant's

11  bankruptcy, lack of notice alone does not make Plaintiff's claim non-dischargeable.

12  Plaintiff must nevertheless state a claim under § 523(a)(2), (4), or (6). As established

13

14  above, however, Plaintiff has stated, and can state, no claim for non-dischargeability under

15  those sections.

16  //

17  //

18  //

19  //

20  //

21

22  //

23  //

24  //

25  //

26  //

27  //

28

1  IV.  **CONCLUSION.**

2  Based on the foregoing, Defendant respectfully requests the Complaint be dismissed in its entirety without leave to amend, as amending the Complaint cannot cure its inherent defects; or, in the alternative, that service be quashed.

Dated: December 12, 2006.

```
                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                    KENNETH N. RUSSAK
                                    DAVID L. STANTON
                                    AVISHA A. PATEL
                                    725 South Figueroa Street, Suite 2800
                                    Los Angeles, CA 90017-5406

                                    By  /s/ Avisha Patel, CLP
                                        Avisha A. Patel
                                        Attorneys for Defendant
                                        CERY B. PERLE
```

1                      Docket No. LA 01-26497-BB

2                      ADV06-01971BB

3      <u>PROOF OF SERVICE BY FACSIMILE & FEDERAL EXPRESS</u>

4         I, Myra Blomgren, the undersigned, hereby declare as follows:

5         1.     I am over the age of 18 years and am not a party to the within

6 cause. I am currently a temporary employee of Pillsbury Winthrop Shaw

7 Pittman LLP in the City of Los Angeles, California.

8         2.     My business address is 725 South Figueroa Street, Suite 2800,

9 Los Angeles, CA 90017-5406.

10        3.     On December 12, 2006, at 725 South Figueroa Street, Suite 2800,

11 Los Angeles, California, I served a true copy of the attached document titled

12 exactly: **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR**

13 **FAILURE TO STATE ANY CLAIM, IMPROPER PROCESS, AND IMPROPER**

14 **SERVICE OF PROCESS** by sending it via facsimile transmission to the

15 following persons at the fax numbers so indicated:

16

17 Trustee
Linda J. Chu
515 South Flower Street, Suite 440
18 Los Angeles, CA 90071
Telephone: (213) 688-1300
19 Fax: (213) 688-1310

20 Leslie Schwaebe Akins
Dennis R. Villavicencio
21 Akins & Villavicencio, LLP
P.O. Box 131253
22 Carlsbad, CA 92013
Telephone: (760) 730-7770
23 Fax: (760) 730-7774

24

25

26        4.     The transmission was reported as complete and without error. A

27 printed copy of the machine's transmission record, indicating that the

28
600229095v1      PROOF OF SERVICE BY FACSIMILE & FEDERAL EXPRESS     Case No. LA 01-26497-BB
                                                                                                                                            ADV06-01971BB

1  transmission was successfully completed, is attached to this declaration.

2  5.  The telephone number of the facsimile machine I used was (213) 629-1033. This facsimile machine complies with Rule 2003(2) of the California Rules of Court.

5  6.  In addition to the facsimile transmission, a true copy of said document was deposited in a box or other facility regularly maintained by FedEx, an express service carrier providing overnight delivery, or delivering it to an authorized courier or driver authorized by the express service carrier to receive document, in an envelope or package designated by the express service carrier, with overnight delivery fees paid or provided for, clearly labeled to identify the persons being served at the address in Paragraph 3 above.

12  I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of December, 2006, at Los Angeles, California.

*/s/ Myra Blomgren*
Myra Blomgren

## Confirmation Report - Memory Send

```
                                        Page        : 001
                                        Date & Time : Dec-12-06  01:55pm
                                        Line 1      : 213-6291033
                                        Line 2      :
                                        Machine ID  : PILLSBURY WINTHROP SHAW PITTMAN LLP
```

| | | |
|---|---|---|
| Job number | : | 839 |
| Date | : | Dec-12 01:52pm |
| To | : | ☎917606030547 |
| Number of pages | : | 024 |
| Start time | : | Dec-12 01:52pm |
| End time | : | Dec-12 01:54pm |
| Pages sent | : | 024 |
| Status | : | OK |
| Job number | : 839 | *** SEND SUCCESSFUL *** |

**Pillsbury Winthrop Shaw Pittman**

725 South Figueroa Street
Suite 2800
Los Angeles, CA 90017-5406
Tel 213.488.7100
Fax 213.629.1033
www.pillsburylaw.com

### FACSIMILE

Total Pages (including cover): 24

HOUSTON
LONDON
LOS ANGELES
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
SACRAMENTO
SAN DIEGO
SAN DIEGO-NORTH COUNTY
SAN FRANCISCO
SILICON VALLEY
SYDNEY
TAIPEI
TOKYO
WASHINGTON DC

| Date: | December 12, 2006 | Must Be Sent By: | |
|---|---|---|---|
| To: | Linda J. Chu | Fax No: | (213) 688-1310 |
| Company: | Trustee | Phone No: | (213) 688-1300 |
| To: | Leslie Schwaebe Akins | Fax No: | (760) ~~730-7774~~ 603-0547 |
| Company: | Akins & Villavicencio, LLP | Phone No: | (760) 730-7770 |
| From: | Myra A. Blomgren | Phone No: | 213.488.7221 |
| User No: | 00974 | C/M No: | 099754 020 6020 |
| Comments: | | | |

**Confidentiality Note:** The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

If you have not properly received this fax, please call (213) 488-7577. Thank you.
Operator: _____ Time Sent _____ Batch ID: _____

600229227v1

## Group Send Report

```
                                    Page        : 001
                                    Date & Time : Dec-12-2006  01:47pm
                                    Line 1      : +2136291033
                                    Line 2      : +2136291033
                                    Machine ID  : PILLSBURY WINTHROP SHAW PITTMAN LLP
```

| | |
|---|---|
| Job number | : 352 |
| Date | : Dec-12 01:40pm |
| Number of pages | : 024 |
| Start time | : Dec-12 01:40pm |
| End time | : Dec-12 01:47pm |

Successful nbrs.

Fax numbers

☎96881310

Unsuccessful nbrs.                                                           Pages sent

Fax numbers

☎9176687307774                                                                  000