Leslie Schwaebe Akins (Bar No. 138678)
Dennis R. Villavicencio (Bar No. 166300)
AKINS & VILLAVICENCIO, LLP
7157 Argonauta Way
Carlsbad, California 92009
(760) 931-2920 telephone
(760) 603-0547 facsimile

Attorney for Plaintiff
Alfonso Fiero

**ORIGINAL**

FILED
FEB 1 3 2007

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In re:

CERY B. PERLE,

         Debtor,

---

ALFONSO FIERO, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor FIERO BROTHERS, INC., Assignor, pursuant to Assignment dated March 1, 2006,

         Plaintiff,

v.

CERY B. PERLE,

         Defendant.

CASE NO. LA-01-26497 BB

Adv. 06-01971 BB

PLAINTIFF ALFONSO FIERO'S OPPOSITION TO DEFENDANT/DEBTOR CERY B. PERLE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE ANY CLAIM

Date:  February 27, 2008
Time:  2:00 p.m.
Dept.:  1475
Judge:  Hon. Sheri Bluebond

**[Any Formal Reply Hereto Must be filed With the Court at least 7 Calendar Days Prior to Court Hearing]**

Plaintiff Alfonso Fiero, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor Fiero Brothers, Inc.("Fiero"), Assignor, pursuant to Assignment dated March 1, 2006 (hereafter, "Plaintiff"), hereby files this Opposition to Defendant Cery B.

///

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................. 2

II. PLAINTIFF'S FIRST AMENDED COMPLAINT ........................... 2

III. PLAINTIFF'S FOURTH CLAIM IS NON-DISCHARGEABLE UNDER BANKRUPTCY SECTION 523(a)(19) ........................... 3

IV. PLAINTIFF'S THIRD CLAIM FOR NONDISCHARGEABILITY BASED ON DEFENDANT'S WILFUL ACTS MUST NOT BE DISMISSED .... 7

V. PLAINTIFF'S FIRST CAUSE OF ACTION IS PROPER AND MUST NOT BE DISMISSED ................................................ 8

    A. The NASD Arbitration Award Did Not Reject Fiero's Fraud Claim ..................... 8

    B. Defendant's Omission of Fact May Support Plaintiff's Nondischargeability Fraud Claim. ............ 10

    C. Defendant's Claim that Plaintiff Can Not Plead Reliance Is Without Merit. .................... 13

VI. PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY IS PROPER AND MUST NOT BE DISMISSED ........................... 13

VII. CONCLUSION ................................................................... 14

Case 2:06-ap-01971-BB    Doc 25    Filed 02/13/07    Entered 02/14/07 15:14:30    Desc
Main Document    Page 3 of 18

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                       **PAGE**

*Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1144 (9th Cir. 2002) .................... 7

*Chase Manhattan Bank v. Fordyce*, 56 Bankr.
       102, 105 (Bankr.M.D.Fla.1985) ........................................ 12

*Goetschel Funding CO., LLC v. Redford (In re Redford)*,
       233 B.R. 560 (Middle District, Georgia 1999) ........................... 11

*In re Apte*,
       96 F.3d 1319, 1323 (9th Cir.1996); ..................................... 13

*In re Blech Sec. Litig.*,
       961 F. Supp. 569, 587 (1987) .......................................... 10

In *Dakota Steel, Inc.*,
       284 B.R. 711, 722 (N.D. Cal. 2002) .................................... 11

*In re Eashai*,
       87 F.3d 1082, 1089-90 (9th Cir.1996) .................................. 11

*In re Ekrem*,
       (Bankr.C.D.Cal.1996) 192 B.R. 982, 992) .............................. 13

*In re Evans*,
       181 B.R. 508 (S.D. Cal. 1995)) ..................................... 12,13

*In re Harmon*,
       250 F.3d 1240, 1246 n.4 (9th Cir. 2001) ............................... 11

*In re Hashemi*,
       104 F.3d 1122 (9th Cir. 1997) ......................................... 11

*In re Hunter*,
       780 F.2d 1577, 1580 (11th Cir. 1986) .................................. 11

