1  KENNETH N. RUSSAK #107283
   DAVID L. STANTON #208079
2  AVISHA A. PATEL #217649
   avisha.patel@pillsburylaw.com
3  PILLSBURY WINTHROP SHAW PITTMAN LLP
   725 South Figueroa Street, Suite 2800
4  Los Angeles, CA  90017-5406
   Telephone: (213) 488-7100
5  Facsimile: (213) 629-1033

FILED

FEB 20 2007

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11
   _____
   In re:                              )   No. LA 01-26497 BB
12                                      )
   CERY B. PERLE,                       )     Adv. 06-01971 BB
13                                      )
                Debtor.                 )   CHAPTER 7
14                                      )
                                        )   REPLY IN SUPPORT OF MOTION TO
15                                      )   DISMISS FIRST AMENDED
                                        )   COMPLAINT FOR FAILURE TO
16                                      )   STATE ANY CLAIM
                                        )
17                                      )
                                        )
18                                      )
   _____
19 ALFONSO FIERO, an individual, as     )   Date:   February 27, 2007
   Assignee of the Judgment issued April 6, )   Time:   2:00 pm
20 1999 in favor of Judgment Creditor FIERO )   Dept:   1475
   BROTHERS, INC., Assignor, pursuant to the )   Judge:  Hon. Sheri Bluebond
21 Assignment dated March 1, 2006,     )
                                        )
22      Plaintiff,                      )   Fed. R. Civ. P. § 12(b)(6)
                                        )
23      vs.                             )
                                        )
24 CERY B. PERLE,                       )
                                        )
25      Defendant.                      )
   _____)
26

27

28

600257429v1

1    Nothing in Plaintiff's Opposition controverts any point in Defendant's Motion To

2    Dismiss First Amended Complaint ("FAC") that Plaintiff (a) has pled not facts in the FAC

3    that state a claim for nondischargeability and (b) cannot, given the law, state any claim for

4    nondischargeability.

5    A claim under § 523(a)(2)(A) for actual fraud cannot be sustained as a matter of

6    law because Plaintiff has not pled, and cannot plead, that Defendant had any duty to

7    disclose any information to Fiero Bros. or that Fiero Bros. changed its behavior in reliance

8    upon any of Defendant's actions.

9    A claim under § 523(a)(4) for defalcation by a fiduciary cannot be sustained as a

10    matter of law because Plaintiff has not pled and cannot plead that Defendant, as a matter of

11    law, owed any fiduciary duties – let alone express fiduciary duties – to Fiero Bros.  Neither

12    can Plaintiff establish any of the elements for a claim based on embezzlement and larceny.

13    A claim under § 523(a)(6) for willful and malicious conduct cannot be sustained as

14    a matter of law because Plaintiff has not alleged any facts that could constitute grounds for

15    conversion.  Moreover, Plaintiff cannot establish willful and malicious conduct as a matter

16    of law because the mere violation of a technical rule, and even the intentional breach of a

17    contract, is not sufficient under the law to state a claim for willfulness and malice.

18    Finally, Plaintiff cannot state a claim under § 523(a)(19) as a matter of law because

19    the law mandates that while the nascent § 523(a)(19) can apply to conduct that occurred

20    prior to its effective date, it does not apply to cases <u>closed</u> before its effective date.

21    I.    <u>Plaintiff Has Not, and Cannot, Plead Fraud As Required by § 523(a)(2)(A).</u>

22    Plaintiff uses the word "fraud" in the Opposition in a colloquial sense without any

23    regard to its legal connotations and disregards the fact that not all violations of securities

24    rules or laws equate to federal common law fraud, the applicable standard under §

25    523(a)(2)(A).  <u>Beneficial California, Inc. v. Brown (In re Brown)</u>, 217 B.R. 857, 860

26    (Bankr. S.D. Cal. 1998).  (The case to which Plaintiff cites, <u>In re Blech Sec. Litig.</u>, stands

27    for the proposition that market manipulation can constitute fraud under <u>New York state law,</u>

28    not federal common law.  The case is merely a federal articulation of New York state

1   common law which does not even involve a determination of nondischargeability. See In

2   re Blech Sec. Litig., 961 F. Supp. 561, 586-87 (S.D.N.Y. 1997).)

3        Moreover, Plaintiff pleads no facts which establish (a) that Defendant had a duty to

4   disclose any facts to Plaintiff or (b) that Defendant changed its position – or even could

5   have changed its position – in reliance on Defendant's statements or lack of statements.

