1  Leslie Schwaebe Akins (SBN 138678)
   LESLIE SCHWAEBE AKINS, A LAW CORPORATION
2  7157 Argonauta Way
   Carlsbad, CA 92009
3  Tel: 760-931-2920
   Fax: 760-603-0547
4
   Attorney for Plaintiff,
5  Alfonso Fiero

6

7              UNITED STATES BANKRUPTCY COURT

8     FOR THE CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

9

| | |
|---|---|
| In re | CASE NO. LA 01-26497-BB |
| CERY BRADLEY PERLE, | [Chapter 7] |
| Debtor. | Adv. No.: ADV-06-01971-BB |
| | The Honorable S. Bluebond - 626 |
| ALFONSO FIERO, | **EXHIBIT 1 TO THE AFFIDAVIT OF GREGORY C. GLYNN FILED IN SUPPORT OF PLAINTIFF ALFONSO FIERO'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT** |
| Plaintiff, | |
| vs. | |
| CERY BRADLEY PERLE, | |
| Defendant. | DATE: November 10, 2009<br>TIME:  2:00 p.m.<br>CTRM: 1475 |
| | DATE FILED: September 13, 2006<br>DISCOVERY CUT OFF: July 31, 2009<br>TRIAL DATE: None set |

23
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

EXHIBIT 1 TO THE AFFIDAVIT OF GREGORY C. GLYNN

1

# EXHIBIT 1

Leslie Schwaebe Akins (Bar No. 138678)
Dennis R. Villavicencio (Bar No. 166300)
AKINS & VILLAVICENCIO, LLP
7157 Argonauta Way
Carlsbad, California 92009
(760) 931-2920 telephone
(760) 603-0547 facsimile

Attorney for Plaintiff
Alfonso Fiero

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CERY B. PERLE,<br><br>               Debtor,<br><br>ALFONSO FIERO, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor FIERO BROTHERS, INC., Assignor, pursuant to Assignment dated March 1, 2006,<br>               Plaintiff,<br><br>v.<br><br>CERY B. PERLE,<br>               Defendant. | CASE NO. LA-01-26497 BB<br><br>Adv. 06-01971 BB<br><br>CHAPTER 7<br><br>**NOTICE OF SUBPOENA DUCES TECUM TO THE CUSTODIAN OF RECORDS AT UNITED STATES SECURITIES AND EXCHANGE COMMISSION**<br><br>Judge:   Hon. Sheri Bluebond |

///
///
///
///

---

SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS AT
UNITED STATES SECURITIES AND EXCHANGE COMMISSION

EXHIBIT 1   PAGE 4                    1         LA 01-26497 BB Adv. No. 06-10971

1  PLEASE TAKE NOTICE that Plaintiff, ALFONSO FIERO ("Fiero") will serve, United States
2  Securities and Exchange Commission, with a subpoena duces tecum, a copy of which is
3  attached hereto. The documents requested in the subpoena are listed in Attachment A
4  thereto.

5
6  Dated: November 13, 2008                    Respectfully submitted,

7                                              LESLIE SCHWAEBE AKINS, A.L.C.
8
9
10                                             By: _____
                                                   Leslie Schwaebe Akins, Esq.
11                                                 Attorneys for PLAINTIFF
                                                   Alfonso Fiero
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT "A" TO SUBPOENA TO CUSTODIAN OF RECORDS OF UNITED STATES SECURITIES AND EXCHANGE COMMISSION

## DOCUMENTS TO BE PRODUCED

Pursuant to Federal Rule of Bankruptcy Procedure 9016, you are obligated to produce all books, documents or tangible things identified herein which are in United States Securities and Exchange Commissions' possession, custody, or control.

**Definitions:** As used in this subpoena, the following definitions apply:

1. "UNITED STATES SECURITIES AND EXCHANGE COMMISSION" means United States Securities and Exchange Commission and shall include all partners, employees, agents, representatives, members, and other affiliates of any kind, whether past or present, of United States Securities and Exchange Commission.

2. "YOU and "YOUR" shall refer to United States Securities and Exchange Commission.

3. "COMMUNICATION(S)" means the transmittal or receipt of information by any means or in any manner.

4. "REGARDING," "RELATE(S) TO," and "RELATING TO" mean containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, referring to, having any connection with, or having any tendency to prove or disprove the matters set forth.

