DARRELL PALMER (125147)
Law Offices of Darrell Palmer
603 N. Hwy 101, Suite A
Solana Beach, CA 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Defendant, CERY B. PERLE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CERY B. PERLE,<br><br>Debtor,<br><br>―――――――――――――<br><br>ALFONSO FIERO, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor FIERO BROTHERS, INC., Assignor, pursuant to the Assignment dated March 1, 2006,<br><br>Plaintiff,<br><br>vs.<br><br>CERY B. PERLE<br><br>Defendant | Case No.: LA 01-26497-BB<br><br>ADV06-01971BB<br><br>**DECLARATION OF CERY B. PERLE IN SUPPORT OF DEBTOR'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 10, 2009<br>Time: 2:00p.m.<br>Place: Courtroom 1475<br>Judge: Hon. Sheri Bluebond |

1

**DECLARATION OF CERY B. PERLE IN SUPPORT OF DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

I, Cery Bradley Perle, declare and state as follows:

1.    The following is based on my personal knowledge and if called upon as a witness I could competently testify thereto.

2.    I am the debtor/defendant in this action. Plaintiff Alfonso Fiero filed this action seeking a declaration that a judgment obtained by plaintiff's assignee Fiero Brothers, Inc. ("Fiero Brothers) is non-dischargeable in bankruptcy. Plaintiff's claim is based on an arbitration award rendered in favor of the Fiero Brothers by the National Association of Securities Dealers ("NASD").

3.    On February 17, 1998, Fiero Brothers commenced an arbitration proceeding before the NASD against me, Waldron & Co., Inc., and Wedbush, Morgan, Securities, Inc. in Case No. 98-00587 ("NASD Arbitration"). Fiero Brothers alleged that Defendant, Waldron & Co., and Wedbush, Morgan, Securities, Inc., a clearing house conspired to manipulate the securities market relating to the shares of an internet company called Shopping.com. At the NASD Arbitration, Fiero Brothers sought more than $4 million in compensatory damages. The NASD Arbitration proceeding concluded with a four day arbitration which was held between September 1-4, 1998. Mr. Martin Russo appeared on behalf of Fiero Brothers in the NASD Arbitration. Mr. Russo conducted the four day arbitration on behalf of Fiero Brothers. Mr. Russo presented multiple witnesses, and more than 75 exhibits, and presented closing arguments. On September 17, 1998, Fiero Brothers received a $350,000 award against Waldron & Co. and me ("NASD Award").

4.    I did not receive any notice that the NASD Award had been converted into a judgment by the Los Angeles Superior Court.

5.    On May 25, 2001, I filed a voluntary Chapter 7 bankruptcy petition. I represented myself in pro se in my bankruptcy. I also filed all of the schedules and creditor's matrix in support of my bankruptcy.

**DECLARATION OF CERY B. PERLE IN SUPPORT OF DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

6.    I believed that the debt under the NASD Award was owed to the NASD and not the Fiero Brothers and therefore I stated the following in Schedule E: an "NASD/NASD Regulation" claim based on a "1999 Arbitration" in an unknown amount.

7.    The first date set for the first meeting of creditors was June 29, 2001. Fiero Brothers did not file an adversarial proceeding before August 28, 2001. I received a discharge on March 11, 2002.

8. In February 2006, within only a couple of weeks of my final settlement payment to Corsair, Fiero Brothers attempted to levy on my retirement account. I then became aware for the first time that Fiero Brothers claimed that the Judgment had not been discharged in bankruptcy. Following this there was again no activity until October 2006 when this adversary proceeding was filed by Plaintiff.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: September 30, 2009

_____
Cery B. Perle

3

**DECLARATION OF CERY B. PERLE IN SUPPORT OF DEBTOR'S MOTION FOR SUMMARY JUDGMENT**