Leslie Schwaebe Akins (SBN 138678)
LESLIE SCHWAEBE AKINS, A LAW CORPORATION
7157 Argonauta Way
Carlsbad, CA 92009
Tel: 760-931-2920
Fax: 760-603-0547

Attorney for Plaintiff and Creditor
Alfonso Fiero

# UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CERY BRADLEY PERLE,<br><br>  Debtor.<br><br>ALFONSO FIERO,<br><br>  Plaintiffs,<br><br>vs.<br><br>CERY BRADLEY PERLE,<br><br>  Defendant. | CASE NO. LA 01-26497-BB<br><br>[Chapter 7]<br><br>Adv. No.: ADV-06-01971-BB<br><br>The Honorable S. Bluebond - 626<br><br>**AFFIDAVIT OF JOHN FIERO FILED IN OPPOSITION TO DEFENDANT CERY B. PERLE'S MOTION FOR SUMMARY JUDGMENT**<br><br>DATE: November 10, 2009<br>TIME: 2:00 p.m.<br>CTRM: 1475<br><br>DATE FILED: September 13, 2006<br>DISCOVERY CUT OFF: July 31, 2009<br>TRIAL DATE: None set |

John J. Fiero, being duly sworn, deposes and says:

1.   I am a resident of the state of Florida, and am the former President, sole owner and Director of Fiero Brothers, Inc. ("Fiero Bros."). I am also the uncle of Alfonso Fiero, the plaintiff and assignee of the Assignment of Judgment dated March 1, 2006 by Fiero Brothers, Inc. I have personal knowledge as to all facts set

AFFIDAVIT OF JOHN J. FIERO IN OPPOSITION TO PERLE SUMMARY JUDGMENT MOTION

1

forth in my affidavit and could competently testify as to them if called upon to do so. As to those facts set forth on information and belief I believe them to be true.

2. Fiero Bros. is a judgment creditor of the debtor and defendant Cery B. Perle ("Perle"), which is reflected in the Judgment entered April 6, 1999 by the Los Angeles Superior Court in the case entitled *Fiero Brothers, Inc. v. Waldron & Co. and Cery Perle*, Los Angeles Superior Court Case No. BS055659 ("the Judgment"). The Judgment resulted from the Los Angeles Superior Court granting Fiero Bros.' Petition to Confirm Arbitration Award for $350,000, which arbitration award was rendered in the National Association of Securities Dealers ("NASD") arbitration proceeding entitled *Fiero Brothers, Inc. v. Waldron & Co., Inc., Cery Perle, Wedbush Morgan Securities, Inc. and Ed Wedush*, NASD Case No. 98-00587 (the "NASD Arbitration").

3. Fiero Bros.' attorney in the NASD Arbitration was Martin Russo, Esq. Mr. Russo represented Fiero Bros. in the NASD Arbitration up through Fiero Bros. obtaining an arbitration award, which it did on September 17, 1998. Mr. Russo was not retained for any other purpose related to the NASD Arbitration. Mr. Russo was not retained to file a Petition to Confirm the NASD Arbitration Award in the California Superior Court, nor to obtain, or enforce any resulting judgment, nor was Mr. Russo retained to collect the Judgment. Mr. Russo's services on behalf of Fiero Bros. regarding the NASD Arbitration terminated by year end 1998.

**Fiero Bros.' Out-of-Pocket Damages Resulting From Manipulation of the Market for Shopping.com**

4. Attached to the Appendix of Exhibits as **Exhibit 1** is a true and correct copy of a Summary of Fiero Bros.' damages, which was designated by Fiero Bros. as Arbitration Exhibit 68 in the NASD Arbitration (Bates Stamp F007221-7228), and was introduced and discussed at the arbitration and admitted into evidence. I compiled Exhibit 68 along with Fiero Bros.'accountant Dean Hillsick from my records, specifically, from documents.

5. At the NASD Arbitration, Fiero Bros. presented evidence that it suffered damages as a result of Perle and Waldron's forced buy-ins at prices that greatly exceeded the market price for IBUY stock, and gave differing methods of calculation. One method of calculation for determining Fiero Bros.' out of pocket losses was based upon the excess of the buy-in price measured against the weighted average cost per share received by Fiero Bros. This amount for the four buy-ins identified in Fiero Bros.' Second Amended SOC (i.e., February 12, 1998, March 6, 1998, March 11, 1998, and March 16, 1998) was $789,255, and determined as follows:

| Date | No. Shares | Buy-In $ | Weighted Ave. $/ Sh | Damage |
| --- | --- | --- | --- | --- |
| 2/12/98 | 35,350 | 25.25 | 22.93 | 82,063 |
| 3/6/98 | 25,455 | 29.00 | 20.85 | 207,564 |
| 3/11/98 | 34,428 | 39.00 | 21.09 | 513,236 |
| 3/16/98 | 38,057 | 26.50 | 26.62 | 4,637 |

