# EXHIBIT 24

```
                U.S. BANKRUPTCY COURT

              CENTRAL DISTRICT OF CALIFORNIA

                         - - -


In re:                              )
                                    )
    CERY B. PERLE,                  )     CERTIFIED COPY
                                    )
         Debtor.                    )
                                    )
_____)
                                    )
ALFONSO FIERO, an individual,       )
et al.,                             )
                                    )
              Plaintiffs,           )
                                    )
         vs.                        )     No. LA-01-26497 BB
                                    )
CERY B. PERLE,                      )
                                    )
              Defendant.            )
                                    )
_____)



                    DEPOSITION OF

                 CERY BRADLEY PERLE

                 MURRIETA, CALIFORNIA

                   APRIL 28, 2008


ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com


REPORTED BY:   DEVON G. GUALANO, CSR NO. 10535, RPR

FILE NO.:   A20164D
```

1

EXHIBIT 24 PAGE 186

1    Do you know why you included Mr. Arneniam on
2  your Schedule F to your bankruptcy petition?
3              MS. MEYER:  Object.  Relevance.
4              THE WITNESS:  Don't recall.
5  BY MS. AKINS:
6       Q.   Okay.  Not included on Schedule F is
7  Fiero Brothers, Inc., correct?
8       A.   That is correct.
9       Q.   Schedule G, Executory Contracts, did you
10 prepare that?
11      A.   Yes.
12      Q.   Schedule H, Codebtors, you indicated there were
13 no Codebtors; is that correct?
14      A.   That's correct, but hold on.
15      Q.   If I go through the rest of your bankruptcy
16 petition, would the testimony be that you prepared each
17 of the schedules sort forth?
18      A.   It would.
19      Q.   And towards the end, there are two pages which
20 are signed -- appear to be signed by you.  One is
21 stating that you declare under penalty of perjury that
22 the answers contained in this statement of financial
23 affairs and attachments are true and correct.
24           Is that your signature?
25           MS. MEYER:  Still looking for it.

```
 1              MS. AKINS:  Right before you get to the
 2   creditors list.
 3              THE WITNESS:  Yes, ma'am.
 4   BY MS. AKINS:
 5       Q.   And the next page is the Verification of
 6   Creditors Mailing List.  It says, "The above-named
 7   debtor, or debtor's attorney if applicable, do hereby
 8   certify under penalty of perjury that the attached
 9   master mailing list of creditors consisting of eight
10   sheets is complete, correct, and consistent with
11   debtor's schedules pursuant to Local Rule 1007-2(d) and
12   I/we assume all responsibility for errors and omissions.
13            Is that your signature?
14       A.   It is.
15       Q.   And if you go through the eight pages, it's
16   true that Fiero Brothers, Inc., does not appear,
17   correct?
18       A.   That's correct.
19       Q.   And to your knowledge, you never amended the
20   schedules to include Fiero Brothers, Inc., correct?
21       A.   That's correct.
22            MS. MEYER:  To write their name on it.
23   BY MS. AKINS:
24       Q.   Going back to Exhibit 4, you have asserted a
25   number of affirmative defenses.  I want to ask you about
```

EXHIBIT 24 PAGE 188

1  those. It starts on Page 9.
2  The first affirmative defense says, "By reason
3  of the actions of plaintiff, or plaintiff's
4  representations, conduct, and/or omissions to act,
5  plaintiff has waived each and every alleged claim for
6  relief against defendants set forth in the complaint in
7  that, without limitation, one, plaintiff failed to
8  diligently pursue execution of the judgment against
9  defendant prior to the commencement of defendant's
10  bankruptcy case."
11  What facts do you have to support that
12  statement?
13  MS. MEYER: I'll object to the extent that it
14  calls for a legal conclusion as to what facts constitute
15  the waiver, which requires the witness to engage in a
16  legal determination, which he's incapable of answering.
17  BY MS. AKINS:
18  Q. You may answer the question.
19  A. Repeat the question.
20  Q. What facts do you have to support your
21  statement that plaintiff failed diligently to pursue
22  execution of the judgment against defendant prior to the
23  time you filed your bankruptcy case?
24  MS. MEYER: Same objection.
25  THE WITNESS: Because I notified the NASD on my

