1    Leslie Schwaebe Akins (SBN 138678)
     LESLIE SCHWAEBE AKINS, A LAW CORPORATION
2    7157 Argonauta Way
     Carlsbad, CA 92009
3    Tel: 760-931-2920
     Fax: 760-603-0547

4

5    Attorney for Plaintiff,
     Alfonso Fiero

6

7               **UNITED STATES BANKRUPTCY COURT**

8    **FOR THE CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

9

| | |
|---|---|
| In re | CASE NO. LA 01-26497-BB |
| CERY BRADLEY PERLE, | [Chapter 7] |
| Debtor. | Adv. No.: ADV-06-01971-BB |
| | The Honorable S. Bluebond - 626 |
| ALFONSO FIERO, | **STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| vs. | |
| CERY BRADLEY PERLE, | |
| Defendant. | Date: November 10, 2009 |
| | Time: 2:00 p.m. |
| | Place: Courtroom 1475 |
| | Judge: Hon. Sheri Bluebond |
| | Date Filed: September 13, 2006 |
| | Discovery Cut Off: July 31, 2009 |
| | Trial Date: None set |

22       Plaintiff Alfonso Fiero submits this statement of genuine issues pursuant to Central

23    district of California Local Rule 7056.1 in opposition to the Motion for Summary Judgment

24    filed by Defendant Cery Perle.

25       Fact 1 through 46 below correspond to the facts and supporting evidence presented

26    in the Statement of Uncontroverted Facts filed by the moving party. These facts are followed

27    by additional material facts and supporting evidence showing a genuine issue.

