Leslie Schwaebe Akins (Bar No. 138678)
LESLIE SCHWAEBE AKINS, A LAW CORPORATION
7157 Argonauta Way
Carlsbad, California 92009
(760) 931-2920 telephone
(760) 603-0547 facsimile

Attorney for Plaintiff
Alfonso Fiero

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CERY BRADLEY PERLE,<br><br>Debtor,<br><br>―――――――――――<br><br>ALFONSO FIERO,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>CERY B. PERLE, an individual,<br><br>　　　　　　　Defendant, | CASE NO. LA 01-26497-BB<br><br>[Chapter 7]<br><br>Adv. No. 06-01971-BB<br><br>The Honorable S. Bluebond- 626<br><br>**PLAINTIFF ALFONSO FIERO'S OBJECTIONS TO DEFENDANT CERY B. PERLE'S EVIDENCE OFFERED IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT, MOTION TO STRIKE EVIDENCE PURSUANT TO F.R.C.P. RULE 12F**<br><br>DATE: November 10, 2009<br>TIME: 2:00 p.m.<br>CTRM: 1475<br><br>DATE FILED: September 13, 2006<br>DISCOVERY CUT OFF: July 31, 2009<br>TRIAL DATE: None set |

Plaintiff Alfonso Fiero hereby submits the following objections to Defendant Cery B. Perle's Evidence offered in support of Defendant's Motion for Summary Judgment.

/ / /

/ / /

/ / /

---

PLAINTIFF'S OBJECTIONS TO EVIDENCE                                CASE NO. LA 01-26497-BB

1

1 | **DEFENDANT'S EVIDENCE**: Declaration of Cery Perle dated September 30, 2009
2 | ("Perle Decl."), paragraph 3, lines 12-15.
3 | **OBJECTION**: Best evidence rule; the document speaks for itself. Mr. Perle's statement
4 | as to the allegations of Fiero Brothers' Statement of Claim is incomplete and misleading.
5 | In addition to manipulating the market for Shopping.com stock, Fiero Brothers asserted
6 | that Waldron and Perle, with Wedbush's assistance, sold Shopping.com stock to Fiero
7 | Brothers at above market prices in violation of NASD Rules, and Section 10b of the SEA
8 | of 1934 and SEC Rule 10b-5. Additionally, Fiero Brothers alleged parking of stock in
9 | client accounts, trading with preferred market makers, and controlling the price and market
10 | for Shopping.com stock. See, Exhibit B to First Amended Complaint in the instant action.
11 |
12 | **DEFENDANT'S EVIDENCE**: Perle Decl., paragraph 3, lines 15-16.
13 | **OBJECTION**: Best evidence rule; lacks foundation. At the arbitration, Fiero Brothers
14 | presented alternative damage scenarios to the arbitrators. See, Exs. 1 and 2 (Fiero
15 | Brothers NASD Arbitration Exs. 68 and 53); J. Fiero Aff. ¶4-7.
16 |
17 | **DEFENDANT'S EVIDENCE**: Perle Decl., paragraph 3, lines 22-23.
18 | **OBJECTION**: Best evidence rule; lacks foundation. At the arbitration, NASD Arbitration
19 | Award ruled in favor of Fiero Brothers for $350,000 against Waldron and Perle, and
20 | $50,000 against Wedbush. See, Perle Ex. 1; J. Fiero Aff., ¶ 9.
21 |
22 | **DEFENDANT'S EVIDENCE**: Perle Decl., paragraph 4.
23 | **OBJECTION**: False, improvident or sham allegation. Perle's statement is controverted by
24 | Plaintiffs' evidence of service of Petition to Confirm Arbitration Award, Notice of Entry of
25 | Judgment, and service of Abstract of Judgment. (Exhibits 6, 7,9-12; J. Fiero Aff., ¶¶ 10,
26 | 12, 14-17.)
27 | ///
28 |

