DARRELL PALMER (125147)
Law Offices of Darrell Palmer
603 N. Hwy 101, Suite A
Solana Beach, CA 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Defendant, CERY B. PERLE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CERY B. PERLE,<br><br>　　　　Debtor,<br>_____<br><br>ALFONSO FIERO, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor FIERO BROTHERS, INC., Assignor, pursuant to the Assignment dated March 1, 2006,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CERY B. PERLE<br><br>　　　　Defendant | Case No.: LA 01-26497-BB<br><br>ADV06-01971BB<br><br>**DECLARATION OF THOMAS FEHN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 10, 2009<br>Time: 2:00p.m.<br>Place: Courtroom 1475<br>Judge: Hon. Sheri Bluebond |

1

I, Thomas Fehn, declare and state as follows:

**1.**    The following is based on my personal knowledge and if called upon as a witness I could competently testify thereto.

2.    I am an attorney licensed to practice in California since January 1969. I am a partner at Fields, Fehn & Sherwin. I have extensive experience in all aspects of securities law, including state and federal registration, regulatory enforcement, broker-dealer regulation and compliance, litigation, arbitration and mediation of investment loss cases. I am also a faculty member and co-chair of the Practicing Law Institute's annual seminar for attorneys on Securities Arbitrations. I have also acted as an expert witness in federal, state, and arbitration forums concerning securities industry issues. I have also acted as an arbitrator and mediator in more than a hundred investment loss disputes.

3.    I represented the debtor/defendant Cery B.Perle ("Defendant") and Waldron & Co., Inc. before the National Association of Securities Dealers in an action titled *Fiero Brothers, Inc.* v. *Waldron & Co. et al.* Arb No. 98-00587 ("NASD Arbitration"). I also represented Defendant at the four day arbitration ("NASD Arbitration") held between September 1 - 4, 1998.

4.    Fiero Brothers, Inc. ("Fiero Brothers") filed a second amended statement of claim alleging three causes of action against Defendant and others. Defendant filed an answer and a counter claim against Fiero Brothers. A true and correct copy of Defendant's counter claim is filed as Exhibit 1 to Defendant's Appendix of Exhibits in Opposition to Plaintiff's Motion for Summary Judgment ("Exhibit Appendix"). Attached as Exhibit A to the counter-claim and as Exhibit 10 to the Exhibit Appendix is a true and correct copy of a newspaper article published on April 6, 1998. Attached as Exhibit B to the counter-claim and as Exhibit 11 to the Exhibit Appendix is a true and correct copy of the complaint in the disciplinary action filed by the Department of Enforcement against Fiero Brothers and John Fiero before the NASD.

2

5. In the counter claim Defendant alleged that Fiero Brothers was a nationally reputed aggressive short seller who had gained considerable adverse publicity for its short selling activities in connection with the 1995 failure of Hanover Sterling, an over the counter firm and its clearing firm, Ader Coleman. Fiero Brother was the subject of disciplinary action filed before the NASD.

6. On March 27, 1998, I wrote a letter to Barry Goldsmith, Executive Vice President of the NASD regarding the fairness of buy-in of naked short positions conducted after appropriate notice and failure by the short sellers to deliver. A true and correct copy of this letter is filed as Exhibit 2 to the Exhibit Appendix and as Exhibit C to the Counter-claim.

7. In a letter brief dated June 30, 1998, attorney Martin Russo, counsel for Fiero Brothers in the NASD Arbitration, stated Fiero Brothers' opposition to Wedbush Morgan Securities, Inc.'s motion to dismiss the NASD Arbitration. I received a copy of this letter brief, a copy of which is filed as Exhibit 3 to the Exhibit Appendix.

8. On August 5, 1998, Defendant submitted a letter brief to the NASD penal seeking a dismissal of Fiero Brothers' first and second causes of action as stated in the second amended statement of claim. A copy of this letter brief is attached as Exhibit 4 to the Exhibit Appendix. On August 12, 1998, Defendant submitted a letter brief to the NASD panel seeking a dismissal of Fiero Brothers' first and second causes of action, a copy of which is filed as Exhibit 5 to the Exhibit Appendix. In both of these letter briefs, Defendant argued that Fiero Brothers' first cause of action which appeared to state a claim for violation of NASD Rule 11810(c)(1)(C) is specious because there is no private right of action for such a violation.

9. On August 26, 1998, Attorney Russo submitted a letter brief on behalf of Fiero Brothers in opposition to Defendant's motion to dismissal of Fiero Brothers' claims in the NASD Arbitration. A copy of this letter brief is filed as Exhibit 6 to the Exhibit Appendix. In this letter brief, Fiero Brothers state that, "Fiero's first claim is not

3

Exhibit Appendix is a copy of excerpts of the relevant pages of the NASD transcript where Mr. Russo addresses damages in his closing argument.

19. At the conclusion of the NASD Arbitration, the panel awarded Fiero Brothers $350,000 in damages. The panel denied Fiero Brothers' claim for punitive damages.

20. Based on the facts and the evidence introduced by Fiero Brothers, the defenses and counter-claim presented by Defendant, the oral argument presented by counsel, and the discussions with the NASD panel, I believe that the NASD panel granted Fiero Brother compensatory damages only under the first cause of action for unjust enrichment. The NASD also rejected Fiero Brothers claim for fraud and punitive damages, which necessarily implies that the NASD panel did not find in Fiero Brothers' favor under the second cause of action. Further the NASD appears to have rejected Fiero Brothers claim that the stock price was manipulated when it calculated Fiero Brothers damages. If the NASD had accepted Fiero Brothers claim that the market price of Shopping.com was manipulated, it would have awarded Fiero Brothers' entire claim of $510,000. Instead, the NASD only awarded Fiero Brothers $350,000.

21. The panel did not make any factual findings. Fiero Brothers did not request any factual findings. Also, Fiero Brothers did not request any clarifications of the award.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 10-27-09

Thomas Fehn

7

DECLARATION OF THOMAS FEHN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT