DARRELL PALMER (125147)
Law Offices of Darrell Palmer
603 N. Hwy 101, Suite A
Solana Beach, CA 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Defendant, CERY B. PERLE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CERY B. PERLE,<br><br>Debtor,<br>_____<br><br>ALFONSO FIERO, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor FIERO BROTHERS, INC., Assignor, pursuant to the Assignment dated March 1, 2006,<br><br>Plaintiff,<br><br>vs.<br><br>CERY B. PERLE<br><br>Defendant | Case No.: LA 01-26497-BB<br><br>ADV06-01971BB<br><br>**DEFENDANT CERY B. PERLE'S EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF JOHN FIERO**<br><br>Date: November 10, 2009<br>Time: 2:00 p.m.<br>Place: Courtroom 1475<br>Judge: Hon. Sheri Bluebond |

1

Defendant Cery B. Perle submits the following evidentiary objections to the affidavit of John Fiero submitted in support of Plaintiff's motion for summary judgment:

## **General Objection**

Declarant makes several references to legal exhibits either filed by, found by, or generated by his attorney, rather than himself.  Accordingly, Plaintiff objects to each of these authentication attempts as lacking personal knowledge and foundation.  These faulty attempts are objected to specifically herein.

| Affidavit of John Fiero | Defendant's Evidentiary Objections |
|---|---|
| Paragraph 2, <br><br> I am knowledgeable of the trading…as discussed herein below. | Lacks foundation and personal knowledge regarding the basis of the declarant's knowledge of the activities of Perle and other market makers. |
| Paragraphs 3. | Lacks foundation and is inadmissible opinion as the basis of the declarant's knowledge of market maker's responsibilities is not established. |
| Paragraph 4. | Lacks foundation and is inadmissible opinion as the basis of the declarant's knowledge is not established. |
| Paragraph 8, <br><br> On information and belief…fraudulent buy-in activities. | Lacks foundation, lacks personal knowledge and is inadmissible hearsay as the declarant admits that he does not have the personal knowledge to support this statement. |
| Paragraph 8, <br><br> These facts were proven…filed against Perle. | Lacks personal knowledge, lacks foundation, and is in admissible hearsay as the declarant has no personal knowledge of the SEC action or the Corsair proceeding. |
| Paragraph 8, <br><br> Following Corsair's motion…in favor of the Fiero Brothers. | Lacks personal knowledge, lacks foundation, and is inadmissible hearsay as the affidavit does not establish the declarant's knowledge of the Corsair Adversary proceedings or the Corsair summary judgment.  The statement is also conclusory as the declarant merely concludes that the "same conduct by Perle resulted in the NASD award." |

2

DEFENDANT CERY B. PERLE'S EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF JOHN FIERO

| | |
|---|---|
| Paragraph 8,<br><br>Judge Bluebond…11 U.S.C. section 526(a)(6) | Lacks personal knowledge, lacks foundation, and is inadmissible hearsay as the affidavit does not establish the declarant's knowledge of the Corsair Adversary proceedings or the Corsair summary judgment. The declarant also misrepresents the Judge Bluebond's determinations because this court has not opined on whether the conduct in this action is the same as the conduct in the Corsair action. |
| Paragraph 8,<br><br>Fiero Brothers was a victim…same manner as Corsair/Al. | Lacks personal knowledge, lacks foundation, and is inadmissible hearsay as the affidavit does not establish the declarant's knowledge of the Corsair Adversary proceedings. Conclusory to the extent the declarant concludes that the injury to the Fiero Brothers was the same as that in the Corsair action. |
| Paragraph 8,<br><br>Fiero Brothers was a victim of Perle's artificial buy-ins as follows… | Inadmissible hearsay. |
| Paragraph 11,<br><br>It was determined in the NASD Arbitration…Perle's manipulation of the stock. | Inadmissible hearsay. Misrepresents the scope of the NASD Award. |
| Paragraph 12,<br><br>The buy-ins referred…mid-march 1998. | Lacks foundation, lacks personal knowledge and is inadmissible hearsay as the affidavit does not establish the declarant's knowledge of the Corsair and SEC actions. |
| Paragraph 12,<br><br>The Fiero Brothers buy-ins…referring to. | Lacks foundation, lacks personal knowledge and is inadmissible hearsay as the affidavit does not establish the declarant's knowledge of the Corsair and SEC actions. Conclusory to the extent that the declarant concludes that the Fiero Brothers buy-ins are some of the buy-ins that Judge Bluebond would have been referring to. |

3

DEFENDANT CERY B. PERLE'S EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF JOHN FIERO

| | |
|---|---|
| Paragraph 13 | Lacks foundation, lacks personal knowledge and is inadmissible hearsay as the affidavit does not establish the declarant's knowledge of the Corsair and SEC actions. Conclusory to the extent that the declarant makes conclusions regarding the alleged similarity between the NASD Award and the Corsair action. |
| Paragraph 14, <br><br> Based on the defendants' misconduct. . . . | Lacks personal knowledge, states a legal conclusion, and is impermissible opinion. |
| Paragraph 17, <br><br> Following hearings which took place. . . . | Lacks foundation to establish declarant's personal knowledge. |
| Paragraph 19, <br><br> The petition stated that on or about February 17, 1998. . . . | Hearsay. The document speaks for itself. |
| Paragraph 20, <br><br> The petition reflected that on September 17, 1998, . . . . | Hearsay. The document speaks for itself. |
| Paragraph 21, <br><br> Attached hereto as Exhibit 4 is a true and correct copy of the Minutes of the March 17, 1999 hearing on the Petition. | Lacks foundation to establish declarant's personal knowledge that the exhibit is a true and correct copy of those minutes. |
| Paragraph 21, <br><br> The Ruling indicates that the Court received no opposition to the Petition. | Hearsay. The document speaks for itself. |
| Paragraph 22, <br><br> Attached hereto as Exhibit 5 is a true and correct copy of the Court's April 6, 1998 order. | Lacks foundation to establish declarant's personal knowledge that the exhibit is a true and correct copy of that order. |

DEFENDANT CERY B. PERLE'S EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF JOHN FIERO

| | |
|---|---|
| Paragraph 23,<br><br>Attached hereto as Exhibit 6 is a true and correct copy of the April 6, 1999 Judgment entered in favor of Fiero Bros. | Lacks foundation to establish declarant's personal knowledge that the exhibit is a true and correct copy of that Judgment. |
| Paragraph 24:<br><br>Fiero Bros. filed and served its Notice of Entry of Judgment. . . . | Lacks foundation to establish declarant's personal knowledge that Fiero Bros. filed and served a Notice of Entry of Judgment, or that Exhibit 7 is a true and correct copy thereof. |
| Paragraph 25:<br><br>The abstract of judgment was filed by Fiero Bros. through its attorney. . . . | Lacks foundation to establish declarant's personal knowledge, as declarant states the judgment "was filed," not that he filed it; lacks foundation to establish that declarant would know if Exhibit 8 is a true and correct copy of the abstract of judgment. |
| Paragraph 26:<br><br>Fiero Bros. assigned the Judgment to Alfonso Fiero for good and valuable consideration. . . . | Calls for a legal conclusion regarding the assignment, and regarding the consideration. |

Dated: October 27, 2009                            ___/s/ Darrell Palmer _____
                                                            Darrell Palmer, Attorney for Defendant

DEFENDANT CERY B. PERLE'S EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF JOHN FIERO