DARRELL PALMER (125147)
Law Offices of Darrell Palmer
603 N. Hwy 101, Suite A
Solana Beach, CA 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Defendant, CERY B. PERLE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CERY B. PERLE,<br><br>Debtor,<br><br>_____<br><br>ALFONSO FIERO, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor FIERO BROTHERS, INC., Assignor, pursuant to the Assignment dated March 1, 2006,<br><br>Plaintiff,<br><br>vs.<br><br>CERY B. PERLE<br><br>Defendant | Case No.: LA 01-26497-BB<br><br>ADV06-01971BB<br><br>**DEFENDANT CERY B. PERLE'S OBJECTIONS TO SUPPLEMENTAL AFFIDAVIT OF JOHN FIERO IN SUPPORT OF ALFONSO FIERO'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 10, 2009<br>Time: 2:00 p.m.<br>Place: Courtroom 1475<br>Judge: Hon. Sheri Bluebond |

1

## General Objection

This "Supplemental" Affidavit was filed with Movant's <u>Moving Papers,</u> rather than in a reply. There is no legal ground for filing two separate affidavits by the same person in a set of moving papers. Further, there is no legal authority or mechanism for such unorthodox procedure. On that ground alone, the Supplemental Affidavit should be stricken in its entirety.

Second, the <u>entire</u> affidavit is nothing more than a legal brief in disguise, most likely in an attempt to circumvent the page limits for the points and authorities in support of Plaintiff's motion. The list of paragraphs containing legal argument and conclusions is beyond all measure of reason. The affidavit is wholly lacking in any "facts" based upon "personal knowledge," the standard for the content of an affidavit. The utter lack of material facts in this affidavit also warrants wholesale disregard by the Court.

Third, this affidavit contains myriad references attempting to establish the authenticity of legal documents filed in other proceedings. This type of authentication is best left to the declaration of the filing attorney, or in a request for judicial notice. Instead, these attempts at authentication are further evidence of the affidavit's inherent unreliability and failure to observe the constraints of an affidavit: facts based upon personal knowledge. Further, these attempts at charactering the documents referenced therein constitute inadmissible hearsay.

Fourth, the affidavit is rife with improper opinion by the affiant, which opinion must be disregarded as not constituting a "fact" within the personal knowledge of the affiant. This opinion is coupled on several occasions with speculation as to what the Affiant "might" have done if different facts had occurred, and do not constitute facts which **did** occur.

To detail each particular evidentiary violation by paragraph *ad nauseum* would tax the Court, and the forest. In the spirit of judicial economy, Defendant has compiled a summary listing of his evidentiary objections.

In sum, this "Supplemental Affidavit" contains no *evidence* whatsoever, which would support a motion for summary judgment, or any other motion. Its contents, which consists solely of improper opinion, legal conclusion, attempted authentication, and legal argument. Given this void of actual facts the Court may consider in weighing the motion, the entire Supplemental Affidavit should be struck by the Court.

## Specific Objections

A.  Legal Conclusion

The following paragraphs contain statements which constitute legal conclusions, rather than facts within the personal knowledge of affiant:

Paragraphs 2, 8, 11, 12, 13, 16, 22, 23, 24, 31, 35, 37, 40, 41, 43, 44, 45, 49, 51, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 70, 71, 72, 84.

B.  Lack of Personal Knowledge

The following paragraphs contain statements which cannot be within the personal knowledge of the affiant:

2, 3, 4, 6, 9, 10, 11, 12, 13, 19, 20, 21, 23, 25, 26, 27, 29, 30, 31, 32, 36, 40, 41, 43, Paragraphs 44 through 48, entitled "Fiero Bros. Had No Knowledge of Perle's Fraudulent Scheme," 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 73, 74, 83.

C.  Lacks Foundation

The following paragraphs contain statements which lack foundation for the proposition or fact asserted therein:

2, 3, 4, 8, 12, 13.

D.  Inadmissible Hearsay

The following paragraphs contain statements which constitute inadmissible hearsay for which there is no exception:

8, 11, 12, 13, 19, 20, 21, 25, 26, 27, 29, 30, 31, 32, 34, 35, 36, 37, 38, 40, 42, 43, 45, 46, 47, 49, 50, 51, 52, 53, 55, 56, 59, 60, 66, 67, 74, 77, 78.

3

E.	Speculation

The following paragraphs contain statements which are not facts, but speculation about possible events which might have occurred had different events actually taken place:

37, 45, 48, 49.

F.	Improper Opinion

The following paragraphs contain statements which are not facts, but are the opinion of the affiant:

3, 4, 8, 16, 23, 31, 34, 35, 51, 52, 56, 57, 59, 64, 65, 66, 67, 70, 71, 72, 73, 74.

G.	Improper Argument

The following paragraphs have no bearing on the affiant's personal experience with the material facts in this litigation, but rather constitute argument properly found in legal points and authorities, as they fall under his self-imposed headings:

"Fiero Bros. Justifiably Relied on Information Available in the Market in Determining to Sell Short Shopping.com":  paragraphs 13 through 16;

"Fiero Bros. Out-of-Pocket Damages Resulting from Manipulation of the Market for Shopping.com":  paragraphs 39 through 43;

"Fiero Bros. Had No Knowledge of Perle's Fraudulent Scheme":  paragraphs 44 through 48;

"Due to Perle's Control of the Market for Shopping.com Stock, Fiero Bros. Could Not Have Purchased Stock on the Open Market":  paragraphs 49 through 71.

The absolute and pervasive incorporation of improper material in John Fiero's Supplemental Affidavit make it impossible to consider as a whole, or even as a part, in support of Plaintiff's Motion for Summary Judgment.  The entire affidavit should be stricken.

Dated: October 27, 2009                             _____/s/ Darrell Palmer_____
                                                                    Darrell Palmer, Attorney for Defendant

4

DEFENDANT CERY B. PERLE'S OBJECTIONS TO SUPPLEMENTAL AFFIDAVIT OF JOHN FIERO IN
SUPPORT OF ALFONSO FIERO'S MOTION FOR SUMMARY JUDGMENT