

LEXSEE 233 FED.APPX. 598

In re: JIM L. LAMBERT, Debtor. FOSTER STANBACK; COCO STANBACK, Appellants, v. JIM L. LAMBERT, Appellee.

No. 05-55109

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

233 Fed. Appx. 598; 2007 U.S. App. LEXIS 7258

February 6, 2007, Argued and Submitted, Pasadena, California
March 22, 2007, Filed

**NOTICE:** [**1] PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** Appeal from the Ninth Circuit Bankruptcy Appellate Panel. BAP No. CC-04-01246-MaMoMk. Markell, Montali, and Marlar, Bankruptcy Judges, Presiding.

**COUNSEL:** For FOSTER STANBACK, COCO STANBACK, Appellants: James G. Morris, Sherman Oaks, CA.

For JIM L. LAMBERT, Appellee: Lewis R. Landau, Esq., LEWIS R. LANDAU LAW OFFICES, Calabasas, CA.

**JUDGES:** Before: FERGUSON, SILER, ** and HAWKINS, Circuit Judges.

   ** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

**OPINION**

[*599] MEMORANDUM *

   * This disposition is not appropriate for publication and is not precedent except as provided by *Ninth Circuit Rule 36-3.*

Before: FERGUSON, SILER, ** and HAWKINS, Circuit Judges.

Foster and Coco Stanback ("the Stanbacks") appeal from a decision of the Bankruptcy Appellate Panel ("BAP"), declining to give [**2] preclusive effect to a state arbitration award in a nondischargeability of debt proceeding.

Notwithstanding the BAP's remand to the bankruptcy court for trial, this court can exercise jurisdiction over this appeal because we could dispose of the case and obviate the need for factfinding if we were to rule in the Stanbacks' favor. *See In re Bonner Mall Partnership, 2 F.3d 899, 904 (9th Cir. 1993).* This also potentially furthers the interests of judicial efficiency and avoids piecemeal litigation. *See In re Padilla, 222 F.3d 1184, 1188 (9th Cir. 2000).* Nor will assuming jurisdiction encroach on the bankruptcy court's role as factfinder, because, in this case, factual development is not necessary to the resolution of the issue preclusion debate, but actually a consequence of the way the BAP resolved that legal issue. *See id. at 1189.*

On the merits, however, we agree with the BAP that all the elements of common law fraud were not necessarily decided in the underlying arbitration proceeding. The initial award stated only that "a credible argument can be made" that the Stanbacks had presented clear and convincing evidence of an intentional [**3] misrepresentation, which falls short of an actual finding. The arbitrator's "clarification" indicated the award was based on breach of contract and on debtor's "fraudulent conduct resulting in his unjust enrichment," and appears to conflate two of the Stanbacks' causes of action (unjust enrichment by mistake and fraud). Moreover, the phrase "fraudulent conduct" may or may not mean that the arbitrator found all the elements of common law fraud, including justifiable reliance. The arbitrator declined to make any further official adjustments to the award itself,

though he did later state in a letter that "Mr. Lambert acted fraudulently" and that the Stanbacks could recover for fraud.[1]

> 1  The BAP also noted that the Stanbacks conceded that the state court judgment would not evince the preclusive effect of the award if the award did not meet the requirements for collateral estoppel on its own merit. Because the judgment generally awards damages for all three causes of action, we cannot say that any one cause of action was necessary to support the award. *See Chew v. Gates, 27 F.3d 1432, 1438 (9th Cir. 1994)* (general verdict will support estoppel only if issue as to which estoppel is sought must necessarily have been determined in prior proceeding). For the same reason, we cannot use *In re Molina, 228 B.R. 248 (9th Cir. BAP 1998)*, to implicitly supply the necessary findings, especially because the arbitrator did not actually impose punitive damages in this case.

[**4] Although the issue of fraud was apparently litigated during the arbitration, it is unclear from this record that the arbitrator "necessarily decided" that all the elements of common law fraud (and, hence, all [*600] the elements of *11 U.S.C. § 523(a)(2)(A)*) were satisfied. The party asserting collateral estoppel carries the burden of proving "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *In re Kelly, 182 B.R. 255, 258 (9th Cir. BAP 1995)*. We have a "reasonable doubt" as to what was actually decided by the prior judgment, and therefore refuse to apply preclusive effect in this case. *See id.*[2] Because we cannot say that any of the elements of *§ 523(a)(2)(A)* were "necessarily decided" in the arbitration, we remand to the bankruptcy court for trial.

> 2  Because we determine collateral estoppel does not apply, we need not reach the debtor's additional argument that California public policy does not support the collateral estoppel effect of a private arbitration award.

[**5] The decision of the BAP is **AFFIRMED**, and the case is **REMANDED** to the bankruptcy court for further proceedings consistent with this disposition.