UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 03 B 28675 |
| | ) | Chapter 7 |
| DOBRIVOJE C. BOZOVIC, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Adv. No. 04 A 00160 |
| MARIA GUARDADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOBRIVOJE C. BOZOVIC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of the plaintiff, Maria Guardado (the "Plaintiff") for judgment on the pleadings pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(c). For the reasons set forth herein, the Court denies the Plaintiff's motion. Concurrently entered herewith is a Final Pretrial Order setting this matter for trial on October 4, 2004 at 1:00 p.m.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

## II. FACTS AND BACKGROUND

On March 28, 2001, Dobrivoje Bozovic (the "Debtor") on behalf of his company, Bozovic Construction Company, entered into two written contracts with the Plaintiff wherein he and his company were to perform extensive repair and remodeling of two residences for the Plaintiff. Compl. at ¶ 3 and March 28, 2001 contracts attached thereto. The Debtor accepted payments from the Plaintiff in the total amount of $30,900.00. *Id.* at ¶ 4.

In January 2002, the Plaintiff filed a three-count complaint against the Debtor and his dissolved Illinois corporation in the Circuit Court of Cook County, Illinois. Ex. A to Compl. In that complaint, the Plaintiff alleged causes of action for breach of contract, consumer fraud and fraud against the Debtor. *Id.* Specifically, the state court complaint alleged that during the period from the signing of the written contracts through September 1, 2001, the Debtor began or completed a number of items of work required under the contracts. *Id.* at ¶ 11. Subsequently, the Debtor performed only sporadic work at the residences, and did not complete the work pursuant to the contracts. *Id.* at ¶¶ 12-17. On January 7, 2003, the state court entered a judgment on the award of arbitration in the sum of $30,487.50 against the Debtor and his company. *Id.* at Ex. B. No findings of fact or conclusions of law were made by the state court or the arbitrator and none have been provided to this Court.

On July 8, 2003, the Debtor filed a Chapter 7 bankruptcy petition. Thereafter, on February 2, 2004, the Plaintiff filed the adversary proceeding at bar seeking to determine whether the debt should be non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and whether the Debtor's discharge should be denied under 11 U.S.C. § 727(a)(3) and (a)(4). The Debtor filed an answer to the complaint wherein he denied many of the substantive allegations in the complaint.

On August 2, 2004, the Plaintiff filed the instant motion for judgment on the pleadings. She seeks judgment only on the § 523(a)(2)(A) portion of the complaint, not under the § 727(a)(3) and (a)(4) portion. The Plaintiff invokes the doctrine of collateral estoppel and contends all necessary elements are present so that the Debtor is barred from denying that his conduct was fraudulent.

### III. APPLICABLE STANDARDS

#### A. Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c), which is incorporated by reference in Federal Rule of Bankruptcy Procedure 7012, provides as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c). Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (citations omitted).[1] When deciding a motion for judgment on the pleadings, a court may consider only the contents of the pleadings. *Alexander v. City of*

---

[1] Pursuant to Federal Rule of Civil Procedure 10, made applicable by Federal Rule of Bankruptcy Procedure 7010, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c).

-3-

*Chi.*, 994 F.2d 333, 335 (7th Cir. 1993); *Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.)*, 183 B.R. 812, 817 (Bankr. N.D. Ill. 1995) (citation omitted). However, courts may consider documents incorporated by reference in the pleadings. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) (citations omitted). Courts may also take judicial notice of matters of public record. *Id.* (citations omitted).

A motion for judgment on the pleadings is determined by the same standard applied to a motion to dismiss for failure to state a claim. *Id.* at 1581 (citation omitted). Pursuant to Rule 12(c), a motion for judgment on the pleadings is properly granted if the undisputed facts appearing in the pleadings, supplemented by any facts of which a court should take proper judicial notice, clearly entitle the moving party to judgment as a matter of law. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) (*citing Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982)). A moving party must clearly establish that no material issue of fact exists and that judgment on the pleadings is warranted by law. *Id. See also A.D.E. Inc. v. Louis Joliet Bank & Trust Co.*, 742 F.2d 395, 396 (7th Cir. 1984) (judgment on the pleadings is appropriate only if it is a "certainty" that the defendant is liable).

