# EXHIBIT 3

**MPR Law Practice, P.C.**
43 Powder Horn Road
Cortlandt Manor, NY 10566

MARTIN P. RUSSO, Esq.                                                                                           (914) 739-6000

June 30, 1998

<u>By Facsimile and U.S. Mail</u>

Mike S. Edmiston, Esq.
NASD Regulation, Inc.
300 South Grand Avenue, Suite 1620
Los Angeles, California 90071

Re:    <u>Fiero Brothers, Inc. v. Waldron & Co., Inc., et al., 98-00587</u>

Dear Mr. Edmiston:

    We represent Fiero Brothers, Inc. ("Fiero") in the above-captioned matter and write in opposition to Wedbush Morgan Securities, Inc.'s ("Wedbush") motion to dismiss or consolidate this matter with NASD Case No. 98-01150 (the "New York case"). In addition, we write to request that this panel order Wedbush and Waldron & Co. to respond to Fiero's information and document requests which now are more than two months overdue.

    Wedbush's motion is meritless and should be denied in its entirety. Ms. Eaton's assertions of "furtive" efforts is yet another disingenuous attempt by Wedbush to portray its victim – Fiero – as the wrongdoer. Fortunately, Wedbush's false accusations are both untrue and illogical. Fiero had no knowledge of the appointment of this panel when it filed the New York case. As Wedbush admits, Fiero filed the New York case on March 26, 1998 – the same day that the notice of appointment of this panel was executed and placed in the hands of the United States Postal Service. Fiero did not receive the notice until approximately five days later. Moreover, since the New York case was filed on March 26, my firm prepared the statement of claim several days prior – before the notice was executed.

    Even if Fiero had knowledge that a panel was appointed – which Fiero denies – it nevertheless would have filed the New York case. If Fiero's goal was to amend its claim in this action – which Fiero denies – it would not have incurred $3,000+ in NASD deposits, fees and surcharges simply to avoid filing a motion. Rather, Fiero would have moved this panel to allow it to amend its claim to include the new injury which occurred just seven days prior. Surely, the panel would have consented to such a motion given that it had been enpaneled for less than one day and would suffer no prejudice. Motions for leave to amend the statement of claim routinely and frequently are granted.

F 002773

**MPR Law Practice, P.C.**

Mike S. Edmiston, Esq.
June 30, 1998
Page 2

    Fiero chose not to amend its statement of claim in this matter because the New York case is separate and distinct. Contrary to Ms. Eaton's assertions, the New York case involves only Fiero and Wedbush – not Waldron & Co., Cery Perle, Ed Harris, Ed Wedbush. Despite warnings from NASD Regulation, Inc., Wedbush conducted an above-market buy-in of Fiero and others on March 19, 1998 at prices $12.75 above the market price at which other buy-ins simultaneously were conducted. The operative facts of the New York Case do not involve the same respondents as this matter; rather, they only involve the narrow issue of Wedbush's conduct. Since Fiero is situated in New York and Wedbush has an office in New York, it made sense for Fiero to file its case in New York. Indeed, there is no reason why Fiero should be burdened by the expense of litigating the New York case in California when both Fiero and Wedbush have offices in New York.

    Wedbush's collateral estoppel argument is meritless. Since arbitration rulings have no precedential authority and the New York case involves different issues of operative fact there can be no collateral estoppel. Moreover, arbitration decisions most often do not contain a written discussion of the grounds upon which decisions are issued and, therefore, likely would not even present a ground for an estoppel argument. Accordingly, there would be no delay due to collateral estoppel issues. Rather, it is Wedbush that has delayed the New York case by failing to answer the statement of claim for more than two months (during which time it would have made this motion if it was acting in good faith).

    Based on the foregoing, Wedbush's motion should be denied in its entirety. In addition, we request that this panel order Wedbush and Waldron & Co. to respond to Fiero's information and document requests which now are more than two months overdue.

                                        Sincerely,

                                        Martin P. Russo

cc:    Marie Eaton (by mail)
        H. Thomas Fehn, Esq. (by mail)

F 002774