# EXHIBIT 4

# FIELDS, FEHN & SHERWIN
### ATTORNEYS
11755 WILSHIRE BOULEVARD, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90025
310/473-0338

ELIZABETH LOWERY

August 5, 1998

Panel Members
c/o NASD, Inc.

    Re: **Fiero Brothers, Inc. v. Waldron & Co., Inc. et. al.**
        NASD Case #98-00587
        Our file no. 3112.019

Dear Panel Members:

    Respondents Waldron & Co., Cery Perle and Ed Harris agree with all of the arguments set forth in Wedbush's Motion to Stay. However, we believe that a different remedy is appropriate. Fiero's claims should be dismissed, not stayed.

    Fiero's first cause of action alleges Respondents violated Rule 11810(c)(1)(C) of the NASD Uniform Practice Code. This claim is specious because their is no private right of action for such a violation. Therefore, Claimant lacks the requisite standing to assert this claim and it must be dismissed. Moreover, Fiero chose not to take advantage of its obvious remedies – not to short IBUY or to arrange deliverability of the stock it shorted and thus avoid the noticed and "blind" buy-ins. Instead, Fiero insisted on opening one short position after another after it believed the market was manipulated. It is disingenuous at best for Fiero to assert a cause of action for which it has no standing in its efforts to seek reimbursement for a market risk it _knowingly_ assumed.

    The second cause of action is for alleged violations of 10b-5. Such a claim under Federal Securities laws requires that the fraud be described with particularity – furthermore the NASD Code requires that the Statement of Claim set forth all relevant facts. Fiero has not met this requirement. Fiero has described many every day, legal occurrences as though they are sinister. For example, Fiero states that many of Waldron's customers owned a position in IBUY. This is normal especially since Waldron was an underwriter for the IPO. While Fiero has alleged stock parking by Waldron in many of its customers' accounts, Fiero has failed to identified a single customer for whom or one instance where an alleged unauthorized purchase IBUY occurred. Fiero's deficiencies not only deprive Respondents of the notice required by due process and particularity required by 10b-5, but also highlights the meritless nature of these claims.

F 001611

Panel Members
c/o NASD, Inc.
August 5, 1998
Page 2

    As previously stated, it is our position that Fiero is bringing this action for the improper purpose of obtaining Respondents proprietary information - customer's identity, financial information contained in the focus reports etc. - which will arm Fiero with a market advantage. Such a drastic measure is necessary because the other tactics in Fiero's "bear raid" on Waldron have not been as successful as they were against Hanover Sterling.

                                  Very truly yours,

                                  FIELDS, FEHN & SHERWIN

                                  ELIZABETH LOWERY

EL:tk

cc:  Waldron & Company
      Mr. Cery Perle
      Mr. Ed Harris
      Martin Russo, Esq.
      Ms. Marie Eaton
      Key West Securities, Inc.