# EXHIBIT 12



**Shopping**
.com

*VIA FACSIMILE*

March 9, 1998

Mr. Sandy Greenberg
Chatfield, Dean
7935 E. Prentice Avenue
Englewood, Colorado 80111

      Re:   Shopping.com, Inc.

Dear Mr. Greenberg:

      Let this letter confirm and respond to our telephone conversations the afternoon of March 6, 1998 as well as this morning with regard to Shopping.com, Inc. (the "Company").

      Our conversation of March 6th followed a discussion you had earlier in the day with Messrs. McNulty and Hay which evidently became a bit heated as a result of some of the issues raised and facts which had you posited. We trust this letter will adequately answer some of the questions asked and address the matters for which comment is sought. Specifically, you have requested that Shopping.com respond to the following which you stated on March 6th were facts and a matter of record:

1.    That Robert J. McNulty recently "disposed" of 825,000 shares of common stock of Shopping.com to Gunn, Allen.

      This "fact" is false. Mr. McNulty has not disposed of any shares of common stock. Indeed, Mr. McNulty currently beneficially owns 1,110,000 shares of common stock. When pressed about the source of this information this morning, you faxed a documents entitled "Shopping.com President, CEO, Director and 10 Percent Owner Files SEC Form 4" which you believe confirms the disposal of Mr. McNulty's shares. For your edification, the "disposal" of Mr. McNulty's shares simply reflects the reduction of his equity position as a result of a stock split. This information is clearly stated on the Form 4 which is a matter of public record and easily available had you taken the opportunity to obtain a copy. So that there will be no misunderstanding, a copy of the Form 4 referenced in the document you faxed this morning is transmitted herewith.

2.    That Mark Winkler (which changed this morning to Doug Hay) owned 75,000 share of common stock of Shopping.com and recently "disposed" of all of his shares as well.

      This "fact" is false. Neither Mr. Winkler nor Mr. Hay has ever owned 75,000 shares of common stock. To the contrary, Mr. Hay owns 70,000 shares and Mr. Winkler 25,000 shares. To date, both gentlemen have not sold any of their stock holdings. Messrs. Hay and Winkler's Form 4 filings confirming the same and that the "disposal" was to ensure accurate reporting of the circumstances following the stock split are also transmitted herewith.

3.    That there are approximately Eight to Nine Million (8,000,000-9,000,000) shares of Shopping.com common stock outstanding.

      This "fact" is false. There are currently 4,002,000 shares of common stock outstanding as of this date. In addition, there are 1,348,000 warrants and 250,000 options issued and outstanding.

**F 007441**

(37)

P.03                          7145527105B                    03-09-1998 05:06PM

Mr. Sandy Greenberg
March 9, 1998
Page Two

During the course of our discussion this morning, you made a number of startling statements which are of grave concern. At one point, you stated that certain evidence creates an inference that there has been a "criminal manipulation" of Shopping.com's stock. Needless to say, such accusations go far beyond fair comment and had better be grounded in fact, not fiction. When asked to describe the evidence supporting this irresponsible claim, you identified essentially two issues. First, that Ms. Pamela Constantino of Wall Street Relations had received a "gift" of common stock from Shopping.com. Once again, this information is inaccurate. We have confirmed that as of this date, Wall Street Relations is not a shareholder based upon a review of the Company's records. If Wall Street Relations exercised the good judgment of purchasing shares of the Company on the open market at the time of the initial public offering, the transaction has not been reported to the Company.

The other "fact" which you believe purportedly supports the serious accusations Chatfield, Dean has leveled against the Company is based upon a quote from Mr. McNulty who supposedly said in a press release that Shopping.com's recent marketing agreement with EnPointe will create a "stronger hold" on the billion dollar office products market. Evidently, you construe the phrase "stronger hold" to mean that the Company has claimed to have a strong hold on the existing office products market which you stated is not true. We do not subscribe to this interpretation and believe that an intelligent individual will be able to distill the relatively straightforward concept that increasing ones marketing force should ultimately increase market share.

In any event, we are extremely disturbed about there being any suggestion anywhere in the marketplace that the Company is involved in any actionable conduct, criminal or otherwise, and strongly suggest that careful consideration be given before any such statements are made in the future. We are further concerned by the recent information we received from Thomas Fehn, Esq., counsel for Waldron & Company, who advises that the source of much of the inaccurate information about the Company may have been a colleague of yours who has been shorting the stock for some time and is look for a way to recoup the significant losses he recently sustained. Needless to say, should such a link be established, the Company will have no choice but to vigorously protect its rights.

Notwithstanding the foregoing and without a waiver of any of Shopping.com,'s rights all of which are hereby expressly reserved, we appreciate your closing comment this morning that our willingness to respond to your inquiries has gone a long way to establish a more favorable perspective of the Company. We also appreciate your invitation to forward a draft of your evaluation before publication. While we will be quite interested in reviewing the analysis and note that you indicated that Chatfield, Dean would wait a reasonable time for the Company to comment, this letter shall confirm that it is the Company's position that the lack of a response shall not be deemed an acknowledgment, implicitly or otherwise, of the truth or accuracy of the information contained in Chatfield, Dean's report.

We trust you will carefully consider the situation.

Very truly yours,

Mark V. Asdourian
Legal Counsel

MVA/az
cc:     Robert J. McNulty
        Doug Hay
        Thomas Fehn, Esq.
        Kerry Pearl
        Pamela Constantino

**F 007442**

(38)