# EXHIBIT 20



Home | Previous Page

**U.S. Securities and Exchange Commission**

**Securities and Exchange Commission**

**17 CFR PARTS 240 and 242**

**[Release No. 34-48709; File No. S7-23-03]**

**RIN 3235-AJ00**

**Short Sales**

**Agency:** Securities and Exchange Commission.

**Action:** Proposed rule.

**Summary:** The Securities and Exchange Commission (Commission) is publishing for public comment new Regulation SHO, under the Securities Exchange Act of 1934 (Exchange Act), which would replace Rules 3b-3, 10a-1, and 10a-2. The Commission is also proposing amendments to Rule 105 of Regulation M. Proposed Regulation SHO would, among other things, require short sellers in all equity securities to locate securities to borrow before selling, and would also impose strict delivery requirements on securities where many sellers have failed to deliver the securities. In part, this action is designed to address the problem of "naked" short selling. Proposed Regulation SHO would also institute a new uniform bid test allowing short sales to be effected at a price one cent above the consolidated best bid. This test would apply to all exchange-listed securities and Nasdaq National Market System Securities (NMS Securities), wherever traded.

We are also seeking comment on a temporary rule that would suspend the operation of the proposed bid test for specified liquid securities during a two-year pilot period. The temporary suspension would allow the Commission to study the effects of relatively unrestricted short selling on market volatility, price efficiency, and liquidity.

**Dates:** Comments must be received on or before January 5, 2004.

**Addresses:** To help us process and review your comments more efficiently, comments should be sent by hard copy or e-mail, but not by both methods. Comments sent by hard copy should be submitted in triplicate to Jonathan G. Katz, Secretary, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0609. Comments also may be submitted electronically at the following E-mail address: rule-comments@sec.gov. All comment letters should refer to File No. S7-23-03. Comments submitted by E-mail should include this file number in the subject line. Comment letters received will be available for public inspection and copying in the Commission's Public Reference Room, 450 Fifth Street, NW, Washington, DC 20549. Electronically submitted

[36] See NYSE Rule 440C.10.

[37] "Such assurances include knowledge that the security is available for borrowing, conversion privileges, rights exercise, and the like. One test of reasonableness in short sales against convertible securities, rights and merger securities is whether the security needed for delivery can be exchanged in normal transfer time. A firm that normally relies on the stock loan market without advance borrowing can demonstrate compliance by switching to prior borrowing whenever the stock borrowing market in a particular security becomes tight." NYSE Rule 440C.10 Interp. /01. See also NYSE Information Memo 91-41 (providing further information regarding compliance with Rule 440C.10).

[38] Id.

[39] See NASD Rule 3370.

[40] According to the rule, the manner by which a member or person associated with a member annotates compliance with the affirmative determination requirement is to be decided by each member. Members may rely on "blanket" or standing assurances (i.e., "Easy to Borrow" lists) that securities will be available for borrowing on settlement date. For any short sales executed in Nasdaq National Market ("NNM") or exchange-listed securities, members also may rely on "Hard to Borrow" lists indicating NNM or listed securities that are difficult to borrow or unavailable for borrowing on settlement date provided that: (i) any securities restricted pursuant to NASD Rule 11830 must be included on such a list; and (ii) the creator of the list attests in writing on the document or otherwise that any NNM or listed securities not included on the list are easy to borrow or are available for borrowing. Members are permitted to use Easy to Borrow or Hard to Borrow lists provided: (i) the information used to generate the list is no less than 24 hours old; and (ii) the member delivers the security on settlement date. Should a member relying on an Easy to Borrow or Hard to Borrow fail to deliver the security on settlement date, the NASD deems such conduct inconsistent with the terms of Rule 3370, absent mitigating circumstances adequately documented by the member. See NASD Rule 3370(b)(4)(C).

[41] See NASD Notice to Members 99-98.

[42] NASD IM-3350 contains language specifying what type of activity does not constitute bona fide market making: "Bona fide market making activity does not include activity that is unrelated to market making functions, such as index arbitrage and risk arbitrage that is independent from a member's market making functions...." IM-3350(a)(2). "Similarly, bona fide market making would exclude activity that is related to speculative selling strategies of the member or investment decisions of the firm and is disproportionate to the usual market making patterns or practices of the member in that security. The Association does not anticipate that a firm could properly take advantage of its market maker exemption to effectuate such speculative or investment short selling decisions. Disproportionate short selling in a market making account to effectuate such strategies will be viewed by the Association as inappropriate activity that does not represent bona fide market making and would therefore be in violation of Rule 3350." IM-3350(a)(3).

The NASD has instituted disciplinary actions against broker-dealers that the NASD found were abusing the exemption provided for bona-fide market making transactions. *See, e.g.*, Hearing Panel Decision as to Respondents John Fiero and Fiero Brothers, Inc. (December 6, 2000) (decision affirmed by the National Adjudicatory Council on October 28, 2002); *see also* John Emshwiller, *NASD Moves to Bar Short Seller Fiero, Citing Alleged Manipulation of Stocks*, WSJ (January 9, 2001).

[43] NASD Rule 3370(b)(5) provides guidelines in determining the availability of the exemption for "bona-fide fully hedged" and "bona-fide fully arbitraged" positions.

[44] With respect to foreign securities, if the member has a fail to deliver in that security 90 days or older (except American Depositary Receipt and Canadian securities, which shall be subject to the 60 day provision).

[45] Some commenters to the Concept Release supported a single, workable approach to locating securities for borrowing before effecting short sales. *See* letter from Wilkie, Farr & Gallagher (488) (writing on behalf of Bear, Stearns & Co., Inc.; Credit Suisse First Boston Corp.; Deutsche Bank Securities, Inc.; JP Morgan Securities Inc.; PaineWebber Inc.; Prudential Securities Inc.; and Warburg Dillon Read LLC.).

[46] *See* paragraph (b), Rule 203 of proposed Regulation SHO.

[47] We are interested in receiving comment on the manner in which persons could satisfy the "reasonable grounds" determination in the proposed rule. As noted above, the current SRO rules generally defer to members to decide the manner of compliance, and permit members to rely on blanket assurances that stock is available for borrowing, *i.e.*, "hard to borrow" or "easy to borrow" lists. *See, supra* n. 40. We specifically request comment on whether this present method of compliance provides an accurate assessment of the current lending market in a manner that would not impede liquidity and the ability of market participants to establish short positions, while at the same time guarding against the noted problems inherent with large extended settlement failures.

[48] *See, e.g., Ko Securities, Inc. and Terrance Y. Yoshikawa*, Securities Exchange Act Release No. 48550 (September 26, 2003) (holding that an affirmative determination must be made before the securities are sold short regardless of whether the short seller repurchases securities on the same day).

[49] The exemption for bona-fide market making activities would exclude activity that is related to speculative selling strategies or investment decisions of the broker-dealer or associated person and is disproportionate to the usual market making patterns or practices of the broker-dealer in that security.

[50] The National Securities Clearing Corporation (NSCC) currently tracks this information on fails to deliver and provides it to Nasdaq for purposes of administering NASD Rule 11830. Thus, we do not believe that the threshold proposed here would impose unduly burdensome data collection requirements.