DARRELL PALMER (125147)
Law Offices of Darrell Palmer
603 N. Hwy 101, Suite A
Solana Beach, CA 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Defendant, CERY B. PERLE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CERY B. PERLE,<br><br>      Debtor,<br>_____<br><br>ALFONSO FIERO, an individual, as Assignee of the Judgment issued April 6, 1999 in favor of Judgment Creditor FIERO BROTHERS, INC., Assignor, pursuant to the Assignment dated March 1, 2006,<br><br>      Plaintiff,<br><br>  vs.<br><br>CERY B. PERLE<br><br>      Defendant<br>_____ | Case No.: LA 01-26497-BB<br><br>ADV06-01971BB<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: December 17, 2009<br>Time: 2:00 p.m.<br>Place: Courtroom 1475<br>Judge: Hon. Sheri Bluebond |

1

## INTRODUCTION

Defendant Cery B. Perle seeks summary judgment because Plaintiff's assignee Fiero Brothers, Inc. ("Fiero Brothers") had notice of Defendant's bankruptcy, but failed to bring a timely adversary proceeding. Defendant asserts the expiration of the statute of limitations and the doctrine of laches. Plaintiff opposes the summary judgment claiming that: (a) Defendant did not identify Fiero Brothers by name on his schedule and creditor's matrix; and (b) although notice of bankruptcy was sent to Fiero Brothers' attorney, such notice does not impute notice to Fiero Brothers.

Notices in bankruptcy are sent by the court or the trustee based on the information provided by the debtor. Case law holds that even if a debt is not properly scheduled, notice sent to a creditor's attorney imputes notice to the creditor. Plaintiff ignores this well established position. Also, other than the self serving declaration of John Fiero, Plaintiff has not introduced any evidence to refute the presumption that Fiero Brothers received notice of Defendant's bankruptcy. For instance, there is no declaration from Attorney Russo, the person to whom the notice was sent. Instead of providing evidence relevant to his claims, Plaintiff attempts to confuse the issues by presenting this court with irrelevant information and documents. The fact that Defendant previously filed bankruptcy even before Fiero Brothers received the underlying judgment or the other NASD decisions against Defendant is completely irrelevant to the facts under consideration here. The relevant facts and evidence establish that Attorney Russo had notice of Defendant's bankruptcy. Indeed, it is disingenuous for Plaintiff to claim notice sent to Attorney Russo is not sufficient where Attorney Russo was Fiero Brothers' agent for service of process, ie., the person who Fiero Brothers presented to the public as the person authorized to receive notice on its behalf. Under the circumstances, Fiero Brothers sat on its rights and cannot now bring this action.

///

## ARGUMENT

Defendant argues as follows: (1) Plaintiff has not produced any evidence to rebut the presumption that attorney Russo received notice of Defendant's bankruptcy; (2) Attorney Russo was the appropriate person to receive notices on behalf of Fiero Brothers, such that notice to Fiero Brothers can be imputed; (3) Plaintiff has not met his burden re doctrine of laches.

### I.

### PLAINTIFF'S ACTION IS BARRED BY THE STATUTE OF LIMITATIONS

### A.   IMPROPER SCHEDULING OF THE DEBT DOES NOT AFFECT DEFENDANT'S RIGHT TO A DISCHARGE

Plaintiff argues that Defendant allegedly failed to properly schedule the debt owed to Fiero Brothers and therefore the notice sent to Attorney Russo was not sufficient. However, it is well settled that failure to schedule a debt does not in preclude the debtor from receiving a discharge of a debt where the creditor had notice of the bankruptcy. Such is the case here.

