FILED & ENTERED

FEB 01 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

1  Leslie Schwaebe Akins (SBN 138678)
   LESLIE SCHWAEBE AKINS, A.L.C.
2  7157 Argonauta Way
   Carlsbad, CA 92009
3  Tel: 760-931-2920
   Fax: 760-603-0547
4
5  Attorney for Plaintiff,
   Alfonso Fiero

**UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re | CASE NO. LA 01-26497-BB |
| CERY BRADLEY PERLE, | [Chapter 7] |
| Debtor. | Adv. No. ADV-06-01971-BB |
| | The Honorable S. Bluebond - |
| ALFONSO FIERO, Plaintiffs, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| CERY BRADLEY PERLE, Defendant. | Date: December 17, 2009<br>Time: 2:00 p.m.<br>Place: Courtroom 1475<br>Judge: Hon. Sheri Bluebond |
| | DATE FILED: September 13, 2006<br>DISCOVERY CUT OFF: July 31, 2009<br>TRIAL DATE: None set |

After consideration of the papers in support of and in opposition to Defendant Cery Bradley Perle's Motion for Summary Judgment, and the oral argument of counsel, the Court determines that the following facts have been established as uncontroverted facts:

1

## UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. On February 17, 1998, Fiero Brothers, Inc. commenced an arbitration proceeding before the National Association of Securities Dealers ("NASD") against the debtor and others ("NASD Arbitration"). | Declaration of Cery Perle ("Perle Decl."), ¶ 3. |
| 2. Fiero Brothers received a $350,000 award ("NASD Award") against defendant. | Perle Decl., ¶3; Exhibit 1. |
| 3. On May 25, 2001, the debtor filed his voluntary Chapter 7 bankruptcy petition. | Perle Decl., ¶5. |
| 4) Exhibit 3 is the Creditor Matrix which states: *"Corsair Capital Partners MPR Law Practice 60 East 42ND Street, Suite 843 New York, NY 10165."* | Exhibit 3. |

| | |
|---|---|
| 5) "MPR Law Practice" had moved from "60 East 42ND Street, Ste 843, New York" in December 2000, approx. six months before Perle filed his bankruptcy action. | Exhibit 14, Russo depo: P.55:8-22. |
| 6) Martin Russo testified that he did not receive formal notice of the Perle bankruptcy. Instead, Mr. Russo testified that he was contacted by Jeff Scott asking that he co-counsel the Corsair and Alternative Investment's claim in adversary proceeding against Perle. That is how he first became aware of Perle bankruptcy. | Exhibit 14, Russo Depo. P.52:19-P53:19. |
| 7) Martin Russo's representation of Fiero Brothers with respect to the NASD Arbitration terminated in 1998. | John Fiero Affidavit ("Fiero Aff."), ¶ 3. |
| 8) Martin Russo was not retained by Fiero Brothers to file an action in California to confirm the NASD Arbitration Award, or to obtain the Judgment, or to collect on the Judgment | J. Fiero Aff., ¶ 3. |

3

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT

1  against Perle.

2

3  9)  On August 8, 2001, Jeff Scott, Esq.        Exhibit 28 (Perle Docket).
4  filed with this Court a Request for
5  Special Notice as Attorney for Corsair
6  Capital Partners, and Alternative
7  Investments, LP.

8

9  10)  On November 5, 2001, this court        Exhibit 20 and 27.
10  approved Mr. Russo's Application to
11  Associate Non-Resident Attorney in
12  Specific Action, which application was
13  filed November 2, 2001.

14

15  11)  The first date set for the first        Exhibit 4; Perle Decl., ¶7
16  meeting of creditors was June 29, 2001.

17

18  12)  Fiero Brothers did not file an        Perle Decl., ¶7.
19  adversary proceeding before the August
20  28, 2001 deadline.

21

22  13)  On February 12, 1998, Fiero        Perle Exhibit 1
23  Brothers filed a Statement of Claim.

24

25  14)  In August 2000, Fiero Brothers        Exhibit 9.

26                                    4

27  ────────────────────────────────────────
   FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DEFENDANT CERY PERLE'S MOTION FOR
28                          SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | filed with the State of New York a | |
| 2 | corporate biennial statement on which it | |
| 3 | identified the following name and | |
| 4 | address for its agent for service of | |
| 5 | process: MPR Law Practice P.C., 60 | |
| 6 | East 42nd Street, Suite 843, New York, | |
| 7 | NY 19165. | |
| 8 | | |
| 9 | 15)   In August 2002, Fiero Brothers | Exhibit 10. |
| 10 | filed with the State of New York a | |
| 11 | corporate biennial statement on which it | |
| 12 | identified the following name and | |
| 13 | address for its agent for service of | |
| 14 | process: MPR Law Practice P.C., 60 | |
| 15 | East 42nd Street, Suite 843, New York, | |
| 16 | NY 19165. | |
| 17 | | |
| 18 | 16)   Jeff Scott of Greenberg Traurig | Perle Exhibit 12, page 11. |
| 19 | signed and filed complaint. | |
| 20 | | |
| 21 | 17)   Martin Russo filed his Application | Exhibits 20 and 27. |
| 22 | of Nonresident Attorney to Appear in a | |
| 23 | Particular Action on November 2, 2001, | |
| 24 | which was approved by this Court on | |
| 25 | November 5, 2001. | |
| 26 | | |
| 27 | | |
| 28 | | |

18) Martin Russo did not receive formal notice of Perle bankruptcy. Instead, Mr. Russo testified that he was contacted by Jeff Scott to co-counsel Corsair claim in adversary proceeding against Perle, that is how he first became aware. — Exhibit 14, Russo Depo. P.52:19-P53:19.