*In re Miller*,
       310 B.R. 185 (Bankr.C.D.Cal.2004) .................................... 13

---

TABLE OF AUTHORITIES

1

1  *In re Patten,*

2  225 B.R. 211, footnote 2 (Oregon 1998) .................................. 10, 11

3  *In re Reynolds,*

4  726 F.2d 1420, 14 (9th Cir. ) .................................................... 6

5  *In re Rubin,*

6  875 F.2d 755, 759 (9th Cir. 1989) ............................................ 12

7  *Murray v. Bammer (In re Bammer),*

8  131 F.3d 788, 791 (9th Cir. 1997) ............................................ 8

9  *Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, 1208, 1209 (9th Cir.),

10  cert. denied, 533 U.S. 930, 121 S. Ct. 2552, 150 L. Ed. 2d 718 (2001) ...... 7,8

11  *Smith v. Gibbons (In re Gibbons),*

12  289 B.R. 588 (Bankr. S.D.N.Y, 2003) ...................................... 4,5

13  *Thorpe v. Housing Authority of the City of Durham,*

14  393 U.S. 268, 281-82, 21 L. Ed. 2d 474, 89 S. Ct. 518 (1969) ............ 6

15  *United States v. The Schooner Peggy,*

16  5 U.S. 103, 1 Cranch 103, 2 L. Ed. 49 (1801) .......................... 6

17  *Willcox v. Harriman Sec. Corp.,*

18  10 F. Supp. 532, 535 (1933) ................................................. 9

19

20  **FEDERAL BANKRUPTCY STATUTES**                                    **PAGE**

21  Bankruptcy Section 523(a)(2) ............................................... 10, 12

22  Bankruptcy Section 523(a)(3) ............................................... 3

23  Bankruptcy Section 523(a)(4) ............................................... 13

24  Bankruptcy Section 523(a)(6) ............................................... 3, 7, 8

25  Bankruptcy Section 523(a)(19) .............................................. 3, 4, 5, 6 and 7

26

27

28

---

TABLE OF AUTHORITIES

Perle's Motion to Dismiss First Amended Complaint for Failure to State Any Claim, ("Motion to Dismiss") and hereby responds as follows:

I.

## INTRODUCTION

Once again, Defendant and Debtor Cery B. Perle ("Defendant") attempts to characterize the underlying NASD arbitration, including the resulting arbitration award, as evidencing an innocuous business squabble among strangers, hardly giving rise to claims of fraud or breach of fiduciary duty against Defendant. To do so, Defendant ignores the fact that Fiero's Second Amended Statement of Claim alleged claims of securities fraud, breach of fiduciary duty, and violation of NASD Code of Conduct Rule 11810. And, after fully ignoring the allegations asserted, and the NASD arbitration award issued in Fiero's favor against Defendant and his brokerage firm, Defendant attempts to interpret the arbitration award itself by offering unsupported assumptions, devoid of facts or any evidence what so ever, as to how the NASD Arbitrators decided to award Plaintiff's predecessor more than $300,000 against Defendant and his now defunct securities brokerage firm.

While Defendant's self-characterized acts of "buying in" at "excessive buy-in prices," sounds more mundane and less egregious than saying Defendant fraudulently charged Plaintiff's predecessor thirty to forty percent more for stock than what the market price was, the fact remains that these acts, regardless of how characterized by Defendant, are acts that both Federal and State laws have defined to be fraudulent, deceptive and manipulative acts constituting securities fraud. Therefore, for the reasons set forth in Plaintiff's Opposition, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

II.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

For the Court's convenience, Plaintiff hereby summarizes the major pleading changes to his First Amended Complaint. Most significantly, Plaintiff's FAC adds two

claims for nondischargeability, one based on Bankruptcy Section 523(a)(19), and the other based on Bankruptcy Section 523(a)(6). (See, FAC, p.17:5- p.20:5, and FAC p.16:12- p.17:4.) Plaintiff's FAC further omitted its previous claim under Section 523(a)(3) as not a proper separate claim.