6   Thus, Plaintiff has failed to allege a fraud that would require the Court to overturn the

7   discharge of this claim in Defendant's no-asset pro se bankruptcy.

8        A.    Plaintiff Cannot Meet the Burden of Establishing the Representation

9   Element of Fraud.

10        1.    Defendant Had No Duty To Disclose.

11        The cases Plaintiff cites in the Opposition establish that an omission to state a fact

12   "constitutes a fraudulent omission under § 523(a)(2)(A) if the debtor was under a duty to

13   disclose." See Opp. 11:3-10, citing In re Harmon, 250 F.3d 1240, 1246 n.4 (9th Cir. 2001).

14   However, Plaintiff has not pled, and certainly cannot establish, that Defendant had any duty

15   to disclose anything to Plaintiff.  Plaintiff and Defendant were anonymous traders in the

16   market for IBUY stock, unaware of each other's identities and positions on the stock and

17   without obligations to one another, other than to deliver securities in exchange for an

18   agreed-to price in a voluntary, private transaction.

19        Even if Defendant were deemed to have some duty to disclose – which he did not

20   have – Plaintiff has not established that the allegedly omitted facts were "material," as

21   required by applicable law. See Opp. 11:7-10, citing In re Howarter, 114 B.R. 682, 685 n.2

22   (9th Cir. BAP 1990).  A concealed fact is material if "a reasonable man would attach

23   importance to the alleged omissions in determining his course of action." Mandalay Resort

24   Group v. Miller (In re Miller), 310 B.R. 185, 196 (Bankr. C.D. Cal. 2004) citing Loomas v.

25   Evans (In re Evans), 181 B.R. 508, 515 (Bankr. S.D. Cal. 1995).  Here, Plaintiff does not,

26   and cannot, plead that Fiero Bros. would have attached importance to any alleged omissions

27   in determining its course of action.  Rather, the FAC alleges that Fiero Bros. held a short

28   position on IBUY stock prior to Defendant's allegedly fraudulent conduct.  Indeed, Fiero

- 2 -

1    Bros. held a naked short position and was obligated to purchase IBUY stock in order to

2    cover. Defendant had no involvement in Fiero Bros.'s decision to take a short position on

3    IBUY stock, nor did Defendant induce Fiero Bros. to cover its naked short position by

4    purchasing IBUY shares from Defendant. Rather, Fiero Bros. chose to purchase those

5    securities from Defendant, knowing the price and other terms of the transaction.

6    Succinctly: there was no omission that induced Fiero Bros.'s actions.

7            2.      Statements As to Value Are Not Actionable.

8            Plaintiff confuses the meanings of "price" and "value." In this case, price was the

9    amount of money for which Defendant was willing to sell Fiero Bros. his shares of IBUY.

10   The value of IBUY was determined by the market and was easily verifiable by Fiero Bros.

11   from any source that reported the market value of the stock. In order to cover its short

12   position in time, Fiero Bros. chose to purchase IBUY on a certain date and agreed to pay

13   Defendant's price. Plaintiff does not allege that Defendant failed to disclose the price at

14   which he was willing to sell his shares, or that Defendant prevented Fiero Bros. from

15   buying the shares from another seller of IBUY stock.

16           Further, no allegation in the FAC establishes that Defendant made any statements as

17   to the market value of IBUY stock. Rather, Defendant made an offer to sell his IBUY

18   shares at a certain price, and Fiero Bros. accepted the offer. Plaintiff argues in the

19   Opposition that there was no "agreement of value reached between a willing buyer and

20   seller" (Opp. 13:2-4), but such an argument is both irrelevant and directly contradicted by

21   the facts pled in the FAC, which state that Fiero Bros. accepted Defendant's offer for sale

22   of IBUY shares and thereby agreed to all conditions of the contract, including the price.

23           Even if Defendant had made statements as to value, which he did not, and even

24   further assuming that a sophisticated broker-dealer like Fiero Bros. could not easily verify

25   the statement of value by checking the market value of IBUY stock, such statements of

26   value cannot form the basis for a claim for nondischargeability under §

27   523(a)(2)(A)because a representation of value is merely a statement of opinion. Loomas v.

28   Evans (In re Evans), 181 B.R. 508, 512 (Bankr. S.D. Cal. 1995) (finding claim not

600257429v1                                       - 3 -

1  nondischargeable under § 523(a)(2)(A)). Especially in this case, where Fiero Bros. easily

2  could have verified that the purported statement of value by Defendant was inflated, that

3  statement cannot form the basis of a claim for nondischargeability.