5. The term "DOCUMENT" or "DOCUMENTS" as used herein shall be interpreted in the most comprehensive and inclusive sense in light of Federal Rule of Civil Procedure 34 (made applicable herein by Federal Rule of Bankruptcy Procedure 7034) and includes, without limitation, the original and all non-identical copies (including those with any notations, marks, alterations, comments or other changes) and includes all means of storing or preserving information. DOCUMENT includes, but shall not be limited to, all handwritten, typed, printed, or otherwise visually or orally recorded materials, whether originals, copies, drafts, or translations within the possession, custody, or control of YOU,

including but not limited to: agreements and contracts; assignments: licenses: correspondence: reports. notes and memoranda: summaries, minutes, notes and records of telephone conversations, meeting and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of ENTITIES having knowledge of relevant facts; cablegrams and telex messages; facsimile transmissions; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; trade letters, notices and announcements, and press releases; specification sheets and diagrams; warranty forms; notebooks, dab sheets, microfilm, microfiche, photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures, photographs; all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CD-ROM, including without limitation software, firmware, source code and electronic mail including without limitation attachments thereto; software, firmware and source code not stored on computer-readable media; and all writings as that term is defined by Rule 1001 of the Federal Rules of Evidence.

**Documents to be Produced:**   You are to produce all documents in your possession, custody or control which fall within the following categories:

1. All Documents regarding <u>SEC v. Waldron & Co., Inc. and Cery Perle</u>, United States District Court Central District of California, Case Number SACV-Civil Action No. 99-3299 DT (Ex) (C.D.Cal.) including all pleadings, exhibits, Deposition transcripts, affidavits, orders, documents, obtained pre-filing, documents obtained in discovery (regardless of source), orders, correspondence, communications, and data received from third parties.

///

1  2.  All Documents regarding SEC Administrative Proceeding No. 3-9991, entitled
2      <u>In the Matter of Cery B. Perle,</u> including all pleadings, exhibits, Deposition
3      transcripts, affidavits, orders, documents, obtained pre-filing, documents
4      obtained in discovery (regardless of source), orders, correspondence,
5      communications, and data received from third parties.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Form 255 – Subpoena in an Adversary Proceeding (12/06)      2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re:<br>CERY B. PERLE,<br>    Debtor.<br><br>ALFONSO FIERO, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor FIERO BROTHERS, INC., Assignor, pursuant to Assignment dated March 1, 2006<br>    Plaintiff,<br>v.<br>CERY B. PERLE<br>    Defendant. | **SUBPOENA IN AN ADVERSARY PROCEEDING**<br><br>Case No.: LA-01-26497 BB<br><br>Chapter: 7 |
| To: Securities and Exchange Commission | Adv. Proc. No. *: 06-01971 BB |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A.

| PLACE | Atkinson Baker<br>500 N. Brand Blvd., 3rd Floor<br>Glendale, CA 91203 | DATE AND TIME<br>**December 15, 2008 10:00 a.m.** |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff      /s/ Leslie S. Akins | DATE<br>11/13/08 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER 760-931-2920<br>Leslie S. Akins, Esq., Akins & Villavicencio LLP, 7157 Argonauta Way, Carlsbad, CA 92009 | |

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

**EXHIBIT 1    PAGE 9**

Form 255 – Subpoena in an Adversary Proceeding (12/06)                                                  2006 USBC, Central District of California

| PROOF OF SERVICE |||
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) See Attached Proof of Service | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016,Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an un retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

<u>Alfonso Fiero, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor Fiero Brothers, Inc., Assignor, pursuant to Assignment dated March 1, 2006 v. Cery B. Perle</u>
Case Number LA 01-26497-BB
Adv. No. 06-01971 BB

### PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )
COUNTY OF SAN DIEGO    )

    I am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is P.O. Box 131253, Carlsbad, California 92013.

    On **November 13, 2008**, I served **NOTICE OF SUBPOENA DUCES TECUM TO THE CUSTODIAN OF RECORDS AT UNITED STATES SECURITIES AND EXCHANGE COMMISSION; AND SUBPOENA IN AN ADVERSARY PROCEEDING** on the interested parties in said action, by delivering it as follows:

Darrell Palmer, Esq.
Law Offices of Darrell Palmer
603 North Highway 101, Suite A
Solana Beach, CA 92075
fax: 858-792-5655

\_\_\_\_    **(By Facsimile)** I caused each document to be sent by facsimile to the above-stated numbers(s)

X\_\_\_    **(By Mail)** I placed the envelope for collection and processing for mailing following the ordinary practice of this business with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid to the above address.

\_\_\_\_    **(By Electronic Mail)** I caused such documents to be sent via e-mail at the e-mail addresses listed above.

\_\_\_    **(By Overnight Mail)** I caused such envelope with postage fully prepaid to be sent by United Parcel Service.

I Declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed **November 13, 2008**, at Carlsbad, California.    *[signature]*
                                                                                                   Ashley Hall

### PROOF OF SERVICE