6. At the NASD Arbitration, Fiero Bros. also presented a second method of calculation of its damages based on the excessive buy-in prices charged compared to the market price of IBUY stock on the buy-in dates. Under this alternative methodology, Fiero Bros.' out of pocket damages on the four buy-ins identified in Fiero Bros.' Second Amended SOC (i.e., February 12, 1998, March 6, 1998, March 11, 1998, and March 16, 1998) totaled $463,581 when measured against the buy-in price as compared to the market price at the time of buy-ins, determined as follows:

| Date | No. Shares | Buy-In $ | Market Price | Damage |
| --- | --- | --- | --- | --- |
| 2/12/98 | 35,350 | 25.25 | 24.5 | 26,513 |
| 3/6/98 | 25,455 | 29.00 | 25.9375 | 77,956 |
| 3/11/98 | 34,428 | 39.00 | 29.3125 | 282,998 |
| 3/16/98 | 38,057 | 26.50 | 24.50 | 76,114 |

///

7. Attached to the Appendix of Exhibits as **Exhibit 2** is a true and correct copy of Fiero Bros.' NASD Arbitration Exhibit 53, which is its Daily Trade Activity in IBUY, generated by its clearing firm King, reflecting the trades for IBUY stock from February 1998 through March 31, 1998 (Bates Stamp F006822-6833). This document was provided to Perle and admitted into evidence at the NASD Arbitration, and used to establish the foundation for Exhibit 68 which summarize the damages suffered by Fiero Bros. from the above market buy-ins. Further, this document was produced by my former attorney Martin P. Russo, Esq. pursuant to subpoena in the instant matter.

8. At the NASD Arbitration, both Fiero Bros. and Cery Perle and Waldron & Co., Inc. put on evidence and made closing arguements. Attached to the Appendix of Exhibits as **Exhibit 3** is a true and correct copy of the Respondents' Exhibit List presented at the NASD Arbitration Hearing. Attached to the Appendix of Exhibits as **Exhibit 4** and incorporated herein by reference is a true and correct copy of the transcript of Thomas Fehn's closing argument at the NASD Arbitration Hearing. These documents were in the files of my former counsel Martin Russo, Esq. Martin Russo represented Fiero Bros. at the NASD Arbitration hearing. I am informed that these documents were produced by Mr. Russo to al counsel in this case at the time of his deposition in December 2008.

9. Attached to the Appendix of Exhibits as **Exhibit 5** is a true and correct copy of the Award rendered in the NASD Arbitration. This Award gave Fiero Bros. $350,000 in compensatory damages against Perle and Waldron, and $50,000 in compensatory damages against Wedbush Morgan Securities, Inc.

**FIERO Bros.' PETITION TO CONFIRM ARBITRATION AWARD, OBTAINING JUDGMENT AGAINST PERLE/ NOTICE TO PERLE**

10. Fiero Bothers retained California attorney Mark Kessler, Esq. to file the necessary actions to convert Fiero Bros.' NASD Arbitration Award into a Judgment in California. On February 10, 1999, Fiero Bros. filed a Petition to Confirm the

Arbitration Award in the Los Angeles Superior Court, Los Angeles Superior Court Case No BS055659 ("the Petition"). Attached to the Appendix of Exhibits as **Exhibit 6** is a true and correct copy of Fiero Bros.' Petition to Confirm the Arbitration Award, which was served on Perle through his counsel, H. Thomas Fehn, Esq. of Fields, Fehn & Sherwin.

11. At this time, Fields, Fehn & Sherwin were counsel of record for Cery Perle and Waldron not only in the NASD Arbitration, but also with respect to the SEC District Court civil action and the NASD investigation regarding the trading activities concerning Shopping.com. The Petition reflected that on September 17, 1998, the arbitrators in the NASD Arbitration made their Award in favor of Fiero Bros., determining all issues submitted to them, and awarded Fiero Bros. the sum of $350,000 in compensatory damages against Waldron, Perle and Ed Harris, and the sum of $50,000 against Wedbush.

12. Fields, Fehn & Sherwin also represented Waldron in the Los Angeles Superior Court action filed by Fiero Bros. on March 3, 1998 for fraud and injunctive relief, which was a companion case to the NASD Arbitration. In that Los Angeles Superior Court action, Fiero Bros. was represented by Mark S. Shipow, Esq. of Whitman Breed Abbott & Morgan LLP. Martin Russo, Esq. was not Fiero Bros.' counsel in that action. Attached to the Appendix of Exhibits as **Exhibit 7** is a true and correct copy of Fiero Bros.' complaint filed March 3, 1998 in that Los Angeles Superior Court Case, as well as the first page of Waldron's pleading opposing Fiero Bros.' Ex Parte Application for a continuance.