72

**EXHIBIT 24 PAGE 189**

```
 1  bankruptcy, and I notified your plaintiff at the time --
 2  his counsel, Marty L. Russo, and sent notice to him.
 3  BY MS. AKINS:
 4      Q.   What facts do you have -- move to strike as
 5  nonresponsive.
 6           What facts do you have that plaintiff filed --
 7  failed diligently to pursue execution of the judgment
 8  against you prior to you filing bankruptcy?
 9      A.   Alfonso?  Which plaintiff are you referring to?
10      Q.   Plaintiff is Alfonso, as the assignee.
11           You say that plaintiff failed to diligently
12  pursue executing on the judgment.
13           What facts do you have to support that?
14      A.   I believe that plaintiff, meaning Alfonso,
15  received judgment last year or received an assignment of
16  judgment, so I don't know how relevant the bankruptcy
17  was to Alfonso back in 2001 and 2002 when this was going
18  on and when he wasn't assigned the judgment at that
19  time.  So if you're asking me on behalf of your client
20  Alfonso, then I'll relate to this.
21      Q.   So with respect to Alfonso, you have no facts
22  to support your claim that he failed to diligently
23  pursue executing on the judgment?
24           MS. MEYER:  Object.  Misstates the testimony.
25  And it also calls for a legal conclusion.  He's given
```

1  his testimony.

2  MS. AKINS: He's not -- with due respect, he's
3  not stated any facts to support his statement, and I'm
4  entitled -- since it's been asserted as an affirmative
5  defense, I'm entitled to find out all facts he has to
6  support the affirmative defenses he's asserted in this
7  case.

8  MS. MEYER: That's right. If the statement is
9  that the plaintiff failed to do something, there would
10 be no facts that would show that failure other than that
11 he actually did something. It's, like, did it rain on
12 Tuesday? What facts do you have to show that it didn't
13 rain on Tuesday?

14 MS. AKINS: Well, no. That's not true either.
15 If he does not know, if he has no facts that plaintiff
16 didn't do -- didn't act diligently, then he says, "I
17 have no facts." The fact that something didn't happen
18 doesn't mean someone didn't act diligently to accomplish
19 something. It may mean it didn't happen for one reason
20 or another.

21 MS. MEYER: If he didn't -- the problem with
22 the question you're asking, if you're saying, "Did" --
23 "What facts do you have that he did not sneeze on
24 Tuesday?" the lack of a sneeze is not a fact.

25 MS. AKINS: He says he failed to diligently

74

EXHIBIT 24 PAGE 191

```
 1   pursue execution.  If he had said plaintiffs failed to
 2   execute on the judgment, that's one thing.  But he
 3   specifically said, "Failed to diligently" -- "Failed
 4   diligently to pursue."
 5        Q.   That is what I'm asking.
 6             What facts do you have that plaintiff failed
 7   diligently to pursue executing on the judgment?
 8             MS. MEYER:  Same objection.  Calls for a legal
 9   conclusion as to the word "diligently."  It's a legal
10   term of art.
11             See if you can answer it without --
12             MS. AKINS:  It's his word.
13             THE WITNESS:  Can you clarify who the plaintiff
14   is?
15             MS. MEYER:  This document is written by
16   counsel, Counsel.  It is -- Mr. Perle did not type up
17   this document.
18             MS. AKINS:  I don't expect he did.
19             MS. MEYER:  Thank you.
20             He'll give you whatever testimony he can in
21   terms of facts if you can ask him a question that
22   elicits a fact.  If you're asking a question that asks
23   how he can establish the absence of a fact, other than
24   the absence of the fact, I don't see how we're going to
25   get anywhere.
```