28

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **MOVING PARTY CERY PERLE'S ALLEGED UNCONTROVERTED FACTS** | **NON-MOVING PARTY ALFONSO FIERO'S RESPONSE IN OPPOSITION** |
| 1. On February 17, 1998, Fiero Brothers, Inc. commenced an arbitration proceeding before the National Association of Securities Dealers ("NASD") against the debtor and others ("NASD Arbitration"). Declaration of Cery Perle ("Perle Decl."), ¶ 3. | 1. RESPONSE: UNDISPUTED. |
| 2. At the NASD Arbitration Fiero Brothers sought more than $4 million and were awarded only $350,000 in compensatory [damages]. Perle Decl., ¶3. | 2. RESPONSE: DISPUTED. Fiero Brothers, Inc. ("Fiero Bros.") Second Amended Statement of Claim alleged damages of $510,000 arising from the excessive, over-the-market costs charged by Waldron and Perle to Fiero Bros. in the manipulated and forced buy -ins of Shopping.com stock; Fiero Bros. also claimed damages of $3.25 million for Respondents' overall manipulation of the market for Shopping.com stock from November 1997. At the NASD Arbitration, Fiero Bros. offered evidence of the damages it incurred from Cery Perle's ("Perle") and Waldron & Co., Inc. ("Waldron")'s excessive mark ups of |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | Shopping.com stock that was put to Fiero Bros. Fiero Bros. offered two alternate methods of calculating damages, one resulting in damages of <u>$463,581</u>; the other resulting in damages of <u>$789,255</u>. The NASD Arbitration Panel awarded Fiero Bros. <u>$350,000</u> against Perle, Waldron & Co., and Ed Harris, and <u>$50,000</u> against Wedbush, for total award of <u>$400,000</u>. (See, Exhibit 14, Deposition of Martin Russo dated 12/29/08 ("Russo Depo."), p.25:9- p. 26:9; Affidavit of John Fiero ("J. Fiero Aff.:) ¶¶ 4-7, and Exhibits 1 and 2.) |
| 3. The NASD Arbitration proceeding concluded with a four day arbitration which was held between September 1-4, 1998. Mr. Russo presented multiple witnesses, and more than 75 exhibits, and presented closing arguments.<br><br>Perle Decl., ¶3. | 3. <u>RESPONSE:</u> UNDISPUTED. Further, Cery Perle through his attorneys H. Thomas Fehn and Elizabeth Lowry also presented witnesses, multiple exhibits and closing argument not only in defense against Fiero Bros.'s case, but also in support of their cross-demand for arbitration filed against Fiero Bros. for market manipulation. (J. Fiero Supp. Aff. ¶8, and Exhibits 3 and 4. |
| 4. Fiero Brothers received a $350,000 award ("NASD Award") against defendant.<br><br>Perle Decl., ¶3; Exhibit 1. | 4. <u>OBJECTION:</u> Misstates the evidence; incomplete.<br><br><u>RESPONSE:</u> UNDISPUTED as to amount |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | against Perle. However, Fiero Bros. also awarded $50,000 against Wedbush Morgan Securities, Inc. (J. Fiero Aff. ¶9, Exhibit 5.) |
| 5. Debtor never received notice of the Judgment. Perle Decl., ¶4. | 5. RESPONSE: DISPUTED. In February 1999, Plaintiff served Petition to Confirm Arbitration Award on Perle through his arbitration counsel H. Thomas Fehn of Fields Fehn & Sherwin.  (J. Fiero Aff., ¶¶10-11, and  Exhibit 6.) Perle does not state he did not receive Fiero Brothers Petition. In April 1999 Fiero Bros. also filed a Declaration of Service of 1) Judgment, and 2) Order confirming arbitration award indicating that service on all parties had occurred. (J. Fiero Aff.,  ¶¶ 13-15, and Exhibits 9 and 10.) Further, on April 20, 1999 Fiero Bros. filed with the Court and served the Notice of Entry of Judgment on Perle's counsel H. Thomas Fehn. (J. Fiero Aff., ¶16, and Exhibit 11.) On January 4, 2000, Fiero Bros. filed with the court and served on Perle directly and on his attorney Thomas Fehn at Fields, Fehn & Sherwin a copy of the Abstract of Judgment. (J. Fiero Aff., ¶17, and Exhibit 12.)  Martin Russo |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | was not retained or authorized to enforce or collect on the Judgment against Perle. (J. Fiero Aff., ¶ 18.) |
| 6. On May 25, 2001, the debtor filed his voluntary Chapter 7 bankruptcy petition. Perle Decl., ¶5. | 6. RESPONSE: UNDISPUTED. However, this is the second bankruptcy filed by Perle. Perle filed his first Chapter 7 bankruptcy eight years earlier in August,1993, case number LA93-39070CA. (See, Exhibit 23.) |
| 7. Schedule E states: "NASD/NASD Regulation" claim based on a "1999 Arbitration" in an unknown amount. Perle Decl., ¶6; Exhibit 2. | 7. RESPONSE: UNDISPUTED. A.    Schedule E is for "CREDITORS HOLDING UNSECURED PRIORITY CLAIMS.  The types of priority claims marked by Perle on Page 2 are "Contributions to employee benefit plans," "Alimony, Maintenance or Support," and "Taxes and certain other debts owed to governmental units" which are identified in 11 U.S.C. 507(a)(8).(Perle Exhibit 2; Exhibit 25.) B. Perle lists on Schedule E "NASD/NASD Regulation" but does not identify any particular NASD arbitration or Disciplinary Action, does not reference any claimant, does not identify any matter number or case number, and does not reference any fine, |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | penalty or claim amount. (Perle Exhibit 2.) |
| | C.    Perle testified that the disclosure to NASD/ NASD Regulation was a "blanket of any arbitrations." If I missed an arbitration, if there was anything out there, I put it under the NASD. That's why the NASD was listed on the bankruptcy." (Exhibit 24, Perle Depo., P.80:12-19.) |