Main Document    Page 3 of 10

**DEFENDANT'S EVIDENCE**: Perle Decl., paragraph 6, lines 1-4.

**OBJECTION**: False, improvident or sham allegation.

First, Fiero Brothers' NASD Arbitration was filed and arbitrated in 1998, not 1999. (See, Perle Decl., ¶ 3, Perle Exhibit 1.) Second, Perle's statement is contradicted by Schedules F, and by paragraph 3, lines 22-23 where he states "On September 17, 1998, Fiero Brothers received a $350,000 award against Waldron & Co. and me ("NASD Award")." Amount of claim, case name and case number was known to Perle (see, Perle Decl., ¶ 3, lines 10-12). Yet, none of this is identified in Statement E which is for Creditors Holding Unsecured Priority Claims. Additionally, Perle had two NASD Disciplinary actions filed against him in 1998 (decided in 1999)

Third, Perle had several NASD arbitrations against him filed in 1998 and 1999 which were arbitrated between 1999 and 2001. (See, Exs. 15-17.). In each case, Perle disclosed these creditors on Schedule F, and identified the Claimant and/or Claimant's counsel as to the person or entity to whom the debt was owed, not the NASD. Perle also disclosed those claimants in care of their attorneys. However, Perle does not disclose Fiero Brothers.

Fourth, Perle testified at his Deposition taken April 28, 2008 that he considered the NASD disclosure a blanket for all arbitrations. "I included it under the NASD under the blanket of any arbitration. If I missed an arbitration, if there was anything out there, I put it under the NASD. That's why the NASD was listed on the bankruptcy." (Exhibit 24, Perle Depo., p. 80, lns 12-20.) Further, when asked if the NASD was a creditor, Perle responded "NASD, I thought, was a place that you can— what are the service records called when you're able to serve someone in different states . . ." (Exhibit 24, Perle Depo., p. 80, lns 20-24.)

/ / /

/ / /

/ / /

3

1 **DEFENDANT'S EVIDENCE**: Perle Decl., paragraph 7.

2 **OBJECTION:** Incorrect and incomplete statement. Court did not discharge Cery Perle from all debts, i.e., those being pursued in adversary proceedings, and those not properly scheduled. (See, Exhibit 29.)

6 **DEFENDANT'S EVIDENCE**: Exhibit 3.

7 **OBJECTION**: False; misstates the evidence. Exhibit 3 states:

> Corsair Capital Partners
> MPR Law Practice
> 60 East 42nd Street, Suite 843
> New York, NY

14 **DEFENDANT'S EVIDENCE**: Exhibit 4.

15 **OBJECTION**: Inadmissible Hearsay. Exhibit 4 is an excerpt of the Docket Report in the Cery Perle bankruptcy case; it is not a copy of the Certificate of Mail Service of the Notice of Meeting of Creditors.

19 **DEFENDANT'S EVIDENCE**: Exhibit 5. Referenced at Points 16, 17, 18. 19 and 20 of Defendant's Separate Statement of Uncontroverted Facts.

21 **OBJECTION**: Irrelevant, Impertinent, Prejudicial and Scandalous. The NASD Disciplinary Proceeding against Fiero Brothers is irrelevant to this adversary proceeding and irrelevant to the Judgment at issue in this adversary proceeding. Defendant Perle is attempting to introduce irrelevant, impertinent, prejudicial and scandalous matter into this proceeding, in order to prejudice assignee Alfonso Fiero. Plaintiff Alfonso Fiero moves to strike this evidence under F.R.C.P. Rule 12F. See, *Impulsive Music v. Pomodoro Grill, Inc.*, 2008 U.S. Dist. LEXIS 94148 (W.D.N.Y. 2008) (Rule 12(f) authorizes the striking of "any

1  redundant, immaterial, impertinent, or scandalous matter. Where "[r]etention of the
2  allegation will prejudice the defendant," *Murphy v. A.S. Kirkeby, Inc.*, 9 F.R.D. 725
3  (S.D.N.Y.1949), or if it "serve[s] no purpose except to inflame the reader," [], then it should
4  be stricken.); *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991)(Milken's
5  motion to strike evidence of his criminal conviction and income level granted pursuant to
6  Rule 12(f) in civil securities fraud case where neither bear remotely on the outcome of
7  action and only serve to inflame the reader.)