For purposes of considering Rule 12(c) motions, all well-pleaded allegations contained in the non-moving party's pleadings are to be taken as true. *Gillman v. Burlington N. R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989) (*citing Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir. 1986)). In ruling on a motion for judgment on the pleadings, courts must view the facts in pleadings and all inferences drawn therefrom in the light most favorable to the non-movant. *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997) (citations omitted); *Nat'l Fid. Life*, 811 F.2d at 358 (*citing Republic Steel*, 785 F.2d at 177 n.2). Courts are not bound,

however, by the legal characterizations contained in the pleadings. *Nat'l Fid. Life*, 811 F.2d at 358; *Republic Steel*, 785 F.2d at 183 (citation omitted). When a written instrument incorporated in the pleadings contradicts allegations in the complaint, the exhibit "trumps the allegations." *N. Ind. Gun*, 163 F.3d at 454 (citations omitted).

Under the second sentence of Rule 12(c), a court may, if it chooses, consider matters outside the pleadings as if the motion were one for summary judgment. This alternative use of the Rule, however, provides that the motion cannot be granted if a genuine issue of material fact is presented under the summary judgment standards employed under Rule 56 and its bankruptcy analogue, Bankruptcy Rule 7056.

## B. The Doctrine of Collateral Estoppel

The Plaintiff contends that the Debtor should be collaterally estopped from denying the acts of fraud that led to the state court judgment against him.

The doctrine of collateral estoppel precludes a relitigation of issues previously determined in another court. *Brown v. Felsen*, 442 U.S. 127, 139 (1979) (citations omitted); *Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002) (collateral estoppel "prevents a party from relitigating an issue that it has previously litigated and lost."). The United States Supreme Court has held that collateral estoppel principles apply to proceedings involving the dischargeability of a debt under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991) ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). Hence, "where a court of competent jurisdiction has previously ruled against a debtor upon specific issues of fact that independently comprise elements of a creditor's nondischargeability claim, the debtor may not seek to relitigate those underlying facts in

bankruptcy court, provided that the issues involved had been 'actually litigated.'" *French, Kezelis & Kominiarek, P.C. v. Carlson (In re Carlson)*, 224 B.R. 659, 663 (Bankr. N.D. Ill. 1998) (citation omitted), *aff'd*, No. 99 C 6020, 2000 WL 226706 (N.D. Ill. Feb. 22, 2000).

Federal courts must give full faith and credit to the collateral estoppel effects of state court judgments under state standards. 28 U.S.C. § 1738; *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Am. Nat'l Bank & Trust Co. v. Regional Transp. Auth.*, 125 F.3d 420, 430 (7th Cir. 1997) (citations omitted). Bankruptcy courts are bound by this obligation. *See Gouveia v. Tazbir*, 37 F.3d 295, 300 (7th Cir. 1994) (citation omitted). "The preclusive effect of a state court judgment in a federal case is a matter of state rather than of federal law." *A.D. Brokaw v. Weaver*, 305 F.3d 660, 669 (7th Cir. 2002) (*quoting CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 856 (7th Cir. 2002)). Because this matter presents a question regarding the collateral estoppel effect of an Illinois state court judgment, the Court must apply the Illinois law of collateral estoppel. *Id.*

Under Illinois law, the essential elements for application of collateral estoppel are: (1) the issue decided in the prior adjudication must be identical to the issue in the current action; (2) the party against whom the estoppel is asserted must have been a party or in privity with a party to the prior case; and (3) there must have been a final judgment on the merits in the prior action. *Kalush v. Deluxe Corp.*, 171 F.3d 489, 493 (7th Cir. 1999) (*citing Herzog v. Lexington Township*, 167 Ill.2d 288, 295, 657 N.E.2d 926, 929-30 (1995)). *See also Nowak v. St. Rita High School*, 197 Ill.2d 381, 389-90, 757 N.E.2d 471, 477 (2001); *DuPage Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 195 Ill.2d 71, 77, 744 N.E.2d 845, 849 (2001). In Illinois, collateral

estoppel is "limited to the precise factual or legal issues actually litigated and decided when a prior order was entered." *People v. Williams*, 138 Ill.2d 377, 393, 563 N.E.2d 385, 392 (1990).