Generally, "[a] debt is excepted from discharge if it was not scheduled in time to permit timely action by the creditor to protect the creditor's rights, *unless the creditor had notice or actual knowledge of the case*." [Emphasis Added] *In re Lyman*, 166 B.R. 333, 335 (Bkrtcy.S.D.Ill., 1994) citing 3 Collier on Bankruptcy, ¶ 523.12 [2] at 523.13 (15th Ed., 1993). It has been held that an unscheduled debtor with actual knowledge of a pending bankruptcy is on sufficient notice as to be barred from filing a late complaint seeking non-dischargeability of a claim, regardless of whether or not he received notices in the bankruptcy. *Lompa* v. *Price* (In re Price), 871 F.2d 97 (9th Cir. 1989). For instance, in *Lompa* v. *Price*, the court found that the failure of the debtor to list the creditor did not relieve creditor of his obligation to take timely action to protect his claim, "the statutory language clearly contemplates that mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent

fates." Citing *Neely* v. *Murchison*, 815 F.2d 345, 347(5th Cir., 1987).  This rule also applies even if the creditor is not listed on the creditor's matrix. *Matter of Adams*, 734 F.2d 1094, 1098 (5th Cir., 1984).  Thus, in order to receive a discharge of the debt owed to Fiero Brothers, all Defendant needs to show is that Fiero Brothers had notice of his bankruptcy.

Here, Attorney Russo was informed of Defendant's bankruptcy when the notice was sent to him.  What is contemplated by the statute (section 523) is that a creditor receive notice with sufficient time to file an adversary complaint.  As argued in the moving papers and below, Fiero Brothers were on notice, but failed to bring a timely complaint.  Therefore, Plaintiff's complaint is barred by the statute of limitations.

**B.   ATTORNEY RUSSO WAS THE APPOPRIATE PERSON TO RECEIVE NOTICE ON FIERO BROTHERS' BEHALF.**

Notice of Defendant's bankruptcy was sent to Fiero Brothers' agent for service of process who was also the attorney in the underlying arbitration.  Plaintiff argues that the notice[1] sent to Attorney Russo was not received by him and since Attorney Russo allegedly did not represent Fiero Brothers, no notice to Fiero Brothers can be imputed.  This argument is baseless because during the operative time Attorney Russo was Fiero Brothers attorney and agent for service of process.

Service on a corporation's agent is notice to the corporation.  FRCP 4(h)(1)(B); *U.S. Commodity Futures Trading Com'n* v. *Khanna*, 2009 WL 3415352; *Fashion Page, Ltd.* v. *Zurich Ins. Co.*, 50 N.Y.2d 265, 272.  In the context of bankruptcy, Federal Rules of Bankruptcy Procedure Rule 7004(b)(7) also provides that service on a domestic corporation can be effected by service on its legally appointed agent.

Between August 2000 and August 2004, Attorney Russo was Fiero Brothers' agent for service of process—the person designated by the corporation to receive notice on its

---

[1] Defendant was not able to provide this court with a copy of the certificate of mailing of the notice because this document is not available on the court's website.  However, the court's records indicate that the notice was mailed.  This court can take judicial notice of its own records.

4

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

behalf. By filing the biennial corporate statement, Fiero Brothers informed the public that Attorney Russo was appointed to receive notice on its behalf. Plaintiff makes a feeble attempt to refute this evidence by claiming that Mr. Russo does not recollect being declared as Fiero Brothers' corporate agent. But his recollection is meaningless where publically available records contain this information. Accordingly, in May 2001, notice sent to Attorney Russo was proper to effect service on Fiero Brothers.

C. **PLAINTIFF'S EVIDENCE DOES NOT REBUT THE PRESUMPTION THAT ATTORNEY RUSSO RECEIVED NOTICE OF DEFENDANT'S BANKRUPTCY.**

When the court mails out a notice of bankruptcy there is a rebuttable presumption that it was received by the addressee. *In re Euston*, 120 B.R. 228, 230 (Bankr.M.D.Fla., 1990); *In re Botello*, 86 Fed. Appx. 330; *Lewis* v. *United States*, 144 F.3d 1220. Plaintiff accepts this legal standard and attempts to refute the assumption. However, as argued below, Plaintiff's evidence is not sufficient to rebut the presumption.