19) Corsair's moving papers in support of the summary judgment, which were filed in August 2002, identifies Mr. Russo as its attorney. — Exhibit 13.

20) Fiero Brothers assigned the Judgment to Alfonso Fiero in March 2006. — Exhibit 22, John Fiero deposition, p. 52, lns. 1-3.

21) Fiero Brothers did not bring an adversary action before it assigned the claim to Alfonso Fiero. — Exhibit 22, John Fiero deposition, p. 52, lns. 1-16.

22) On May 9, 2000, Mr. Russo represented Corsair before the United States District Court, Central District of — Exhibit 16.

California.

The Court also determines that the following issues of fact have been determined as a matter of law:

1) Perle's identification of NASD/NASD Regulation, without reference to Fiero Brothers, Inc. ("Fiero Brothers"), the Fiero Brothers' NASD Arbitration, or to the NASD Arbitration case number, did not constitute sufficient notice of Fiero Brothers, as a creditor or the NASD Award as a debt of Defendant.

2. Perle's identification of "Corsair Capital Partners MPR Law Practice, 60 East 42nd Street # 843, New York, NY 100165" did not constitute notice to Martin Russo, Esq. for any creditor other than Corsair Capital Partners.

3. Martin Russo was not Fiero Brothers' authorized agent with respect to matters related to the enforcement and collection of the debt owed by Perle to Fiero Brothers in May 2001.

4. Even if Martin Russo had received notice of Perle's bankruptcy by August 28, 2001, said notice was not imputed to Fiero Brothers.

5. Martin Russo's notice of Perle's bankruptcy obtained on behalf of another creditor, can not be imputed to Fiero Brothers when Martin Russo's services with respect to Fiero Brothers' NASD Arbitration ended some three years earlier, and Mr. Russo was not retained for any post-arbitration activities related to confirming the NASD Arbitration Award into a Judgment, enforcing the Judgment or collecting on the Judgment to pursue the enforcement of  made with respect to another.

6. Cery Perle was obligated to disclose Fiero Brothers as a creditor and identify, at the very least, Fiero Brothers' California counsel.

7. Mr. Russo's representation of Fiero Brothers in matters unrelated to the NASD

1 | Arbitration or NASD Award is not sufficient to impute notice of the Perle bankruptcy to Fiero Brothers.

8. Fiero Brothers was informed of Cery Perle's bankruptcy sometime in or after 2005.

9. Fiero Brothers did not receive notice of Perle bankruptcy in time to file a complaint or in time to file a notice for extension of time.

10. Fiero Brothers has not been deprived of its constitutional rights of due process by Perle's failure to include Fiero Brothers as a creditor in his bankruptcy.

#####

DATED: February 1, 2010

United States Bankruptcy Judge

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT

In re: Cery Bradley Perle, Debtor

Alfonso Fiero, v. Cery B. Perle
Case Number LA 01-26497-BB
Adv. No. 06-01971 BB

**PROOF OF ELECTRONIC SERVICE**

STATE OF CALIFORNIA  )
                                          )
COUNTY OF SAN DIEGO  )

    I am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is P.O. Box 131253, Carlsbad, California 92013.

    On **December 29, 2009**, I served **[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in said action, by delivering it as follows:

  X   Service will be accomplished through an NEF for parties and counsel who are registered CM/ECF users.

| | |
|---|---|
| **Electronic Mail Notice List** | Darrell Palmer:   darrell.palmer@cox.net |
| **The following is the list of parties who are currently on the list to receive e-mail notices for this case.** | United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov |
| | Leslie S Akins:   lsa@stockmarketlaw.com |
| | Pamela Labruyere:   pamela@sgsslaw.com |

I Declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed **December 29, 2009**, at Carlsbad, California.

9

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____/s/ Megaen Ericson_____

Megaen Ericson

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT

| In re: Cery Bradley Perle | Case No: LA 01-26497-BB |
| | Adv. No. ADV-06-01971-BB |
| Debtor(s). | Chapter: 7 |

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  **[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of <u>December 29, 2009</u>, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

| **Electronic Mail Notice List** | Darrell Palmer:    darrell.palmer@cox.net |
| | United States Trustee (LA): |
| **The following is the list of parties who are currently on the list to receive e-mail notices for this case.** | ustpregion16.la.ecf@usdoj.gov |
| | Leslie S Akins:    lsa@stockmarketlaw.com |
| | Pamela Labruyere:    pamela@sgsslaw.com |

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                **F 9021-1.1**

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT

| In re: Cery Bradley Perle | Case No: LA 01-26497-BB |
| --- | --- |
| | Adv. No. ADV-06-01971-BB |
| Debtor(s). | Chapter: 7 |

**ADDITIONAL SERVICE INFORMATION** (if needed):

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                **F 9021-1.1**

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DEFENDANT CERY PERLE'S MOTION FOR SUMMARY JUDGMENT