Additionally, Plaintiff included additional facts alleging the fraudulent and wrongful conduct by Defendant and his now defunct broker-dealer, Waldron & Co., Inc. (See, FAC, ¶¶ 14- 47.) Plaintiff will respond to Defendant's Motion to Dismiss out of order, by first addressing the challenges to the newly added claims, then proceeding to address Defendant's challenges to Plaintiff's First and Second Claims for fraud and defalcation by a fiduciary.

### III.
### PLAINTIFF'S FOURTH CLAIM IS NON-DISCHARGEABLE
### UNDER BANKRUPTCY SECTION 523(a)(19)

Plaintiff's newly added fourth claim for nondischargeability based on Bankruptcy Section 523(a)(19) (the "Fourth Claim") seeks to exempt from discharge Plaintiff's claim on the Fiero Judgement arising out of Fiero's claims evidenced in Fiero's Second Amended Statement of Claim filed with and arbitrated by a panel of three NASD arbitrators. The discharge exception contained in the Sarbanes-Oxley Act of 2002, now codified in 11 U.S.C. § 523(a)(19) (hereafter "Section 523(a)(19)"), disallows the discharge for any debt that:

(A) is for

(i) the violation of any of the Federal securities laws ... any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results from--

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding; (ii) any settlement

agreement entered into by the debtor; or (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

Defendant challenges Plaintiff's Fourth Claim for nondischargeability under Section 523(a)(19) claiming is not entitled to its benefit because Defendant's Chapter 7 Bankruptcy case not pending at the time Section 523(a)(19) became effective. As such, Defendant argues that Section 523(a)(19) can not be applied retroactively to Defendant or his bankruptcy case. For the reasons set forth herein, Defendant is mistaken.

First, in *Smith v. Gibbons (In re Gibbons)*, 289 B.R. 588 (Bankr. S.D.N.Y, 2003), the bankruptcy court allowed for the retroactive application of Section 523(a)(19) to an adversary proceeding filed prior to the effective date of the new bankruptcy discharge exception. Defendant's Motion to Dismiss seeks to distinguish Gibbons from the instant adversary proceeding, claiming that there can be no retroactive application herein as this Court closed Defendant's bankruptcy case prior to the effective date of Section 523(a)(19). Yet, that distinction is immaterial and not persuasive.

Second, as with the *Gibbons'* case, in the instant action, there were adversary proceedings file and pending against Defendant at the time Section 523(a)(19) became effective. Specifically, Exhibit A to Plaintiff's Request for Judicial Notice ("RJN") reflects the docket in the adversary proceeding *Alternative Investments LP v Cery Bradley Perle*, filed in connection with and arising out of Defendant's Chapter 7 bankruptcy (hereafter, the "AI LP adverse proceeding). The AI LP adverse proceeding reflects that the creditor's non-dischargeability complaint was filed August 28, 2001, that on September 5, 2002, after Section 523(a)(19) became effective, the Court entered its order approving summary judgment of nondischargeability, and that on July 11, 2003, the adversary case was closed.

///

Likewise, Exhibit B to RJN reflects the docket in the adversary proceeding *Cynthia Green v. Cery Bradley Perle*, filed in connection with and arising out of Defendant's Chapter 7 bankruptcy (the "Green adverse proceeding"). The *Green* adverse proceeding reflects that the creditor's non-dischargeability complaint was also filed August 28, 2001, that on May 21, 2002 the Court entered notice of adversary case closing, and in October 2002, after Section 523(a)(19) became effective, judgment creditors in the Green adverse proceeding filed a motion for entry of judgment, heard by this Court on November 19, 2002, resulting in the Court issuing its Order on November 21, 2002 denying said motion for entry of Judgment as moot.

Finally, Exhibit C to RJN reflects the docket in the adversary proceeding *Jennifer Fisk, Jay T. Pierce and Raymond Fisk v. Cery Bradley Perle*, filed in connection with and arising out of Defendant's Chapter 7 bankruptcy (the "Fisk adverse proceeding"). The Fisk adverse proceeding reflects that Fisk on October 18, 2001, the *Fisk* filed their complaint to except debt from discharge, that on April 18, 2002 the Court issued notice of adversary case closure without prejudice, and that on May 31, 2006, after Section 523(a)(19) became effective, the Court entered its Order dismissing adversary case <u>with</u> prejudice. A true and accurate copy of the Court's May 31, 2006 Order is attached as Exhibit "D" to RJN.

In the affirming opinion *In re Gibbons*, 311 B.R. 402, 403-303 (2004), the Bankruptcy Court for the Southern District of New York stated:

> [A]s the Second Circuit has repeatedly held, determinations of whether or not a debtor is entitled to a discharge in bankruptcy of any given debt are governed by the law in force at the time the judge passes on the question of the discharge **of that debt**. [Citations omitted.] Here, the Bankruptcy Court did not rule on the discharge of the debt here at issue until well after the enactment of the Sarbanes-Oxley Act. Thus, no problem of retroactivity is here involved.
> (Emphasis added.)

*In re Gibbons*, 311 B.R. 402, 403-303 (2004).

---

OPPOSITION TO MOTION TO DISMISS TO DISMISS FIRST AMENDED COMPLAINT

As a general rule, a judge should apply the law in effect on the date of decision. *In re Reynolds*, 726 F.2d 1420, 14 (9th Cir. ). In *Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 281-82, 21 L. Ed. 2d 474, 89 S. Ct. 518 (1969) the Supreme Court stated:

> [A]n appellate court must apply the law in effect at the time it renders its decision. . . . We must follow the *In United States v. The Schooner Peggy, 5 U.S. 103, 1 Cranch 103, 2 L. Ed. 49 (1801)*, and apply the law now in effect to the cases before us, unless an exception to the limited retroaction rule is applicable.") Legislation is not applied to pending cases where Congress has expressly directed that the law is prospective only or where manifest injustice would result from a retrospective application.

Defendant admits in his papers that congress intended Section 523(a)(19) to apply retroactively. (Motion to Dismiss, p. 12:26-27.) However, Defendant attempts to exclude Plaintiff because Fiero did not have a pending adversary proceeding when the Court closed his bankruptcy case. That is situation created by Defendant's failure to notify Fiero that Defendant filed for bankruptcy.

Furthermore, because neither this Court, nor any other bankruptcy court, has ruled on the discharge of the debt at issue in Plaintiff's action, and the Court has reopened Defendant's bankruptcy to determine the dischargeability of Plaintiff's claim, then Defendant's bankruptcy action is pending, and the law to be applied is the law now in existence, including Section 523(a)(19).

Defendant's actions during the pendency of his bankruptcy, and his failure to include Fiero on his creditor matrix, deprived Fiero from filing a claim in the bankruptcy action, and from filing a separate adversary proceeding like Al LP, Green and Fisk. Had Defendant provided Fiero with proper notice of Defendant's bankruptcy as required by law, then Fiero could have filed an adversary proceeding which would have resulted either in the Court ruling on the discharge of Fiero's debt prior to Section 523(a)(19)'s

///

---

OPPOSITION TO MOTION TO DISMISS TO DISMISS FIRST AMENDED COMPLAINT

6

LA 01-26497 BB Adv. No. 06-10971

enactment, or, as with AI LP and Fisk, would have resulted in Fiero having a pending adversary proceeding at the time Section 523(a)(19) became effective.

The foregoing demonstrates that there were at least two if not three adversary proceedings pending against Defendant at the time Section 523(a)(19) became effective. Further, with the reopening of Defendant's bankruptcy, Section 523(a)(19) should be applied. Therefore, the court should disregard Defendant's argument that Section 523(a)(19) is not retroactive, and find that it applies to Defendant's Chapter 7 bankruptcy case.

## IV.

## PLAINTIFF'S THIRD CLAIM FOR NONDISCHARGEABILITY BASED ON DEFENDANT'S WILFUL ACTS MUST NOT BE DISMISSED

Defendant also challenges Plaintiff's Third Claim for Wilful or Malicious Activity under Bankruptcy Section 523(a)(6), claiming that Plaintiff has not pleaded a wilful conversion of Fiero's property. Defendant's conclusion is simply incredulous.

Plaintiff's FAC pleads facts establishing Defendant's intentional acts of artificially raising the price for IBUY stock (See, FAC, ¶¶ 19- 28.), executing buy-ins against Fiero at artificially inflated market prices (See, FAC, ¶¶ 19- 28.), and covering Fiero's short position in IBUY stock without its knowledge, authorization or consent. (See, FAC, ¶¶ 19- 28.)

Bankruptcy Section 523(a)(6) requires separate findings on the issues of "willful" and "malicious." The "willful" injury requirement of Section 523(a)(6) is met "when it is shown either that the debtor had a subjective motive to inflict injury <u>or that the debtor believed that injury was substantially certain to occur as a result of his conduct</u>." *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1144 (9th Cir. 2002) (quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir.), cert. denied, 533 U.S. 930, 121 S. Ct. 2552, 150 L. Ed. 2d 718 (2001)). Additionally, a "malicious injury" involves "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Carrillo v. Su (In re Su)*, 290 F.3d at 1146-47 (quoting *Jercich*, 238

1. F.3d at 1209). Further, "malice" under Section 523(a)(6) "does not require a showing of biblical malice, i.e., personal hatred, spite or ill-will." *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791 (9th Cir. 1997) (en banc).

Defendant's argument regarding conversion appears to be an "anybody but me" defense. While accepting that Defendant's firm Waldron charged Fiero an excessive amount to buy-in IBUY stock, Defendant in turn points to un-named third party intermediaries who transfer monies in the ordinary settlement and clearing functions. (Motion to Dismiss, p. 10:26- p.11:2.) While disclaiming dominion over Fiero's property, Defendants do not deny that they received these wrongfully obtained and ill gotten funds.

The clear import of the theft and conversion of these funds, at the hand of Defendant and his brokerage firm, and those he controlled, is clearly pleaded in the FAC. However, should the court determine that additional factual allegations are required to clarify the claim and to resolve Defendant's issues asserted in the Motion to Dismiss, then Plaintiff respectfully requests leave to amend this newly added and as yet untested claim.

## V.

## PLAINTIFF'S FIRST CAUSE OF ACTION IS PROPER
## AND MUST NOT BE DISMISSED

A. THE NASD ARBITRATION AWARD DID NOT REJECT FIERO'S FRAUD CLAIM.

Defendant's Motion to Dismiss misrepresents to this Court that the NASD Arbitration Panel "rejected" Fiero's fraud claim, by entering a "partial" award in Fiero's favor for $350,000. Defendant concocts this conclusion based solely on the following statement contained in the arbitration award: "Respondents Waldron & Co. are jointly and severally liable to and shall pay Claimant the sum of $350,000 in compensatory damages."

///
///

The fact that an award, verdict or judgment is less than the amount demanded does not mean that the claim was rejected by the trier of fact; merely that they did not agree on the level or calculation of damage.

Defendant argues that the arbitration award reflects two theories of liability: 1) the difference between the buy-in prices charged and the acquisition cost of the IBUY shares which Waldron bought-in to cover the failed short sale, a loss of approximately $600,000, for which Defendant claims Fiero was awarded $350,000 (Motion to Dismiss, footnote 8); and 2) "a multi-million dollar figure representing the overall losses on the short contracts issued by Fiero Bros. resulting from the alleged market manipulations of Waldron and Perle." (Motion to Dismiss, footnote 8, pgs 3 and 4.) As to this second damage theory, Defendant concludes:

> Fiero Bros. sought $3,250,000 but was awarded nothing on account of that demand. Thus, it is a fair inference that the NASD arbitrators rejected the market manipulation claim and awarded damages only for the overpricing of the buy-in shares. As such, Fiero Bros. is precluded by res judicata from re-litigating any claim other than the buy-in pricing claim.

(Motion to Dismiss, p. 4 at footnote 8.)

Other case law further supports the fact that conduct can support a claim for common law fraud. In *Willcox v. Harriman Sec. Corp.*, 10 F. Supp. 532, 535 (1933) the Court stated that stock market manipulation can support a claim for fraud:

> There can be no question that a cause of action against the Harriman Company for rescission of the exchange of stock is set forth. If persons boost the quoted price of a stock above its real value by fictitious sales in order to induce the public to take over their stock at the artificial levels, one who acquires stock for value from the manipulators may treat the transaction as one infected by fraud and may rescind. The fact that information as to the sales at artificial figures comes to the victims by reports or quotations published in the newspapers rather than by direct communications from the manipulators does not break the chain of causation. That

is the very medium of information contemplated and intended by the operators of the plan. Further discussion of this phase of the case is unnecessary, in view of the recent opinion of Judge Woolsey in United States v. Brown (D.C.) 5 F. Supp. 81, decided November 23, 1933, with which I am in agreement.

See also, *In re Blech Sec. Litig.*, 961 F. Supp. 569, 587 (1987) (In refusing to dismiss common law fraud claims against defendants the Court stated: "As discussed above, Plaintiffs have adequately alleged these parties' direct and knowing participation in a market manipulation scheme that injured the Plaintiffs. These allegations are also sufficient to state a fraud claim under the New York common law.")

B. <u>Defendant's Omission of Fact May Support Plaintiff's Nondischargeability Fraud Claim.</u>

Defendant's Motion to Dismiss argues that Plaintiff's fraud claim must be dismissed as it is predicated on silence or failure to disclose, rather than an affirmative misrepresentation of a material fact that induced Fiero to rely, alter its position, and suffer damages. However, Defendant's interpretation of what is fraud in the nondischargeability context is too narrow.

Section 523(a)(2)(A) exempts from discharge debts:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-

    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...

In *In re Patten*, 225 B.R. 211, footnote 2 (Oregon 1998), the Court noted that the distinction between "false representation" and "false pretenses" is that a false representation involves an express statement, while a claim of false pretenses may be premised on misleading conduct without an explicit statement. However, as the Patten court stated: "There is no significant difference, however, between the terms "false pretenses," "false representation," and "actual fraud." **Fraud includes false pretenses and false representation for dischargeability purposes."** (Emphasis added.)

In *Dakota Steel, Inc.*, 284 B.R. 711, 722 (N.D. Cal. 2002), the court reaffirmed that the representation element of a nondischargeability claim for fraud under Section 523(a)(2) can take the form of an omission. See also *In re Harmon*, 250 F.3d 1240, 1246 n.4 (9th Cir. 2001) ("A debtor's failure to disclose material facts constitutes a fraudulent omission under § 523(a)(2)(A) if the debtor was under a duty to disclose and the debtor's omission was motivated by an intent to deceive.", citing, *In re Eashai*, 87 F.3d 1082, 1089-90 (9th Cir.1996).) See also, *In re Howarter*, 114 B.R. 682, 685, at footnote 2 (9th Cir. BAP 1990) ("Although not raised as an issue on appeal, we note that **silence or concealment** of a material fact can create a false impression that constitutes a misrepresentation actionable under section 523(a)(2)(A).")

In determining whether there was an intent to defraud, the court must examine the totality of the circumstances. *In re Eashai*, 87 F.3d 1082 (9th Cir. 1996). The court may infer the existence of an intent not to perform, sufficient to satisfy the false pretenses or fraud exceptions, if the circumstances of a case present a "picture of deceptive conduct by the debtor." *In re Hashemi*, 104 F.3d 1122 (9th Cir. 1997).

Defendant ignores the fact that the transaction confirmation slips for the acquisition of IBUY stock to close out Fiero's short positions that reflected Defendant's false and inflated buy-in prices are misrepresentations of material fact that make the debt nondischargeable. In *Goetschel Funding CO., LLC v. Redford (In re Redford)*, 233 B.R. 560 (Middle District, Georgia 1999), the Court held that <u>when</u> Debtor assigned each invoice to Movant and represented that it was an "accurate and undisputed statement of indebtedness owed to [Debtor] by a customer for a sum certain . . . arising out of a bona fide sale," <u>Debtor made an actual overt false representation to Movant within the meaning of section 523(a)(2)(A)</u>. See, *In re Hunter*, 780 F.2d 1577, 1580 (11th Cir. 1986).

Moreover, Defendant seems to believe that because he allegedly did not affirmatively misrepresent a material fact to Fiero, but rather just committed the fraudulent acts, somehow immunizes him.

///

In *In re Patten*, 225 B.R. 211 (Oregon 1998), the creditor's fraud claim against the debtor was held to be nondischargeable where the debtor accepted Plaintiff's automobile trade-in at a time when he did not have the funds available to pay the encumbrance on the product sold, and simultaneously discharge the same duty he owed to prior customers. In holding that fraud had been committed he Patten Court stated that while the debtor claimed that he intended to satisfy his obligation under his contract with Plaintiff, Debtor knew that he could only do so by continuing a business practice that he knew, or should have known, was unlawful. As such, the Court reasoned that the Debtor's undertaking of a lawful obligation with the knowledge (unknown to the buyer) that Debtor could perform only by resorting to unlawful means was fraudulent.

Finally, Defendant seeks to convince this court that the prices Defendant and his firm Waldron & Co. charged Fiero for buying-in IBUY stock for Fiero's account is, at most, an express or implied statement of value, and therefore can not support a fraud claim under the Bankruptcy Code. That simply is not true. Representations of value "which the declarant does not, in fact, hold or declarations made with reckless indifference for the truth may be found to be fraudulent." *In re Evans*, 181 B.R. 508 (S.D. Cal. 1995), citing, *Chase Manhattan Bank v. Fordyce*, 56 Bankr. 102, 105 (Bankr.M.D.Fla.1985); *In re Rubin*, 875 F.2d 755, 759 (9th Cir. 1989). Further, as the *Evans* Court stated:

> A false statement regarding the value of property, which is not made in good faith, and which is not warranted by the knowledge or belief of the owner, may furnish the basis of an action for rescission on the ground of fraud or deceit." Vah Dah Dunshee v. Boadway, 119 Cal. App. 678, 684, [*513] 7 P.2d 325 (1932). The debtor's representation of the value of the lot furnishes the basis for an action under § 523(a)(2)(A).

However, what Defendant ignores are the allegations set forth in Fiero's Second Amended Statement of Claim, as reflected in Plaintiff's First Amended Complaint, that Defendant overrode the market place's determination of value for IBUY stock when Defendant and his firm entered purchase order for IBUY stock that were excessive,

violated their best execution duties owed to their customer (i.e., Fiero), and personally benefitted Defendant and his firm to Fiero's detriment and harm. Plaintiff has amply pleaded that there was no arms length transaction, prices determined by an efficient market, or agreement of value reached between a willing buyer and seller.

C. Defendant's Claim that Plaintiff Can Not Plead Reliance Is Without Merit.

Defendant claims that Plaintiff's fraud claim fails because he can not plead reliance. The concealment or omission of material facts that a party has a duty to disclose can support the nondischargeability of a debt on the grounds of actual fraud. *In re Apte*, 96 F.3d 1319, 1323 (9th Cir.1996); *In re Ekrem*, 192 B.R. 982, 992 (Bankr.C.D.Cal.1996). In a fraudulent omission or concealment claim, reliance is not a factor since it is not possible to rely on facts which have been concealed. *In re Evans*, 181 B.R. 508, supra at 515. A concealed fact is material if "a reasonable man would attach importance to the alleged omissions in determining his course of action." *In re Miller*, 310 B.R. 185 (Bankr.C.D.Cal.2004).

## VI.

## PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY
## IS PROPER AND MUST NOT BE DISMISSED

Finally, Defendant argues that Plaintiff's second claim for fraud or defalcation by a fiduciary must be dismissed. In his FAC Plaintiff pleads additional facts to support the fiduciary relationship between Fiero and Defendant. Plaintiff also pleads facts establishing that Defendant was or is a fiduciary of Fiero, that Defendant owed fiduciary obligations to Fiero and what these obligations were, and how the wrongful actions constitute a breach or defalcation by a fiduciary.

Plaintiff concedes that to establish that a debt falls within § 523(a)(4) exception to dischargeability, Plaintiff must plead (1) that the debtor was acting in a fiduciary capacity, and (2) that the debt was created by the debtor's fraud or defalcation, or that there was embezzlement or larceny. *In re Reilly*, 68 B.R. 545, 548 (B.C. Hawaii 1986). "Embezzlement" is the fraudulent appropriation of property by a person to whom such

property has been entrusted. "Larceny" is the fraudulent and wrongful taking and carrying away the property of another with intent to convert such property to his use without the consent of the owner. *Id* at 548 (citing, Colliers on Bankruptcy, Volume 3, 523.14(3) (15th Ed.))

In *In re Reilly*, supra, the Court found nondischargeable a debt arising from a stockbroker's unauthorized transfer of money and property from his employer to a commodities account and unauthorized trading, with the intent to use the funds in his employer's account for his own purpose. *In re Reilly*, 68 B.R. at 549. Similarly, Plaintiff has pleaded that Defendant engaged in unauthorized purchasing of IBUY stock for Fiero's account without Fiero's knowledge or consent. (FAC, ¶¶ 31 and 32.)

When Fiero opened a securities account with Defendant and his former firm, Fiero entrusted Defendant with the proper care of its property, and trusted Defendant to follow all rules, regulations, statutes, and laws governing its securities activities. When Defendant orchestrated the scheme to over-charge Fiero for the buy-ins of IBUY stock at artificially inflated prices, thereby keeping the mark up for themselves, Defendant embezzled Fiero's property, i.e., the profits that should have gone to Fiero.

Based on the foregoing, Plaintiff's Second Claim adequately pleads embezzlement and larceny by Defendant. Therefore, Plaintiff's Motion to Dismiss this claim must be denied.

## VII.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court deny, in its entirety, Defendant's Motion to Dismiss as to each and every cause of action set forth in Plaintiff's First Amended Complaint.

DATED: February 13, 2007            AKINS & VILLAVICENCIO, LLP

By: _____
Leslie Schwaebe Akins, Esq.
Attorney for Plaintiff

---

OPPOSITION TO MOTION TO DISMISS TO DISMISS FIRST AMENDED COMPLAINT

14                    LA 01-26497 BB Adv. No. 06-10971

Alfonso Fiero, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor Fiero Brothers, Inc.

Case Number LA 01-26497-BB
ADV 06-01971-BB

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                    )
COUNTY OF SAN DIEGO )

I am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is P.O. Box 131253, Carlsbad, California 92013.

On February 13, 2007, I served PLAINTIFF ALFONSO FIERO'S OPPOSITION TO DEFENDANT/DEBTOR CERY B. PERLE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE ANY CLAIM; REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF PLAINTIFF ALFONSO FIERO'S OPPOSITION TO DEFENDANT/ DEBTOR CERY B. PERLE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE ANY CLAIM, on the interested parties in said action, by delivering it as follows:

Kenneth N. Russak, Esq.
David L. Stanton, Esq.
Avisha A. Patel, Esq.
Pillsbury Winthrop Shaw & Pittman, LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
213-629-1033 fax
avisha.patel@pillsburylaw.com
Attorney for Defendant

Linda J. Chu
515 South Flower Street, Suite 440
Los Angeles, CA 90071
213-688-1310 fax

__X__ **(By Facsimile)** I caused each document to be sent by facsimile to the above-stated numbers(s)

____ **(By Mail)** I placed the envelope for collection and processing for mailing following the ordinary practice of this business with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid to the above address.

__X__ **(By Email)** I caused all of the pages of the above entitled document to be sent to the recipients noted above via e-mail at the respective e-mail address indicated above. (Only to Pillsbury Winthrop Shaw & Pittman, LLP)

__X__ **(By Hand Delivery)** I caused each document to be hand delivered to the following address (only Hand Delivered to Pillsbury Winthrop Shaw & Pittman, LLP).

I Declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed **February 13, 2007**, at Carlsbad, California.

_____
Ashley Hall

PROOF OF SERVICE