4         Finally, Plaintiff's arguments and case citations regarding invoices constituting

5  representations of value and misrepresentations of value constituting grounds for rescission

6  are utterly inapplicable to the facts of this case and do not contravene any arguments in the

7  Motion to Dismiss.

8         B.      Plaintiff Has Not Pled, and Cannot Plead, Reliance.

9         Plaintiff has not pled reliance, and based on the facts alleged in the FAC, there

10 simply are no additional facts which could establish that Fiero Bros. relied on Defendant's

11 alleged statements regarding value. Fiero Bros. held a naked short position on IBUY stock

12 prior to the point in time when Defendant agreed to sell Fiero Bros. shares of the stock.

13 Additionally, Fiero Bros. locked in its short position on IBUY stock prior to any interaction

14 with Defendant as alleged in the FAC[1]. Thus, not only did Fiero Bros. not change its

15 position regarding IBUY stock based on any of Defendant's conduct, but it was not even

16 possible for Fiero Bros. to do so because Fiero Bros. had taken its naked short position prior

17 to the buy-in when the alleged misrepresentations/omissions occurred. Accordingly, there

18 simply was no reliance. Defendant did not cause Fiero Bros. to take its naked short position

19 in IBUY; Defendant did not require Fiero Bros. to cover its short position at the price

20 offered by Defendant; and Defendant did not misrepresent the price at which it was willing

21 to sell its IBUY shares to Fiero Bros. Simply put, Defendant did not induce Fiero Bros. to

22 act through any statements or omissions.

23

24

25

26 _____

[1] While Defendant was an underwriter for IBUY stock, Plaintiff does not allege any
27 misrepresentations or omissions were made in connection with the underwriting, so this
   addresses Defendant's conduct as a broker-dealer.
28

600257429v1                               - 4 -                        Case No. LA 01-26497-BB
                                                                           Adv. No. 06-10971

1    II.    Plaintiff Can State No Claim Under § 523(a)(4).

2    A.    Defendant and Fiero Bros. Had No Express Fiduciary Relationship.

3    Plaintiff has pled no facts in the FAC that show an express fiduciary relationship

4    between Fiero Bros. and Defendant.  Defendant was a principal of the underwriter of IBUY

5    stock, but it is established that the underwriter of a security is presumed not to owe a

6    fiduciary duty to the purchaser of that security.  Shawmut Bank, N.A. v. Kreiss Associates,

7    et al., 33 F.3d 1477, 1489 (9th Cir. 1994).  Other than that relationship, Plaintiff has pled

8    only one other relationship:  Fiero Bros. was a buyer and Defendant was a seller at the time

9    of the buy-in.  Plaintiff has merely pled that Fiero Bros. and Defendant were broker-dealers

10   trading in the market for IBUY stock, but Plaintiff has not pled that Defendant was Fiero

11   Bros.'s broker (because Defendant was not).  The fact that Defendant was a broker-dealer

12   in general, but not Fiero Bros.'s broker-dearler, fails to establish the express fiduciary

13   relationship required for liability under § 523(a)(4).

14   B.    Plaintiff Has Not Pled Facts Sufficient To Establish Embezzlement or

15   Larceny.

16   Federal law and not state law governs the definition of embezzlement for purposes

17   of § 523(a)(4).  First Delaware Life Ins. Co. v. Wada (In re Wada), 210 B.R. 572, 576 (9th

18   Cir. BAP 1997).  In the context of nondischargeability, embezzlement requires three

19   elements:  (1) property rightfully in the possession of a non-owner; (2) non-owner's

20   appropriation of the property to a use other than which it was entrusted; and (3)

21   circumstances indicating fraud.  See id.  The elements of a claim based on larceny differ

22   from those of a claim based on embezzlement only in that a larcenous debtor has come into

23   possession of property wrongfully.  Dakota Steel, Inc. v. Dakota (In re Dakota), 284 B.R.

24   711, 725 (Bankr. N.D. Cal. 2002).

25   Plaintiff has pled no facts, and cannot plead any, which establish either

26   embezzlement or larceny.  Fiero Bros. and Defendant formed a contract when Defendant

27   offered to sell shares of IBUY stock at a given price and Fiero Bros. accepted the offer.

28   Courts have held consistently that when payment of funds has been made pursuant to a

1    contract, both ownership and possession of the funds transfer to the receiving party. See,

2    e.g., In re Wada, 210 B.R. at id. Even if there were no contract, payment of the funds to the

3    party who is owed the funds nevertheless amounts to a transfer of ownership. Therefore,

4    the first prong for both embezzlement and larceny cannot be met.

5        Moreover, there are no allegations in the FAC (because it simply was not the case)

6    that demonstrate Fiero Bros. was entrusting the funds to Defendant for some purpose other

7    than paying Defendant for the shares of IBUY that Fiero Bros. decided to purchase.

8    Accordingly, Plaintiff cannot establish that any funds were misappropriated. Therefore,

9    Plaintiff has failed to satisfy the second prong for both embezzlement and larceny.

10        Finally, the third prong for embezzlement and larceny is not met because, as

11    delineated above, there simply are no circumstances alleged in the FAC indicating fraud.

12    Thus, Plaintiff's attempt to add, through its Opposition, a cause of action based on

13    embezzlement and larceny is in vain.

14        III.    Plaintiff Fails To State A Claim Under § 523(a)(6).

15        Plaintiff concedes that the mere charging of an excessive price is not "conversion"

16    of funds to the extent of the overcharging. This alone is fatal to Plaintiff's claim under §

17    523(a)(6). Comcast of Los Angeles, Inc. v. Sandoval (In re Sandoval), 341 B.R. 282, 295

18    (Bankr. C.D. Cal. 2006).

19        Even if conversion could be established, Plaintiff still cannot establish that

20    Defendant's conduct was willful or malicious. Applicable law indicates that not every

21    technical violation of a rule or statute amounts to "willful and malicious" conduct. See,

22    e.g., In re Sandoval, 341 B.R. 282, 296 (finding that even where statutory damages were

23    awarded based on the California Penal Code, willful and malicious conduct was not

24    established for purposes of nondischargeability).

25        The NASD buy-in rules are merely terms of the contract formed between the NASD

26    and any broker-dealers who are members of that organization. See Muh v. Newburger,

27    Loeb & Co., Inc., 540 F.2d 970, 972-73 (9th Cir. 1976); Basil Investment Corp. v.

28    Hampshire Funding, Inc., 1998 WL 88399 (E.D. Pa.), 3 (unpublished) ("The rules of the

600257429v1                           - 6 -

1    NASD constitute a contract between members of the exchange.") It has long been

2    established that even an intentional breach of contract without other tortious behavior is not

3    sufficient to constitute willful and malicious conduct. See Leonard v. Guillory (In re

4    Guillory), 285 B.R. 307, 313 (Bankr. C.D. Cal. 2002). Moreover, Defendant's alleged

5    failure to abide by its agreement with the NASD does not demonstrate willful and malicious

6    conduct with respect to Fiero Bros.

7          The situation at issue in the FAC is analogous to that in Communications Workers

8    of America, Local 11500, AFL-CIO v. Allen (In re Allen), 75 B.R. 742 (Bankr. C.D. Cal.

9    1987), where debtor, a member of a union, crossed a picket line and therefore was fined. In

10    holding that the union's claim was dischargeable, the Court found that although under

11    applicable labor law the union was authorized to impose, enforce, and collect fines for

12    crossing the picket line, that such conduct merely amounted to a breach of contract because

13    the conduct did not constitute a tort. See In re Allen, 75 B.R. at 744-745. The court

14    therefore found that the conduct was not willful and malicious, despite the debtor's

15    subjective intent to cross the picket line. See id. Similarly, the conduct attributed to

16    Defendant in the FAC at best may amount to a technical violation of a NASD rule, but does

17    not constitute willful or malicious conduct against Fiero Bros.

18          Finally, whether the conduct is willful or malicious is to be examined based on the

19    debtor's subjective belief. In re Dakota, 284 B.R. at 726. Plaintiff therefore cannot

20    establish as a matter of law that Defendant had actual knowledge that harm to Fiero Bros.

21    was substantially certain. The FAC does not plead that Defendant and Fiero Bros. even

22    knew each other's identities as they co-existed in the market for IBUY stock. The parties

23    were anonymous to each other well after the transactions at issue in the FAC took place.

24    Moreover, the FAC does not allege that Defendant knew about the desperate situation in

25    which Fiero Bros. found itself by virtue of its naked short position. The FAC does not

26    allege that Defendant knew that Fiero Bros., or any other short seller, would purchase the

27    shares instead of any other party which simply wanted to trade in IBUY stock. Thus, the

28    FAC fails to demonstrate conversion as required under § 523(a)(6).

Case No. LA 01-26497-BB
Adv. No. 06-10971

1    IV.    Plaintiff Is Not Entitled To Relief, As a Matter of Law, Under § 523(a)(19).

2         Plaintiff's arguments in the Opposition that § 523(a)(19) should be an available

3    remedy for Plaintiff – despite the fact that it was not an available remedy to Plaintiff's

4    predecessor in interest – are misguided and therefore inapposite.  Plaintiff misreads the

5    holding in Smith v. Gibbons (In re Gibbons), 289 B.R. 588, 593-94 (Bankr. S.D.N.Y. 2003)

6    to say that so long as any adversary proceeding was pending at the time a statute becomes

7    effective, then that statute is an available remedy to any subsequent complainers.  In pursuit

8    of this misplaced view, Plaintiff cites adversary proceedings – none of which involved

9    claims under § 523(a)(19) – which were pending at the time § 523(a)(19) became

10   effective[2].  See Opp. pp. 3-7; Request for Judicial Notice Filed in Support of Plaintiff

11   Alfonso Fiero's Opposition to Defendant/Debtor Cery B. Perle's Motion To Dismiss First

12   Amended Complaint for Failure To State Any Claim, Exhibits A-D.  However, that simply

13   is not the law.  As stated in the Motion To Dismiss, the court in In re Gibbons held that the

14   plaintiff in a pending adversary proceeding was entitled to add a further cause of action

15   under § 523(a)(19).  Under the Gibbons court's reasoning, § 523(a)(19) would not be an

16   available remedy to Plaintiff.

17        Plaintiff also misrepresents Defendant's argument in the Motion To Dismiss, stating

18   that "Defendant admits in his papers that congress [sic] intended Section 523(a)(19) to

19   apply retroactively."  Opp. 6:12-13.  Defendant, however, has done no such thing, and the

20   case law does not support such a position.  Defendant has reiterated Congress's intent to

21   have § 523(a)(19) apply to conduct that occurred prior to § 523(a)(19)'s effective date.  But

22   it is not the law that § 523(a)(19) applies to cases that were closed prior to § 523(a)(19)'s

23   effective date, and Plaintiff cites to no authority that contradicts this position.

24        Finally, Plaintiff makes the inane argument that this case is "pending" for purposes

25   of § 523(a)(19) because this Court has re-opened the bankruptcy to allow Plaintiff to file

26   ――――――――――――――――――

27   [2] Plaintiff additionally attempts to mislead this Court to thinking the Court ordered the
     judgments in the adversary proceedings when, in fact, Defendant chose to settle these
     adversary proceedings on his own volition.

28

Case No. LA 01-26497-BB
Adv. No. 06-10971

1   this claim.  This reasoning is illogical.  It cannot be the case that the mere re-opening of this

2   bankruptcy proceeding (which was done without any prior notice to Defendant) is sufficient

3   to permit the retroactive application of § 523(a)(19) to a case that has been closed for

4   almost six years.

5          V.     CONCLUSION.

6          The defects in Plaintiff's FAC cannot be cured by re-pleading (again) as no set of

7   facts can establish the legal claims laid out by Plaintiff.  Based on the foregoing, Defendant

8   respectfully requests the FAC be dismissed in its entirety and that Plaintiff not be granted

9   leave to re-plead.

10  Dated:  February 20, 2007.

11

12                                              PILLSBURY WINTHROP SHAW PITTMAN
                                                LLP
                                                KENNETH N. RUSSAK
13                                              DAVID L. STANTON
                                                AVISHA A. PATEL
14                                              725 South Figueroa Street, Suite 2800
                                                Los Angeles, CA  90017-5406

15
                                                By _____
16                                                        David L. Stanton
                                                        Attorneys for Defendant
17                                                        CERY B. PERLE

18

19

20

21

22

23

24

25

26

27

28

Docket No. LA 01-26497-BB

ADV06-01971BB

<u>PROOF OF SERVICE BY MAIL</u>

I, Myra Blomgren, the undersigned, hereby declare as follows:

1.    I am over the age of 18 years and am not a party to the within cause.  I am employed by Pillsbury Winthrop Shaw Pittman LLP in the City of Los Angeles, California.

2.    My business address is 725 South Figueroa Street, Suite 2800, Los Angeles, CA  90017-5406.

3.    I am familiar with Pillsbury Winthrop Shaw Pittman LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

4.    On February 20, 2007, at 725 South Figueroa Street, Suite 2800, Los Angeles, California, I served a true copy of the attached document(s) titled exactly: **REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE ANY CLAIM** by placing it/them in an addressed, sealed envelope clearly labeled to identify the person being served at the address shown below and placed in interoffice mail for collection and deposit in the United States Postal Service on that date following ordinary business practices:

Trustee
Linda J. Chu
515 South Flower Street, Suite 440
Los Angeles, CA 90071

Leslie Schwaebe Akins
Dennis R. Villavicencio
Akins & Villavicencio, LLP
P.O. Box 131253
Carlsbad, CA 92013

600257805v1                PROOF OF SERVICE BY MAIL

Case No. LA 01-26497-BB
Adv. No. 06-01971 BB

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.  Executed this 20th day of February, 2007 at Los Angeles,

3    California.

4

5

6    _____

7    Myra Blomgren

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    600257805v1                    PROOF OF SERVICE BY MAIL

Case No. LA 01-26497-BB
Adv. No. 06-01971 BB

1                            No. LA 01-26497 BB

2                             Adv. 06-01971 BB

3               <u>PROOF OF SERVICE BY FACSIMILE</u>

4      I, Myra Blomgren, the undersigned, hereby declare as follows:

5        1.      I am over the age of 18 years and am not a party to the within cause.  I am

6 currently a temporary employee of Pillsbury Winthrop Shaw Pittman LLP in the City of

7 Los Angeles, California.

8        2.      My business address is 725 South Figueroa Street, Suite 2800, Los Angeles,

9 CA  90017-5406.

10        3.      On February 20, 2007, at 725 South Figueroa Street, Suite 2800,

11 Los Angeles, California at approximately 1:30 p.m., I served a true copy of the attached

12 document titled exactly **<u>REPLY IN SUPPORT OF MOTION TO DISMISS FIRST</u>**

13 **<u>AMENDED COMPLAINT FOR FAILURE TO STATE ANY CLAIM</u>** by sending it

14 via facsimile transmission to the following persons at the fax numbers so indicated:

15     Leslie Schwaebe Akins
         Dennis R. Villavicencio
16     Akins & Villavicencio, LLP
         P.O. Box 131253
17     Carlsbad, CA 92013
         Telephone:  (760) 931-2920
18     FAX:  (760) 603-0547

19

20        4.      The transmission was reported as complete and without error.  A printed

21 copy of the machine's transmission record, indicating that the transmission was

22 successfully completed, is attached to this declaration.

23        5.      The telephone number of the facsimile machine I used was (213) 629-1033.

24 This facsimile machine complies with Rule 2003(2) of the California Rules of Court.

25

26

27

28

1       I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct. Executed this 20th day of February, 2007, at Los Angeles,

3    California.

4

5                                 *Myra Blomgren*

6                                  Myra Blomgren

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                        PROOF OF SERVICE VIA FACSIMILE

# Confirmation Report - Memory Send

Page        : 001
Date & Time: Feb-20-07   01:30pm
Line 1      : 213-6291033
Line 2      :
Machine ID : PILLSBURY WINTHROP SHAW PITTMAN LLP

| | | |
|---|---|---|
| Job number | : | 148 |
| Date | : | Feb-20 01:28pm |
| To | : ☎ | 917606030547 |
| Number of pages | : | 013 |
| Start time | : | Feb-20 01:28pm |
| End time | : | Feb-20 01:30pm |
| Pages sent | : | 013 |
| Status | : | OK |
| Job number | : 148 | |

OK

*** SEND SUCCESSFUL ***

**Pillsbury Winthrop Shaw Pittman**

725 South Figueroa Street
Suite 2800
Los Angeles, CA 90017-5406
Tel 213.488.7100
Fax 213.629.1033
www.pillsburylaw.com

**FACSIMILE**

HOUSTON
LONDON
LOS ANGELES
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
SACRAMENTO
SAN DIEGO
SAN DIEGO-NORTH COUNTY
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SYDNEY
TAIPEI
TOKYO
WASHINGTON DC

Total Pages (including cover):    13

| | | | |
|---|---|---|---|
| Date: | February 20, 2007 | Must Be Sent By: | |
| To: | Leslie Schwaebe Akins | Fax No: | (760) 931-2920 |
| Company: | Akins & Villavicencio, LLP | Phone No: | (760) 603-0547 |
| From: | Avisha A. Patel | Phone No: | 213.488.7480 |
| User No: | 14243 | C/M No: | 099754 0206020 |

Comments:

Confidentiality Note:
The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

If you have not properly received this fax, please call (213) 488-7577. Thank you.
Operator: _____ 5-5 _____    Time Sent: _____ Batch ID: _____

600257785v1