13. Additionally, I am informed that Fields Fehn & Sherwin also represented Perle and Waldron in their civil court action in the Los Angeles Superior Court filed in April 1998 against several former brokers at Waldron who provided me with statements concerning Waldron's actions with regarding Shopping.com. A true and correct copy of the April 6, 1998 complaint for Interference with Business Relations is attached to the Appendix of Exhibits as **Exhibit 8** and

incorporated herein by reference. A copy of Perle and Waldron's complaint was produced by Perle and Waldron as part of their arbitration exhibits in the NASD Arbitration.

14. On April 6, 1999, the Los Angeles Superior Court, in Case No. BS 055659 issued its Order Confirming Fiero Bros.'s Arbitration Award. Attached to the Appendix of Exhibits as **Exhibit 9** and incorporated therein is a true and correct copy of the Court's April 6, 1998 Order.

15. On April 6, 1999 the Los Angeles Superior Court, in Case No. BS5055659 also entered Judgment in favor of Fiero Bros. against Perle and Waldron, in the amount of $350,000 in compensatory damages. Attached to the Appendix of Exhibits and incorporated herein by reference as **Exhibit 10** is a true and correct copy of the April 6, 1999 Judgment entered in favor of Fiero Bros.

16. On April 20, 1999, Fiero Bros. filed and served its Notice of Entry of Judgment in the Los Angeles Superior Court in case no. BS055659 on all parties. Attached to the Appendix of Exhibits as **Exhibit 11** and incorporated therein is a true and correct copy of the April 20, 1999 Notice of Entry of Judgment.

17. On January 4, 2000, the Abstract of Judgment was filed in the Los Angeles Superior Court, Case No. BS 055659 by Fiero Bros. through its new attorney, Peter D. Lepiscopo, Esq. of Law Offices of Peter D. Lepiscopo located in San Diego, California. Attached to the Appendix of Exhibits as **Exhibit 12** and incorporated therein is a true and correct copy of the January 4, 2000 Abstract of Judgment filed in Los Angeles Superior Court Case No. BS 055659. The Abstract of Judgment shows that Perle was served both directly, and through his counsel Thomas Fehn of Fields, Fehn & Sherwin.

18. At no time was Martin Russo retained to enforce Fiero Bros.' Judgment against Perle; nor was he ever retained to collect on the Judgment against Perle.

19. Fiero Bros., Inc. was represented in certain NASD, civil and bankruptcy proceedings by attorneys other than Martin Russo. Specifically, Fiero Bros. was

often represented by Martin Kaplan, Esq., such as in the NASD Disciplinary Proceeding and the Adler Coleman bankruptcy proceeding. Fiero Bros. retained at least three separate law firms in California to represent it with respect to Waldron and Perle's trading activities related to Shopping.com, confirming the NASD Arbitration Award into a Judgment, and collecting on the Judgment entered with respect to the NASD confirmed Arbitration Award for Fiero Bros..

20.    The NASD Disciplinary Matter that resulted in a fine against me for $1,000,000 is not a final judgment. It is currently on appeal from the United States District Court for the Southern District of New York in the action entitled <u>John J. Fiero and Fiero Bros., Inc. v. Financial Industry Regulatory Authority, Inc.</u>, Case No. 08 Civ 1298(VM). Attached to the Appendix of Exhibits as **Exhibit 13** and incorporated herein by reference is a true and correct copy of the United State Court of Appeal's Order re: reinstatement of the cross-appeals of the District Court's in the above entitled action on August 12, 2009.

_____
John J. Fiero

Sworn to me a Notary Public, this 20th day of October, 2009.

_____
Notary Public

CHRISTINA E ABREU
Notary Public, State of New York
No. 01AB6184285
Qualified in Queens County
Commission Expires April 16, 2011

---

AFFIDAVIT OF JOHN J. FIERO IN OPPOSITION TO PERLE SUMMARY JUDGMENT MOTION

7

In re: Cery Bradley Perle, Debtor

Alfonso Fiero, v. Cery B. Perle
Case Number LA 01-26497-BB
Adv. No. 06-01971 BB

## PROOF OF SERVICE OF ELECTRONIC SERVICE

STATE OF CALIFORNIA   )
                      )
COUNTY OF SAN DIEGO   )

I am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is P.O. Box 131253, Carlsbad, California 92013.

On **October 20, 2009**, I served **AFFIDAVIT OF JOHN FIERO FILED IN OPPOSITION TO DEFENDANT CERY B. PERLE'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in said action, by delivering it as follows:

__X__ Service will be accomplished through an NEF for parties and counsel who are registered CM/ECF users.

**Electronic Mail Notice List**

**The following is the list of parties who are currently on the list to receive e-mail notices for this case.**

Darrell Palmer:   darrell.palmer@cox.net

United States Trustee (LA):
ustpregion16.la.ecf@usdoj.gov

Leslie S Akins:   lsa@stockmarketlaw.com

Pamela Labruyere:   pamela@sgsslaw.com

I Declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed **October 20, 2009**, at Carlsbad, California.

_____
Ashley Hall

**PROOF OF SERVICE**