75

**EXHIBIT 24 PAGE 192**

```
 1  BY MS. AKINS:
 2      Q.  Okay.  Other than the fact that the judgment
 3  was -- do you have any facts to support your claim that
 4  plaintiff failed to diligently pursue executing on the
 5  judgment other than the fact that --
 6      A.  Can you define who the plaintiff is?
 7      Q.  In this case, Alfonso Fiero.
 8      MS. MEYER:  I mean, if you could ask him in a
 9  different way, maybe it would not call for a legal
10  conclusion.  I mean, if you ask him if Alfonso did
11  anything to execute on the judgment, he can answer as a
12  factual question as opposed to asking him for a legal
13  determination fitting in with the construct of an
14  affirmative defense.
15  BY MS. AKINS:
16      Q.  You don't know what Mr. Fiero -- Alfonso Fiero
17  did to execute on the judgment, correct?
18      A.  Correct.
19      Q.  And you don't know what he did to execute on
20  the judgment prior to you filing for bankruptcy or
21  after, correct?
22      A.  He wasn't involved, or was he?
23      Q.  Do you know either way?
24      A.  That would be interesting.  The answer is no.
25      Q.  Okay.  And you don't know, as you sit here
```

```
 1  today, what John Fiero did to execute on the judgment on
 2  behalf of Fiero Brothers, Inc., prior to you filing
 3  bankruptcy, correct?
 4      A.   That's correct.
 5      Q.   Okay.
 6      A.   I'm sorry. But --
 7      Q.   You don't know if notice was given to your
 8  counsel concerning the execution or an attempt to
 9  execute on the judgment?
10          MS. MEYER:  Object to the form.  Assumes facts
11  not in evidence.
12  BY MS. AKINS:
13      Q.   Correct?
14      A.   Can you repeat it?
15      Q.   You don't know what steps were taken by
16  John Fiero on behalf of Fiero Brothers, Inc., to execute
17  on the judgment, correct?
18      A.   Correct.
19      Q.   Okay. You also say, "Plaintiff elected not to
20  file a complaint timely to determine the
21  dischargeability of the alleged debt."
22          Now, as you sit here today, you have no facts
23  to support your claim that Alfonso Fiero elected not to
24  file a complaint to determine the dischargeability of
25  the judgment, correct?
```

1  A.  Correct.

2  Q.  And you don't know, as you sit here today,
3  whether John Fiero elected not to file a complaint for
4  nondischargeability any earlier?

5  MS. MEYER:  Other than the fact that he --

6  THE WITNESS:  No.

7  MS. MEYER:  -- didn't file it?

8  BY MS. AKINS:

9  Q.  Correct.  Other than the fact it's not filed,
10  you don't know that he elected not to?

11  MS. MEYER:  That he elected?

12  BY MS. AKINS:

13  Q.  He elected not to file a complaint, you don't
14  know that?

15  A.  That's a confusing question.  Take it slow with
16  me.  I'm sorry.

17  Q.  Okay.

18  A.  You're now dealing with John?

19  Q.  Yes.

20  A.  And you're saying --

21  Q.  You don't know that he elected not to file a
22  complaint for nondischargeability, correct?

23  MS. MEYER:  Do you know what was in his head?

24  THE WITNESS:  No.

25  ///

```
 1  BY MS. AKINS:
 2      Q.    Okay.  What evidence do you have that
 3  Fiero Brothers, Inc., had knowledge that you filed for
 4  bankruptcy in May of 2001?
 5      A.    I served the NASD, and I served, also, their
 6  counsel of record, Marty Russo, who also represented
 7  Corsair Capital.
 8      Q.    I'm not asking what you did with respect to
 9  Mr. Russo.
10            What evidence do you have that Fiero Brothers,
11  Inc., had knowledge of your bankruptcy filing in May of
12  2001?
13      A.    I'll stand by my previous answer.  I served
14  their counsel of record, Marty Russo, counsel for
15  Fiero Brothers, pre, post, probably today, notice.
16      Q.    As you sit here today, you have no evidence
17  that Mr. Russo ever told Fiero Brothers, Inc., that you
18  had filed for bankruptcy, correct?
19            MS. MEYER:  You're asking if he has direct
20  knowledge of a conversation between two independent
21  third parties?
22            MS. AKINS:  Yes.
23            MS. MEYER:  Are you asking him did he
24  participate in the conversation?
25            MS. AKINS:  I'm asking if he has knowledge of.
```

```
 1              THE WITNESS:  No.
 2     BY MS. AKINS:
 3         Q.   Okay.  And as you sit here today, you have no
 4     evidence that Mr. Russo transmitted anything in writing
 5     to Fiero Brothers, Inc., concerning you filing
 6     bankruptcy in 2001?
 7         A.   I have nothing in writing, correct.
 8         Q.   Okay.  And you personally did not inform Fiero
 9     Brothers, Inc., that you filed for bankruptcy in May of
10     2001, correct?
11         A.   That's correct.
12         Q.   And you did not include Fiero Brothers, Inc.,
13     on the list of creditors in your bankruptcy schedules,
14     correct?
15         A.   Well, not necessarily.  I included it under the
16     NASD under the blanket of any arbitrations.  If I missed
17     an arbitration, if there was anything out there, I put
18     it under the NASD.  That's why the NASD was listed on
19     the bankruptcy.
20         Q.   Was the NASD a creditor?
21         A.   NASD, I thought, was a place that you can --
22     what are the service records called when you're able to
23     serve someone in different states and -- I'm looking for
24     a word.
25         Q.   You served the -- you listed NASD, but you did
```

```
 1  not include Fiero Brothers, Inc.?
 2      A.   That's correct.
 3      Q.   And you did not include John Fiero as a
 4  creditor in your bankruptcy filing, correct?
 5      A.   That's correct.
 6      Q.   You did not include Alfonso Fiero as a creditor
 7  in your bankruptcy filing?
 8      A.   That's correct.
 9      Q.   Okay.  And you did not contact John Fiero by
10  telephone or in writing and directly inform them or
11  provide them with the fact that you had filed for
12  bankruptcy?
13      A.   I believe you put a public notice out in the
14  newspaper, you do that, too, on the bankruptcy.  So I
15  filed that, but I did not personally deliver something
16  or phone John Fiero.
17      Q.   And you did not contact anyone else at
18  Fiero Brothers, Inc., the company, and give them notice
19  that you had filed for bankruptcy?
20          MS. MEYER:  Other than through --
21          THE WITNESS:  Through corporate counsel and
22  through corporate counsel, Marty L. Russo.
23  BY MS. AKINS:
24      Q.   I'm not asking about Mr. Russo.
25      A.   You are.  You're saying anybody at
```

81

EXHIBIT 24 PAGE 198

```
 1   Fiero Brothers, Inc., including or not including their
 2   counsel.  If Fiero Brothers, Inc., had counsel, I served
 3   notice to the counsel.  If you're saying John Doe, who
 4   worked in the trading room, then the answer is no.  If
 5   you're asking about Fiero Brothers, Inc., my answer to
 6   your question -- I'm not trying to be offensive -- is
 7   going to be yes.  In the company itself, too, I sent
 8   notice to their attorney --
 9        Q.   On the bankruptcy Schedule F --
10        A.   -- and the NASD.
11        Q.   -- Martin Russo is not listed on any schedule;
12   is that correct?
13        A.   Can we go back and look at it, please?
14        Q.   Sure.  You have it.
15        A.   He's listed with Corsair Capital Partners.
16        Q.   You informed -- what is listed?  What does it
17   read?
18        A.   "Corsair Capital Partners, MPR Law Practice."
19        Q.   Okay.  It does not state "Martin Russo," does
20   it?
21        A.   MPR Law Practice is Martin Russo.  He was a
22   solo practitioner.  "MPR," Marty -- I don't know his
23   middle name -- Russo.
24        Q.   You notified Corsair Capital care of MPR?
25        A.   Yes.
```