| | D. Perle testified that although he named NASD as a creditor, when asked if NASD was a creditor he stated: "NASD, I thought, was place that you can - - what are the service records called when you're able to serve someone in different states. . ." (Exhibit 24 , Perle Depo., P. 80:20-23.) |
| | D.    Perle declared that he believed the debt under the NASD Award was owed to the NASD and not Fiero Brothers. (Perle Decl., ¶ 6.) However, in Schedule "F", Perle identified by name as creditors many other NASD claimants who had obtained arbitration awards or judgments against Perle, including: 1) *Jay T. Pierce, Raymond Fisk, and Jennifer Fisk    v. Waldron & Co., Inc., Cery B. Perle, et al.,* case number: 98-03798, 2000 NASD Arb. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Lexis 1628, December 21, 2000), 2) *Mansoor Ghaneeian and Fariba Ghaneeian v. Waldron & Company, Inc., Cery B. Perle, et al,* case number: 98-04862, 2001 NASD Arb. Lexis 771, 3) *Cynthia L. Green v. Cery B. Perle, James Clifford et al,* case number: 99-00455, 2000 NASD Arb. Lexis 1292, Exhibits 15-17. |
| | E.    Fiero Bros.' NASD Arbitration was filed and arbitrated in 1998, not 1999. (Perle Decl., ¶3, Exhibit 1.) |
| | F.    December 1998, the NASD had opened a NASD Disciplinary Proceeding against Perle for his non payment of an NASD arbitration award; the decision which resulted in Perle's expulsion from the NASD occurred in January 1999. Exhibit 18. |
| | G.   At the time Perle filed his bankruptcy in May 2001, Perle was involved in another NASD Disciplinary Proceeding, which was not determined until June 2001, when he was sanctioned for violating NASD Rules in the amount of $30,000. (Exhibit 19). |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 8. The debtor represented himself pro se in the proceeding. Perle Decl., ¶5. | 8. <u>RESPONSE</u>: UNDISPUTED.<br><br>A. this is the second bankruptcy filed by Perle.   Perle filed his first Chapter 7 bankruptcy eight years earlier in August, 1993,   case   number   LA93-39070CA. (See, Exhibit 23).<br><br>B.       Perle made several material misrepresentations in his Chapter 7 bankruptcy Petition, his Schedule F, and his Creditor Matrix. Perle misrepresented his liabilities stating they were less than $500,000 when they exceeded $4,000,000. (See, Exhibits 15, 17, 25 and Perle Ex. 3.) Perle omitted other known creditors: (Exhibit 15.) |
| 9. Notice of the debtor's bankruptcy was sent to "MPR Law Practice" at "60 east 42nd Street, Suite 483, New York" on behalf of Corsair Capital Partners, L.P. Exhibit 3. | 9. <u>OBJECTION</u>: Misstates the evidence.<br><u>RESPONSE</u>: DISPUTED.<br>A.    Exhibit 3 is the Creditor Matrix which states:<br><br>*"Corsair Capital Partners*<br>*MPR Law Practice*<br>*60 East 42ND Street, Suite 843*<br>*New York, NY 10165."*<br><br>B.    "MPR Law Practice" had moved from "60 East 42ND Street, Ste 843, New York" in December 2000, approx. six months |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | before Perle filed his bankruptcy action. (Exhibit 14, Russo depo: P.55:8-22).<br><br>C.    Martin Russo testified that he did not receive formal notice of the Perle bankruptcy. Instead, Mr. Russo testified that he was contacted by Jeff Scott asking that he co-counsel the Corsair and Alternative Investment's claim in adversary proceeding against Perle. That is how he first became aware of Perle bankruptcy. (Exhibit 14, Russo Depo. P.52:19- P53:19).<br><br>D.    Martin Russo's representation of Fiero Brothers with respect to the NASD Arbitration terminated in 1998. (J. Fiero Aff., ¶ 3.)<br><br>E.    Martin Russo was not retained by Fiero Brothers to file an action in California to confirm the NASD Arbitration Award, or to obtain the Judgment, or to collect on the Judgment against Perle. (J. Fiero Aff., ¶ 3.)<br><br>F.    On August 8, 2001, Jeff Scott, Esq. filed with this Court a Request for Special Notice as Attorney for Corsair Capital Partners, and Alternative Investments, LP. Exhibit 28 (Perle Docket) |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | G.   On November 5, 2001, this court approved Mr. Russo's Application to Associate Non-Resident Attorney in Specific Action, which application was filed November 2, 2001. Exhibit 20 and 27. |
| 10. The first date set for the first meeting of creditors was June 29, 2001. Exhibit 4; Perle Decl., ¶7 | 10. RESPONSE: UNDISPUTED. |
| 11. Fiero Brothers did not file an adversarial proceeding before the August 28, 2001 deadline. Perle Decl., ¶7. | 11. RESPONSE: UNDISPUTED.<br>A.   Exhibit 3 is the Creditor Matrix which states:<br>"Corsair Capital Partners<br>MPR Law Practice<br>60 East 42ND Street, Suite 843<br>New York, NY 10165."<br>B.   "MPR Law Practice" had moved from "60 East 42ND Street, Ste 843, New York" in December 2000, approx. six months before Perle filed his bankruptcy action. (Exhibit 14, Russo depo: P.55:8-22).<br>C.   Martin Russo testified that he did not receive formal notice of the Perle bankruptcy. Instead, Mr. Russo testified that he was contacted by Jeff Scott asking that he co-counsel the Corsair and Alternative Investment's claim in adversary proceeding |

STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | against Perle. That is how he first became aware of Perle bankruptcy. (Exhibit 14, Russo Depo. P.52:19- P53:19).<br><br>D.   Martin Russo's representation of Fiero Brothers with respect to the NASD Arbitration terminated in 1998. (J. Fiero Aff., ¶ 3.)<br><br>E.  Martin Russo was not retained by Fiero Brothers to file an action in California to confirm the NASD Arbitration Award, or to obtain the Judgment, or to collect on the Judgment against Perle. (J. Fiero Aff., ¶3.)<br><br>F.     On August 8, 2001, Jeff Scott, Esq. filed with this Court a Request for Special Notice as Attorney for Corsair Capital Partners, and Alternative Investments, LP. Exhibit 28 (Perle Docket)<br><br>G.     On November 5, 2001, this court approved Mr. Russo's Application to Associate Non-Resident Attorney in Specific Action, which application was filed November 2, 2001.  Exhibit 20 and 27. |
| 12. Debtor received a discharge on March 11, 2002. Perle Decl., ¶7. | 12. OBJECTION: Misstates the evidence; assumes facts not in evidence.<br><br>RESPONSE: DISPUTED. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | A.   The Discharge of Debtor in Chapter 7 Case states that Debts Not Discharged Include: . . . g. Some debts that were not properly listed by the Debtor, and h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy care are not discharged. (Exhibit 29.) B. Fiero Brothers' NASD Arbitration Award and Judgment against Perle are not disclosed on Perles' Schedule F or in his Creditor Matrix. (Exhibit 24, Cery Perle Deposition ("Perle Depo.") p.70, lns 6-8; p. 71, lns 5-21; 80, lns 8-11) |
| 13. On March 28, 2002, the court issued the order closing the debtor's bankruptcy. Perle Decl., ¶7. | 13.   RESPONSE: UNDISPUTED. |
| 14. Mr. Russo filed the complaint in the NASD Arbitration on behalf of the Fiero Brothers. Perle Decl., ¶3; Exhibit 1. | 14. OBJECTION: Misstates the evidence. RESPONSE: DISPUTED. Perle Exhibit 1 is an NASD Arbitration Award in the NASD Arbitration. Exhibit 1 refers to Fiero Brothers filing a "Statement of Claim." |
| 15. Mr. Russo conducted the four day arbitration, presented multiple witnesses, and more than 75 exhibits, and presented | 15. RESPONSE: UNDISPUTED. A. Mr. Russo's services concerning the NASD Arbitration terminated in 1998 after |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| closing arguments. Perle Decl., ¶3. | the NASD Arbitration Award. (J. Fero Aff., ¶ 3.)<br><br>C. Martin Russo was not retained to file state court action to confirm arbitration award, obtain Judgment on NASD Arbitration Award, or to enforce or collect on the Judgment against Perle. (J. Fiero Aff., ¶ 3.)<br><br>D. In February 1999, Plaintiff served Petition to Confirm Arbitration Award on Perle through his arbitration counsel H. Thomas Fehn of Fields Fehn & Sherwin. (J. Fiero Aff., ¶¶10-11, and Exhibit 6.) Perle does not state he did not receive Fiero Brothers Petition. In April 1999 Fiero Bros. also filed a Declaration of Service of 1) Judgment, and 2) Order confirming arbitration award indicating that service on all parties had occurred. (J. Fiero Aff., ¶¶ 13-15, and Exhibits 9 and 10.) Further, on April 20, 1999 Fiero Bros. filed with the Court and served the Notice of Entry of Judgment on Perle's counsel H. Thomas Fehn. (J. Fiero Aff., ¶16, and Exhibit 11.) On January 4, 2000, Fiero Bros. filed with the court and <u>served on Perle directly</u> and |

STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | on his attorney Thomas Fehn at Fields, Fehn & Sherwin a copy of the Abstract of Judgment. (J. Fiero Aff., ¶17, and Exhibit 12.) |
| 16. Mr. Russo represented the Fiero Brothers in a NASD disciplinary proceeding ("Disciplinary Proceeding") against the Fiero Brothers. Exhibit 5. | 16.    OBJECTION: Lacks foundation, assumes facts not in evidence; hearsay. Exhibit 5 does not reference Mr. Russo or any of his prior law firms. Further, objection as to relevancy, impertinent, scandalous matter and unduly prejudicial. F.R.C.P. Rule 12f. Transaction at issue in Perle Exhibit 5 is unrelated to NASD Arbitration Award and judgment at issue in this Adversary Proceeding. Clearly, Perle Exhibit 5 intended to prejudice the court against Fiero Bros. on an unrelated matter. Move to strike per F.R.C.P. Rule 12f. Additionally, Fiero Brothers hired other attorneys to represent it in the companion Los Angeles Superior Court action, and afterward in confirming the arbitration award, enforcing the judgment and collecting on the Judgment, notice of which was provided to Perle. (See, J. Fiero Aff. ¶¶10-18 and Exhibit 6-13.) |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 17. The Disciplinary Proceeding involved investigation of allegations of illegal short selling activities, market manipulations, and extortion by the Fiero Brothers.  Exhibit 5. | 17. RESPONSE: OBJECTION. Relevancy, inadmissible hearsay. Perle Exhibit 5 does not relate to Defendant Cery Perle, his prior broker-dealer Waldron & Co., Inc. or any activities related to Shopping.com. Exhibit 5 also seeks to introduce impertinent, scandalous matter into this action and is unduly prejudicial. F.R.C.P. Rule 12f. Perle Exhibit 5 is unrelated to NASD Arbitration Award and judgment at issue in this Adversary Proceeding. Clearly, Exhibit 5 intended to prejudice the court against Fiero Bros. on an unrelated, non-material matter. Move to strike per F.R.C.P. Rule 12f. |
| 18. In December 2000, a decision was handed down by the NASD through which Fiero Brothers was fined $1 million and expelled from the NASD. Exhibit 5. | 18. OBJECTION. Perle Exhibit 5 does not relate to any matter at issue or material in this adversary proceeding. Further, Perle Exhibit 5 seeks to introduce irrelevant, impertinent, scandalous matter and is unduly prejudicial. F.R.C.P. Rule 12f. Transaction at issue in Exhibit 5 is unrelated to NASD Arbitration Award and judgment at issue in this adversary proceeding. Additionally, this matter is not |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | final but remains pending, and is on cross appeals before the Second Circuit Court of Appeals. (J. Fiero Aff., ¶20 and Exhibit 13.) Move to strike per F.R.C.P. Rule 12f. |
| 19. The NASD decision in the Disciplinary Proceeding was served on Mr. Russo as attorney for the Fiero Brothers.  Exhibit 5. | 19.  OBJECTION.  Assumes facts not in evidence; lack of foundation. Exhibit 5 does not have service information. |
| 20.  Mr.  Russo  represented  the  Fiero Brothers in the Disciplinary Proceeding. Exhibit 5. | 20. OBJECTION. Exhibit 5 does not have counsel  information.    Objection  as  to relevancy, impertinent, scandalous matter and  unduly prejudicial.    Move to strike pursuant to F.R.C.P. Rule 12f. |
| 21.  Mr.  Russo  represented  the  Fiero Brothers  in  the  appeal  of  the  NASD decision in the Disciplinary Proceeding. Exhibit 6. | 21. RESPONSE: UNDISPUTED IN PART. John Fiero and Fiero Bros. were at different times  represented  by  different  lawyers; there is no reference as to which particular attorney was representing Fiero Bros. at any given time. (Perle Exhibit 6, pg 1). Further, Martin Russo testified that he was technically on the docket in this case but that  it  was  Martin  Kaplan  primarily representing Fiero Bros. Mr. Russo did not recall representing John Fiero and/or Fiero Bros.  In  the  appeal  of  the  NASD Disciplinary Proceeding,  but may have. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | (Exhibit 14, Russo Depo. P.42:11-43:6; p45:5-11). |
| 22. On October 28, 2002, the NASD decision in the Disciplinary Proceeding was affirmed on appeal. Exhibit 6. | 22. OBJECTION: relevancy, impertinent, scandalous matter and unduly prejudicial. Move to strike pursuant to F.R.C.P. Rule 12f.<br><br>RESPONSE: UNDISPUTED.<br><br>However, the NASD decision in the Disciplinary Proceeding is not final, and is on cross appeals before the Second Circuit Court of Appeals. (J. Fiero Aff., ¶20, and Exhibit 13.) Move to strike per F.R.C.P. Rule 12f. |
| 23. Fiero Brothers' corporate biennial statement filed with the Department of State, New York in August 2000 identifying Mr. Russo as Fiero Brothers' registered agent. Exhibit 9. | 23. OBJECTION: Inadmissible Hearsay, lack of foundation. Document not authenticated.<br><br>RESPONSE: DISPUTED.<br><br>Martin Russo does not recall ever acting as registered agent for Fiero Brothers. (Exhibit 14, Russo Depo. P.32:21-35:2.) Martin Russo only acted as agent for service of process only for his PC. (Exhibit14, Russo Depo. P.39:4-7.) To Mr. Fiero's knowledge, Mr. Russo was not Fiero Brothers' agent for service. (Exhibit 22, Deposition of John Fiero dated Dec. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | 19, 2009 ("J. Fiero Depo.") P.123:12-15.). |
| 24. In August 2002, Fiero Brothers identified Mr. Russo as its registered agent. Exhibit 10. | 24. OBJECTION: Inadmissible Hearsay, lacks foundation; assumes facts not in evidence. Document not authenticated. RESPONSE: DISPUTED. Martin Russo does not recall ever acting as registered agent for Fiero Brothers. (Exhibit 14, Russo Depo. P.32:21-35:2) Martin Russo only acted as agent for service of process only for his PC. (Exhibit 14, Russo Depo. P.39:4-7.) To Mr. Fiero's knowledge, Mr. Russo was not Fiero Brothers' agent for service. Exhibit 22, J. Fiero Depo. P.123:12-15.) |
| 25. In June 2000, Mr. Russo substituted in as Fiero Brothers' counsel in a proceeding instituted by Fiero Brothers titled *Fiero Brothers, Inc. v. Edwin B. Mishkin, SIPC Trustee for Adler, Coleman Clearing corp., for the liquidation of the business of Alder, Coleman Clearing Corp.* (In re Adler, Coleman Clearing Corp.) Case No. 95-08203 (JLG), Adv. No. 95/1251, pending in the Southern District of New York ("Coleman Bankruptcy"). Exhibit 7. | 25. RESPONSE: DISPUTED. Mr. Russo testified that he had merely changed firms, and was substituting his new firm for his old firm. (Exhibit 14, Russo depo., p. 40:13-25.) |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 26.  Mr.  Russo  was  Fiero  Brothers' bankruptcy  counsel  in  the  Coleman Bankruptcy on February 5, 2002 when the court approved a settlement payment of $245,000 to the Fiero Brothers.  Exhibit 8. | 26.  RESPONSE: DISPUTED IN PART. Mr. Russo testified that he was still on the docket but that Martin Kaplan, Esq. was representing Fiero Bros. and John Fiero in the  case.  Mr.  Kaplan  engaged  in  all negotiations and drafted the stipulation with Michigan's counsel.  Mr. Russo wasn't actively doing anything in the case. (Exhibit 14, Russo depo. P.42:17-43:6.) |
| 27. On August 28, 2001, Mr. Russo filed an adversary proceeding on behalf of Corsair. Exhibit 12. | 27. OBJECTION: Misstates the Evidence, lack of foundation; assumes facts not in evidence.

RESPONSE: DISPUTED.

A.      Jeff Scott of Greenberg Traurig signed  and  filed  complaint.  (See Perle Exhibit 12, page 11.)

B.      Martin Russo filed his Application of Nonresident  Attorney  to  Appear  in  a Particular Action on November 2, 2001, which awas  approved  by  this  Court  on November 5, 2001. (Exhibits 20 and 27.)

C.      Martin Russo did not receive formal notice of Perle bankruptcy. Instead, Mr. Russo testified that he was contacted by Jeff Scott to co-counsel Corsair claim in adversary proceeding against Perle, that is |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | how he first became aware. (Exhibit 14, Russo Depo. P.52:19-P53:19.) |
| 28. The Corsair proceeding was resolved through a summary judgment on September 5, 2002. Exhibit 13. | 28. RESPONSE: UNDISPUTED. |
| 29. Corsair's moving papers in support of the summary judgment, which were filed in August 2002, identifies Mr. Russo as its attorney. Exhibit 13. | 29. RESPONSE: UNDISPUTED. |
| 30. Mr. Russo represented Fiero Brothers in the NASD Disciplinary action. Exhibit 22, John Fiero deposition, p. 78, lns.16-p.79, lns. 1-8. | 30. RESPONSE: DISPUTED IN PART. OBJECTION: Incomplete record. Page 79 not provided. Objection: Vague and ambiguous as to time. Objection: vague and ambiguous as to term "NASD Disciplinary action." Objection: misstates the evidence. Mr. John Fiero testified that he had no contact or communication with Mr. Russo since sometime in 2000. He also testified that Mr. Russo was one of the attorneys who represented him in the NASD Dsciplinary action, but he not remember when. (Exhibit 22, J. Fiero Depo p.78:16-p.79:8.) |
| 31. Mr. Russo represented the Fiero Brothers in the adversary proceeding filed by Fiero Brothers in the Adler Coleman | 31. RESPONSE: UNDISPUTED. |

STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Bankruptcy. Exhibit 22, John Fiero deposition, p. 117, lns. 2-9. | |
| 32. Fiero Brothers assigned the Judgment to Alfonso Fiero in March 2006. Exhibit 22, John Fiero deposition, p. 52, lns. 1-3. | 32. <u>RESPONSE</u>: UNDISPUTED. |
| 33. Fiero Brothers did not bring an adversary action before it assigned the claim to Alfonso Fiero because Fiero Brothers was closing down. Exhibit 22, John Fiero deposition, p. 52, lns. 1-16. | 33. <u>RESPONSE</u>: DISPUTED. Fiero Bros. did not file adversary proceeding because it was not aware that Cery Perle had filed for bankruptcy until 2005. (Exhibit 22, J. Fiero Depo. P.116:2-9.) Fiero assigned the judgment because it was closing down. (Exhibit 22, J. Fiero Depo. P. 44:3-7.) |
| 34. Fiero Brothers was expelled from the NASD. Exhibit 22, John Fiero deposition, p. 132, lns. 21-24. | 34. <u>OBJECTION</u>: Relevancy, harassment; unduly prejudicial. F.R.C.P. Rule 12f. information is impertinent, irrelevant and scandalous matter not relevant to judgment at issue in this adversary proceeding. F.R.C.P. 12f. <u>RESPONSE</u>: UNDISPUTED. However, matter unrelated to any issue related to this Adversary Proceeding and hence is not a material fact. |
| 35. John Fiero was expelled from the NASD. Exhibit 22, John Fiero deposition, p. 132, ln.25-p. 133, ln1. | 35. <u>OBJECTION</u>. Relevancy, harassment; unduly prejudicial. F.R.C.P. Rule 12f. Move to strike as information is impertinent, |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | irrelevant and scandalous matter not relevant to judgment at issue in this adversary proceeding. F.R.C.P. 12f. <u>RESPONSE</u>: UNDISPUTED. |
| 36. Fiero Brothers has filed other NASD arbitration proceeding against other market makers. Exhibit 22, John Fiero deposition, p. 136, lns.18-25-p. 137, lns. 1-4. | 36. <u>RESPONSE</u>: UNDISPUTED. Further, Fiero Bros. has been represented in these matters by other attorneys. Martin Russo represented Fiero Bros. in only 2-3 arbitrations., i.e., not Martin Russo. (Exhibit 14, Russo Depo.: p. 29:23- p. 30:8.) |
| 37. Mr. Russo first began representing the Fiero Brothers in 1995. Exhibit 14, Martin Russo deposition, p. 11, lns. 25-p. 12, lns. 1-5. | 37. <u>RESPONSE</u>: UNDISPUTED. However, Mr. Russo represented Fiero Brothers in some, not all arbitrations. (Exhibit 22, J. Fiero Depo. P. 137:8-11.) Martin Kaplan represented Fiero Brothers in other arbitrations. (J. Fiero Aff. ¶ 18.) |
| 38. Mr. Russo was involved in the settlement between Corsair and the debtor. Exhibit 14, Russo deposition, p. 20, lns. 9-12. | 38. <u>OBJECTION</u>. Statement unsupported by claimed evidence.  No page 20 in Exhibit 14. |
| 39. Mr. Russo represented Fiero Brothers in two or three NASD matters. Exhibit 14, Russo deposition, p. 29, lns. 24-p. 30, lns. 1-8. | 39. <u>RESPONSE:</u> Undisputed. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 40. Mr. Russo represented Fiero Brothers in bankruptcy proceedings. | Exhibit 14, Russo deposition, p.39, lns. 15-24.<br><br>RESPONSE: DISPUTED.<br><br>Martin Russo testified that he represented Fiero Bros. in one other bankruptcy proceeding (i.e., Adler Coleman bankruptcy), where he was one of three attorneys who represented Fiero Bros. at some time. Mr. Russo testified that he was still on the docket but Martin Kaplan, Esq. was representing Fiero Bros. and John Fiero. Mr. Kaplan engaged in all negotiations and drafted the stipulation with Michigan's counsel. Mr. Russo wasn't actively doing anything in the case. Nothing had happened in the case for a while. (Exhibit 14, Russo Depo. P.42:17-43:6.) Mr. Russo did sign stipulation and settlement. (Russo Depo., p.43:10-13.) |
| 41. On May 9, 2000, Mr. Russo appeared on behalf of Corsair before the United States District Court; Central District of California. Exhibit 16. | 41. OBJECTION: Misstates the evidence. Mr. Russo and Jeff Scott of Greenberg Traurig represented Corsair in the district court proceeding. (See, Perle Exhibit 16.) |
| 42. On February 17, 1998, Mr. Russo filed a complaint before the NASD on behalf of Fiero Brothers.        Perle Decl., ¶3. | 42.      OBJECTION:      Duplicative; mischaracterizes document. Mr. Russo filed Statement of Claim and Demand for |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Arbitration on behalf of Fiero Brothers with NASD. ( Perle Dec. 3 and Exhibit 1.) |
| 43. On March 15, 1999, Mr. Russo representing Corsair Capital Partners filed a complaint in the action entitled *Corsair Capital Partners L.P. v. Wedbush et al.,* Case No. CV 99-4670 (ER) (RNBx) in the United States District Court, Central District of California.  Exhibit 12. | 43.  OBJECTION: Cited evidence not authority for stated proposition. Complaint is for Corsair adversary proceeding filed August 28, 2001, signed by Jeff Scott at Greenberg Traurig as lead counsel. (Perle Exhibit 12.) |
| 44. On August 1, 2000, Fiero Brothers files its biennial corporate statement and identifies Mr. Russo as its agent for service. Exhibit 10. | OBJECTION: Inadmissible Hearsay; lacks foundation; assumes facts not in evidence; duplicative of prior statement. No. 23. RESPONSE: DISPUTED. Martin Russo does not recall ever acting as registered agent for Fiero Brothers. Russo depo. P.32:21-35:2 Martin Russo only acted as agent for service of process only for his PC. (Exhibit 14, Russo Depo. P.39:4-7.) To Mr. Fiero's knowledge, Mr. Russo was not Fiero Brothers' agent for service.  (Exhibit 22, John Fiero Depo. P.123:12-15.) |
| 45. In June 2001, the court sends Mr. Russo a notice of the first meeting of creditors. Exhibits 3, 4. | 45.  OBJECTION: Assumes facts not in evidence; lacks foundation. Exhibit 3 is Perle's creditor's list; Exhibit 4 is a partial copy of the court Docket in the Perle |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | bankruptcy. Perle does not include a copy of Exhibit 4. |
| | RESPONSE: DISPUTED. |
| | A.  Court never sent Mr. Russo a notice of the first meeting of creditors. Martin Russo is not identified on either the Creditor Matrix, on Schedule F, or on the Court's service list. |
| | B.  The court sent notice of the bankruptcy to: |
| | *"Corsair Capital Partners* |
| | *MPR Law Practice* |
| | *60 east 42nd street, suite 843* |
| | *New York, NY 10165."* |
| | Address is a former address for MPR Law Practice. |
| | C.   MPR Law Practice not at address identified in Creditor Matrix (Perle Exhibit 3) since December 2000. See, (Exhibit 14, Russo Depo: p.55:8-22.) |
| | D.   Martin Russo did not receive formal notice of Perle bankruptcy. Martin Russo testified that he was contacted by Jeff Scott to co-counsel Corsair claim in adversary proceeding against Perle, that is how he |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | first became aware. (Exhibit 14, Russo Depo. P.52:19-p53:19.) <br> E. Mr. Russo not speak to John Fiero since 2000. (Exhibit 22, J.Fiero Depo. P.78:15-22.) |
| 46. In February 2006, Fiero Brothers attempt to collect against Defendant's retirement account. Perle Decl., ¶8. | 46. RESPONSE: UNDISPUTED: |

Plaintiff Alfonso Fiero, the opposing party to this motion, also contends that the following other material facts are in dispute:

MATERIAL FACT                                    EVIDENCE

1. Whether Perle's identification of NASD/NASD Regulation, without reference to Fiero Brothers, the Fiero Brothers NASD Arbitration, or to the NASD Arbitration case number, constitute sufficient notice of Fiero Brothers, Inc., as a creditor or the NASD Award as a debt of Defendant.

2. Whether Perle's identification of "Corsair Capital Partners MPR Law Practice, 60 East 42nd Street # 843, New York, NY 100165" constitute notice to Martin Russo, Esq. for any creditor other than Corsair Capital Partners.

3. Whether Martin Russo was Fiero Brothers' authorized agent with respect to matters related to the enforcement and collection of the debt owed by Perle to Fiero Brothers in May 2001.

4. Whether Martin Russo had received notice of Perle's bankruptcy by August 28, 2001.

5. Whether Martin Russo's notice of Perle's bankruptcy obtained on behalf of another creditor, can be imputed to Fiero Brothers when Martin Russo's services with respect to Fiero Brothers' NASD Arbitration ended some three years earlier, and Mr. Russo

1    was not retained for any post-arbitration activities related to confirming the NASD

2    Arbitration Award into a Judgment, enforcing the Judgment or collecting on the

3    Judgmento pursue the enforcement of made with respect to another.

4  6.   Whether Cery Perle is charged with the notice of his attorneys H. Thomas Fehn and

5    Gregory Sherwin, of Fields, Fehn and Sherwin with respect to Fiero Brothers'

6    California counsel's actions in filing an action in the Los Angeles Superior Court to

7    confirm the NASD Arbitration Award, enter Judgment, and related collection

8    activities.

9  7.   Whether Cery Perle was obligated to disclose Fiero Brothers as a creditor and

10    identify, at the very least, Fiero Brothers' California counsel.

11  8.   Whether Cery Perle's failure to disclose Fiero Brothers or its attorneys on behalf of

12    Fiero Brothers directly on his schedules and creditor's matrix was careless and

13    violated Fiero Brothers' due process;

14  9.   Whether Cery Perle is charged with notice that Corsair Capital Partners' attorneys

15    was Jeff Scott, Esq. of Greenberg Traurig as a result of Mr. Scott filing a Request for

16    Special Notice as counsel for Corsair Capital Partners with the Court in the Perle

17    bankruptcy action on August 8, 2001.

18  10.   Whether Cery Perle's Creditor Matrix identifying NASD was notice related to the

19    Fiero Bros. Arbitration Award and Judgment, or whether it related to the other NASD

20    Arbitration Awards and NASD Disciplinary Actions against Perle, including: Fisk,

21    Green, Ghaneenian, First Southwest, Cery Perle Dec 1998, and Cery Perle.

22  11.   Whether "notice" is relevant to a claim for non-dischargeability under 11 U.S.C.

23    Section 523(a)(19).

24  12.   Whether, Mr. Russo's representation of Fiero Brothers in matters unrelated to the

25    NASD Arbitration or NASD Award is sufficient to impute notice of the Perle

26    bankruptcy to Fiero Brothers.

27  ///

28

13. Whether Fiero Bros. was informed of Cery Perle's bankruptcy sometime in or after 2005.

14. Whether Cery Perle acted in good faith when he identified NASD as a creditor, identified other NASD Claimants who prevailed in NASD Arbitration.

15. Whether Cery Perle made material misrepresentations in his Bankruptcy Petition and Schedules such that he did not exercise reasonable diligence ;

16. Whether notice to attorney is relevant or an issue for exemption from discharge under 523(a)(19).

17. Whether Russo received notice of Perle bankruptcy in time to file a complaint or in time to file a notice for extension of time.

18. Whether Fiero Brothers has been deprived of its constitutional rights of due process by Perle's failure to include Fiero Bros. as a creditor in his bankruptcy.

Dated: October 20, 2009                         Respectfully submitted,


                                                Leslie Schwaebe Akins, Esq.
                                                Attorney for Plaintiff

In re: Cery Bradley Perle, Debtor

Alfonso Fiero, v. Cery B. Perle
Case Number LA 01-26497-BB
Adv. No. 06-01971 BB

### PROOF OF SERVICE OF
### ELECTRONIC SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF SAN DIEGO )

    I am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is P.O. Box 131253, Carlsbad, California 92013.

    On October 20, 2009, I served **STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in said action, by delivering it as follows:

  _X_  Service will be accomplished through an NEF for parties and counsel who are registered CM/ECF users.

| | |
|---|---|
| **Electronic Mail Notice List** | Darrell Palmer:  darrell.palmer@cox.net |
| **The following is the list of parties who are currently on the list to receive e-mail notices for this case.** | United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov |
| | Leslie S Akins:  lsa@stockmarketlaw.com |
| | Pamela Labruyere:  pamela@sgsslaw.com |

I Declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed **October 20, 2009**, at Carlsbad, California.

                                     _Ashley Hall_
                                        Ashley Hall

### PROOF OF SERVICE