9  **DEFENDANT'S EVIDENCE**: Exhibit 6, Referenced at Points 21 and 22 of Separate
10 Statement of Uncontroverted Facts.
11 **OBJECTION**: Misstates the evidence. Martin Russo testified that he was one of the
12 attorneys, but that he was not actively working on case. Martin Russo believed he was
13 technically on the docket but that it was Martin Kaplan that was representing Fiero
14 Brothers; Mr. Russo did not recall representing John Fiero or Fiero Brothers before the
15 NAC. (Ex. 14, RUSSO DEPO. P.42:11-43:6; P45:5-11.)
16      Additionally, this NASD Disciplinary Decision is irrelevant to this instant Adversary
17 Proceeding; seeks to insert irrelevant, impertinent, prejudicial and scandalous material
18 into the instant proceeding. Therefore, Plaintiff moves to strike Exhibit 6 pursuant to
19 F.R.C.P. Rule 12F. See, *Impulsive Music v. Pomodoro Grill, Inc.*, 2008 U.S. Dist. LEXIS
20 94148 (W.D.N.Y. 2008) (Rule 12(f) authorizes the striking of "any redundant, immaterial,
21 impertinent, or scandalous matter. Where "[r]etention of the allegation will prejudice the
22 defendant," *Murphy v. A.S. Kirkeby, Inc.*, 9 F.R.D. 725 (S.D.N.Y.1949), or if it "serve[s] no
23 purpose except to inflame the reader," [], then it should be stricken.); *Morse v. Weingarten*,
24 777 F. Supp. 312, 319 (S.D.N.Y. 1991)(Milken's motion to strike evidence of his criminal
25 conviction and income level granted pursuant to Rule 12(f) in civil securities fraud case
26 where neither bear remotely on the outcome of action and only serve to inflame the
27 reader.)

PLAINTIFF'S OBJECTIONS TO EVIDENCE                    CASE NO. LA 01-26497-BB

1  **DEFENDANT'S EVIDENCE**: Exhibit 9. Referenced at Point 23 of Defendant's Separate
2  Statement of Uncontroverted Facts.
3  **OBJECTION**: Lacks foundation. Martin Russo testified at his deposition that he does not
4  recall ever acting as the registered agent for Fiero Brothers. (Ex. 14, RUSSO DEPO.
5  P.32:21-35:2.) Martin Russo only acted as agent for service of process only for his own
6  professional corporation. (Ex. 14, RUSSO DEPO. P.39:4-7.) Mr. John Fiero testified that
7  to his knowledge, Mr. Russo was not Fiero Brothers' agent for service. (Ex. 22, JOHN
8  FIERO DEPO. P.123:12-15.)

10 **DEFENDANT'S EVIDENCE**: Exhibit 10. Referenced at Point 24 of Defendant's
11 Separate Statement of Uncontroverted Facts.
12 **OBJECTION**: Lacks foundation. Martin Russo testified at his deposition that he does not
13 recall ever acting as the registered agent for Fiero Brothers. (Ex. 14, RUSSO DEPO.
14 P.32:21-35:2.) Martin Russo only acted as agent for service of process only for his own
15 professional corporation. (Ex. 14, RUSSO DEPO. P.39:4-7.) Mr. John Fiero testified that
16 to his knowledge, Mr. Russo was not Fiero Brothers' agent for service. (Ex. 22, JOHN
17 FIERO DEPO. P.123:12-15.)

19 **DEFENDANT'S EVIDENCE**: Exhibit 7. Referenced at Point 25 of Defendant's Separate
20 Statement of Uncontroverted Facts.
21 **OBJECTION**: Misstates the evidence; Lacks foundation. Martin Russo testified that by
22 June of 2000, he had already been representing Fiero Brothers while he was with
23 Kasowitz Benson, and that he left that firm and this substituting was his new firm (MPR
24 Law Practice) subsisting in for his old law firm Kasowitz Benson. (Ex. 14, RUSSO DEPO.
25 P.40:13-25.)
26 ///
27 ///
28

PLAINTIFF'S OBJECTIONS TO EVIDENCE                    CASE NO. LA 01-26497-BB

1  **DEFENDANT'S EVIDENCE**: Exhibit 8. Referenced at Point 26 of Defendant's Separate
2  Statement of Uncontroverted Facts.
3  **OBJECTION**: Misstates the evidence. Martin Russo testified that Martin Kaplan, Esq.
4  was primarily representing Fiero Brothers and John Fiero, and that he was still technically
5  on the docket. Mr. Kaplan further testified that he did not negotiate the settlement, or the
6  Stipulation, although he did sign it. He was not actively involved in the case. (Ex. 14,
7  RUSSO DEPO. P. 41:24- 43:6.)
8
9  **DEFENDANT'S EVIDENCE**: Exhibit 12. Referenced at Point 27 of Defendant's
10 Separate Statement of Uncontested Facts.
11 **OBJECTION:** Misstates the evidence. Exhibit 12 was signed by Jeff Scott, Esq. of
12 Greenberg Traurig. Martin Russo was not approved by this Court to associate in as co-
13 counsel with Greenberg Traurig until November 5, 2001 (application date November 2,
14 2001)- after the date for filing adversary proceeding. See Exhibits 20 and 27.)
15
16 **DEFENDANT'S EVIDENCE**: Exhibit 14. Referenced at Point 30 of Defendant's
17 Separate Statement of Uncontested Facts.
18 **OBJECTION:** Incomplete; lacks foundation. Exhibit 14 does not include p. 79 as
19 referenced in point 30.
20
21 **DEFENDANT'S EVIDENCE**: Exhibit 14. Referenced at Point 34 and 35 of Defendant's
22 Separate Statement of Uncontested Facts.
23 **OBJECTION:** Exhibit 15, page 132:21- 133:1 seeks to introduce irrelevant, prejudicial
24 and scandalous information not pertinent to the instant adversary proceeding. Therefore,
25 Plaintiff moves to strike Exhibit 6 pursuant to F.R.C.P. Rule 12F. See, *Impulsive Music v.*
26 *Pomodoro Grill, Inc.*, 2008 U.S. Dist. LEXIS 94148 (W.D.N.Y. 2008) (Rule 12(f) authorizes
27 the striking of "any redundant, immaterial, impertinent, or scandalous matter. Where
28

PLAINTIFF'S OBJECTIONS TO EVIDENCE                    CASE NO. LA 01-26497-BB

7

1 "[r]etention of the allegation will prejudice the defendant," *Murphy v. A.S. Kirkeby, Inc.*, 9
2 F.R.D. 725 (S.D.N.Y.1949), or if it "serve[s] no purpose except to inflame the reader," [],
3 then it should be stricken.); *Morse v. Weingarten,* 777 F. Supp. 312, 319 (S.D.N.Y.
4 1991)(Milken's motion to strike evidence of his criminal conviction and income level
5 granted pursuant to Rule 12(f) in civil securities fraud case where neither bear remotely on
6 the outcome of action and only serve to inflame the reader.)

8 **DEFENDANT'S EVIDENCE**: Exhibit 15. Referenced at Point 38 of Defendant's
9 Separate Statement of Uncontested Facts.
10 **OBJECTION:** Incomplete; lacks foundation.  Exhibit 15 does not include p. 20 as
11 referenced in point 38.

13 **DEFENDANT'S EVIDENCE**: Exhibit 15. Referenced at Point 40 of Defendant's
14 Separate Statement of Uncontested Facts.
15 **OBJECTION:** Misstates the evidence.  The referenced deposition testimony states that
16 Mr. Russo represented Fiero Brothers in one bankruptcy proceeding, the Adler Coleman
17 bankruptcy in Southern District of New York. ( Ex. 14, RUSSO DEPO. P. 39:15-24.)

19 **DEFENDANT'S EVIDENCE**: Exhibit 12. Referenced at Point 43 of Defendant's
20 Separate Statement of Uncontested Facts.
21 **OBJECTION:** Misstates the evidence.  The referenced Exhibit 12 is the complaint filed by
22 Jeff Scott and Martin Russo in the Corsair Capital Partners and Alternative Investments,
23 L.P.'s Adversary Proceeding, filed August 28, 2001.

25 **DEFENDANT'S EVIDENCE**: Exhibit 10. Referenced at Point 44 of Defendant's
26 Separate Statement of Uncontroverted Facts.
27 / / /

PLAINTIFF'S OBJECTIONS TO EVIDENCE                    CASE NO. LA 01-26497-BB

1  **OBJECTION**: Misstates evidence; hearsay; lacks foundation. Exhibit 10 does not correlate with the year 2000. Further, Martin Russo testified at his deposition that he does not recall ever acting as the registered agent for Fiero Brothers. (Ex. 14, RUSSO DEPO. P.32:21-35:2.) Martin Russo only acted as agent for service of process only for his own professional corporation. (Ex. 14, RUSSO DEPO. P.39:4-7.) Mr. John Fiero testified that to his knowledge, Mr. Russo was not Fiero Brothers' agent for service. (Ex. 22, JOHN FIERO DEPO. P.123:12-15.)

**DEFENDANT'S EVIDENCE**: Exhibits 3, 4. Referenced at Point 45 of Defendant's Separate Statement of Uncontroverted Facts.

**OBJECTION**: Misstates evidence; hearsay; lacks foundation. Exhibit 3 states:

    Corsair Capital Partners
    MPR Law Practice
    60 East 42nd Street, Suite 843
    New York, NY

Exhibit 4 only indicates that Notice of 341(a) meeting was mailed June 1, 2001; does not indicate it mailed to Mr. Russo. Further, Martin Russo testified that his office had moved from above address by December 2000, and he does not believe he received formal notice of the Perle bankruptcy. (Ex. 14, MARTIN RUSSO DEPO.: P.55:8-22.) Martin Russo only appeared in Perle Bankruptcy in Corsair Adversary Proceeding in November 2001 after this Court permitted him to associate in as co-counsel for Corsair on 11/5/01. EXs. 20 and 27; Ex. 14, MARTIN RUSSO DEPO: P.52:19-P.53:19. )

October 20, 2009    Respectfully submitted,

By: *[signature]*
Leslie Schwaebe Akins, Esq.
Attorneys for Plaintiff
Alfonso Fiero

---

PLAINTIFF'S OBJECTIONS TO EVIDENCE    CASE NO. LA 01-26497-BB

In re: Cery Bradley Perle, Debtor

Alfonso Fiero, v. Cery B. Perle
Case Number LA 01-26497-BB
Adv. No. 06-01971 BB

**PROOF OF SERVICE OF
ELECTRONIC SERVICE**

STATE OF CALIFORNIA   )
                      )
COUNTY OF SAN DIEGO   )

I am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is P.O. Box 131253, Carlsbad, California 92013.

On October 20, 2009, I served **PLAINTIFF ALFONSO FIERO'S OBJECTIONS TO DEFENDANT CERY B. PERLE'S EVIDENCE OFFERED IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT, MOTION TO STRIKE EVIDENCE PURSUANT TO F.R.C.P. RULE 12F** on the interested parties in said action, by delivering it as follows:

_X_ Service will be accomplished through an NEF for parties and counsel who are registered CM/ECF users.

**Electronic Mail Notice List**

**The following is the list of parties who are currently on the list to receive e-mail notices for this case.**

Darrell Palmer:   darrell.palmer@cox.net

United States Trustee (LA):
ustpregion16.la.ccf@usdoj.gov

Leslie S Akins:   lsa@stockmarketlaw.com

Pamela Labruyere:   pamela@sgsslaw.com

I Declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed **October 20, 2009**, at Carlsbad, California.

_____
Ashley Hall

**PROOF OF SERVICE**