Generally, in Illinois arbitration awards have the same collateral estoppel effect as court judgments. *Taylor v. Peoples Gas Light & Coke Co.*, 275 Ill. App.3d 655, 661, 656 N.E.2d 134, 139 (1st Dist. 1995). *See also Rosee v. Board of Trade*, 43 Ill. App.3d 203, 239, 356 N.E. 2d 1012, 1036 (1st Dist. 1976) (*quoting White Eagle Laundry Co. v. Slawek*, 296 Ill. 240, 244, 129 N.E. 753, 755 (1921) (stating arbitration award is final and binding, "having all the force of an adjudication and effectually concluding the parties from again litigating the same subject.'").

### C. 11 U.S.C. § 523(a)(2)(A)

The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Harasymiw*, 895 F.2d 1170, 1172 (7th Cir. 1990); *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 961 (Bankr. N.D. Ill. 1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). *See also In re McFarland*, 84 F.3d 943, 946 (7th Cir.), *cert. denied*, 519 U.S. 931 (1996); *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *In re Scarlata*, 979 F.2d 521, 524 (7th Cir. 1992) (*quoting In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985)). *Accord In re Morris*, 223 F.3d 548, 552 (7th Cir. 2000); *In re Reines*, 142 F.3d 970, 972-73 (7th Cir. 1998), *cert. denied*, 525 U.S. 1068 (1999).

Section 523 of the Bankruptcy Code enumerates specific, limited exceptions to the dischargeability of debts. Section 523(a)(2)(A) provides:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt-
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by-
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) lists three separate grounds for dischargeability: actual fraud, false pretenses and false representation. *Bletnitsky v. Jairath (In re Jairath)*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001). A single test was applied to all three grounds even though the elements for each vary under common law. *Id.* (citations omitted).

In order to demonstrate a claim based on false pretenses or false representation, a creditor must show that (1) the debtor made a false representation of fact (2) that the debtor (a) either knew to be false or made with reckless disregard for its truth and (b) made with an intent to deceive and (3) the creditor justifiably relied on the false representation. *Baker Dev. Corp. v. Mulder (In re Mulder)*, 307 B.R. 637, 643 (Bankr. N.D. Ill. 2004) (citations omitted); *Bednarsz v. Brzakala (In re Brzakala)*, 305 B.R. 705, 710 (Bankr. N.D. Ill. 2004) (citations omitted).

The determination of whether the debtor had the requisite intent is a factual question that must be resolved by a review of all of the relevant circumstances of a particular case. *Park Nat'l Bank & Trust of Chicago v. Paul (In re Paul)*, 266 B.R. 686, 694 (Bankr. N.D. Ill. 2001) (citations omitted). Proof of intent to deceive is measured by a debtor's subjective intention at the time the representation was made. *Mercantile Bank v. Canovas*, 237 B.R. 423, 428 (Bankr. N.D. Ill. 1998). Where a person knowingly or recklessly made false representations that the person knew or should have known would induce another to act, the court may logically infer

-8-

an intent to deceive. *Glucona Am., Inc. v. Ardisson (In re Ardisson)*, 272 B.R. 346, 357 (Bankr. N.D. Ill. 2001) (citation omitted).

Reliance on a false pretense or false representation under § 523(a)(2)(A) must be "justifiable." *Field v. Mans*, 516 U.S. 59, 74-75 (1995). Justifiable reliance is an intermediate level of reliance. It is less than reasonable reliance, but more than reliance in fact. The justifiable reliance standard imposes no duty to investigate unless the falsity of the representation is readily apparent. *Id.* at 70-72. Whether a party justifiably relies on a misrepresentation is determined by looking at the circumstances of a particular case and the characteristics of a particular plaintiff, and not by an objective standard. *Id.* at 71. To satisfy the reliance element of § 523(a)(2)(A), the creditor must show that the debtor made a material misrepresentation that was the cause-in-fact of the debt that the creditor wants excepted from discharge. *Mayer v. Spanel Int'l Ltd.*, 51 F.3d 670, 676 (7th Cir.), *cert. denied*, 516 U.S. 1008 (1995) ("Reliance means the conjunction of a material misrepresentation with causation in fact.") (citations omitted).

The Seventh Circuit Court of Appeals has made it clear, however, that misrepresentation and reliance thereon is not always required to establish fraud. *McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000). Indeed, the Seventh Circuit recently defined the term "fraud:"

> 'Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated.'

*McClellan*, 217 F.3d at 893 (*quoting Stapleton v. Holt*, 250 P.2d 451, 453-54 (Okla. 1952)). "Actual fraud" is not limited to misrepresentation, but may encompass "'any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another.'" *Id.* (*quoting* 4 L. King, *Collier on Bankruptcy*, ¶ 523.08[1][c] at 523-45 (15th ed. rev. 2000)). Hence, a different analysis must be utilized when a creditor alleges actual fraud. *Id.* The *McClellan* court opined that because common law fraud does not always take the form of a misrepresentation, a creditor need not allege misrepresentation and reliance thereon to state a cause of action for actual fraud under § 523(a)(2)(A). *Id.* Rather, the creditor must establish the following: (1) a fraud occurred; (2) the debtor was guilty of intent to defraud; and (3) the fraud created the debt that is the subject of the discharge dispute. *Id.* The fraud exception under § 523(a)(2)(A) does not reach constructive frauds, only actual ones. *Id.* at 894.

## IV. DISCUSSION

The Court must deny the Plaintiff's motion because not all of the requisite elements are present to apply the doctrine of collateral estoppel to the judgment on award of arbitration entered by the state court in favor of the Plaintiff and against the Debtor. In particular, the Court is unable to determine whether the issue of fraud was actually litigated and decided in the state court proceeding. No transcript of the arbitration proceeding was furnished to the Court. Apparently, the arbitrator did not make specific factual findings or legal conclusions in support of the award. The absence of factual findings or an explanation of the arbitrator's rationale renders the factual and legal bases of the award unknown and uncertain. The Court has only been furnished the judgment on the award and the Plaintiff's complaint in the state court action.

The complaint contained three counts on alternative theories and allegations, including a breach of contract claim, a consumer fraud claim, and a fraud claim. It is impossible at this stage to determine which factual allegations were actually proven, litigated and found essential to the judgment. Thus, it is entirely possible that the arbitrator's award was entered solely on the breach of contract cause of action, which does not require any showing of fraud by the Debtor. Based upon the limited record before the Court, however, the Court is unable to ascertain the factual foundation or legal conclusions underlying the state court judgment on award of arbitration.

Detailed findings of fact from the earlier proceeding are necessary to enable the bankruptcy court in the subsequent adversary proceeding to determine which facts were actually proven, which issues were decided, and what was essential to the other court's judgment. It is both fair and logical that a party be required to prove all essential elements of its case at least once before the doctrine of collateral estoppel may be appropriately applied in the second proceeding. Absent an adequate showing of what evidence was submitted in the prior proceeding and an absence of detailed findings of fact and conclusions of law from that proceeding, the doctrine of collateral estoppel is not properly applied here.

Because the Plaintiff has relied solely on the doctrine of collateral estoppel without furnishing the Court an adequate record from the state court action, the motion for judgment on the pleadings must be denied. An independent determination must be made as to whether the debt should be excepted from discharge under § 523(a)(2)(A) or whether the Debtor's discharge should be denied under § 727(a)(3) and (a)(4). Hence, based upon the limited record submitted,

the Plaintiff has not demonstrated that she is entitled to judgment as a matter of law. Accordingly, the Court is unable to grant judgment on the pleadings.

## V. CONCLUSION

For the foregoing reasons, the Court denies the Plaintiff's motion for judgment on the pleadings. Concurrently entered herewith is a Final Pretrial Order setting this matter for trial on October 4, 2004 at 1:00 p.m.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

ENTERED:

DATE: 8/24/4

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Maria Guardado v. Dobrivoje C. Bozovic
Adversary No. 04 A 00160

Larraine Granger, Esq.
47 West Polk Street, 3rd Floor
Chicago, IL 60605

Philip A. Igo, Esq.
221 North LaSalle Street, Suite 655
Chicago, IL 60601

Norman Newman, Esq.
191 North Wacker Drive, Suite 1800
Chicago, IL 60601

Ira Bodenstein
United States Trustee
227 West Monroe Street
Suite 3350
Chicago, IL 60606

AO 72A