Opining on the standard of evidence required to refute the presumption, courts have stated that merely denying that one received the notice is not sufficient, "If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled. For this reason, an allegation that no notice was received does not, by itself, rebut the presumption of proper notice." *In re American Properties*, 30 B.R. 247, 250 (Bankr.D.Kan.1983); *In re Ricketts*, 80 B.R. 495, 497.

Here, Plaintiff's evidence is simply an assertion that Attorney Russo did not receive the notice. Plaintiff claims that Attorney Russo did not receive notice because he moved in December 2000, a few months before the notice was sent. But, there are no records in this court's file that indicates that the mailed notice was returned. Any business person who moves office notifies the post office and has his mail forwarded. The post office will forward first class mail for one year. (Reply Exhibit 1.) Plaintiff

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

ignores this and provides no explanation as to why this normal business function of mail forwarding did not happen here.

Further, in May 2001, information available with the New York Secretary of State for Fiero Brothers lists Attorney Russo office address as "60 east 42nd Street, Suite 483, New York," the very same address listed by Defendant on the creditor's matrix and the address were the notice was sent. If there was any change in the address for the agent of service of process, it was Fiero Brothers' duty to update this information with the New York Secretary of State. It has been held that "a corporate creditor's insufficient internal procedures should not affect the debtor's right to a discharge." *In re Strong*, 64 B.R. 54, 57 (Bkrtcy.E.D.Tenn., 1986). Similarly, Defendant should not be penalized for Fiero Brothers' failure to update the address for service of process. Defendant acted in good faith when he listed Attorney Russo's address on the creditor's matrix.

Here, Plaintiff states a naked assertion that Attorney Russo did not receive the notice. Such an assertion is not sufficient to rebut the presumption that Attorney Russo received the notice and was therefore informed of Defendant's bankruptcy. Under the circumstances, Plaintiff does not have any evidence to rebut the presumption that Attorney Russo received the mailing informing Fiero Brothers about Defendant's bankruptcy. Notice can be imputed to Fiero Brothers.

## II.
## PLAINTIFF'S COMPLAINT IS BARRED BY THE DOCTRINE OF LACHES

Plaintiff has the burden to establish that there were exceptional circumstances that prevented Fiero Brothers from bring the action within the statutory time frame. "If the complaint reveals that the analogous statute of limitations has run, the burden is on the plaintiff to plead facts showing that exceptional circumstances prevented earlier action. The plaintiff also must rebut the presumption that defendant has been prejudiced by the delay." *Stevedoring Services* v. *Prudential Lines, Inc.* (1986) 181 Cal.App.3d 154, 160.

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff claims that Attorney Russo did not receive notice of Defendant's bankruptcy in May 2001. However, as argued above, it is abundantly clear that Fiero Brothers were appropriately served with the notice of Defendant's bankruptcy. Additionally, by Plaintiff's own admission, Attorney Russo was aware of Defendant's bankruptcy at least on November 2, 2001. (Plaintiff's opposition, p. 5; lns 6-22.) Therefore, in the very least, Fiero Brothers should have filed this adversary proceeding in November 2001 when it received notice. However, plaintiff did not file this action until October 2006. Plaintiff has not provided this court with any facts to show that "exceptional circumstances" prevented Fiero Brothers from filing this action earlier. Under the circumstances, Plaintiff has not provided this court with any evidence to meet its burden. Therefore this adversary proceeding is barred by the doctrine of laches.

Dated: December 7, 2009 _____/s/ Darrell Palmer_____
Darrell Palmer, Attorney for Defendant

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## Certificate of Service

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Court, Central Division, by using the U.S. Bankruptcy Court's CM/ECF system on December 7, 2009.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the U.S. Bankruptcy Court's CM/ECF system.

Dated: December 7, 2009                    _____/s/ Darrell Palmer_____
                                                    Darrell Palmer, Attorney for Defendant

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT